IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC AND INTELLECTUAL VENTURES II LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**AT&T MOBILITY LLC;  SBC INTERNET SERVICES, INC.; T-MOBILE USA, INC.; NEXTEL OPERATIONS, INC.; AND SPRINT SPECTRUM L.P.,**<br><br>    **Defendants.** | **Civil Action No. _____**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual Ventures II LLC ("Intellectual Ventures II") for their Complaint against Defendants AT&T Mobility LLC ("AT&T Mobility"), SBC Internet Services, Inc. (d/b/a AT&T Entertainment Services, AT&T Internet Services, and Pacific Bell Internet Services) (AT&T Mobility and SBC Internet Services, Inc. collectively, "AT&T"); T-Mobile USA, Inc. ("T-Mobile"); Nextel Operations, Inc. ("Nextel"), and Sprint Spectrum L.P. d/b/a/ Sprint PCS ("Sprint PCS") (the previous two entities collectively, "Sprint") (all collectively, "Defendants") hereby allege as follows:

## PARTIES

1.     Intellectual Ventures I is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

2.     Intellectual Ventures II is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

3.      Defendant AT&T Mobility, LLC ("AT&T Mobility"), formerly named Cingular Wireless, LLC, is a Delaware limited liability company and a wholly-owned subsidiary of AT&T, Inc., with its principal place of business at 5565 Glenridge Connector, Atlanta, Georgia 30342.

4.      Defendant SBC Internet Services, Inc. ("SBC Internet") is a California corporation with a principal place of business at 1010 N. Saint Mary's St., San Antonio, Texas 78215. SBC Internet Services does business under at least the following names: AT&T Entertainment Services, AT&T Internet Services, and Pacific Bell Internet Services. SBC Internet Services is a wholly owned subsidiary of AT&T Inc.

5.      Defendant T-Mobile USA, Inc. ("T-Mobile") is a Delaware corporation, with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006.

6.      Defendant Nextel Operations, Inc. ("Nextel") is a corporation organized and existing under the laws of Delaware with its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

7.      Defendant Sprint Spectrum L.P. d/b/a/ Sprint PCS ("Sprint PCS") is a Delaware limited partnership with its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

## NATURE OF THE ACTION

8.      This is a civil action for the infringement of United States Patent No. RE41,490, United States Patent No. 5,790,793, United States Patent No. 8,078,200, United States Patent No. 7,450,957, United States Patent No. 5,768,509, United States Patent No. 6,115,737, United States Patent No. 5,339,352, United States Patent No. 5,960,032, United States Patent No. 6,131,032, United States Patent No. 6,170,073, United States Patent No. 7,496,674, United States Patent No. 5,557,677, United States Patent No. 6,977,944, United States Patent No. 7,136,392, and United States Patent No. 7,343,011 (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

2

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

10.     This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in this District in violation of 35 U.S.C. § 271 and have placed infringing products into the stream of commerce with the knowledge and/or understanding that such products are used and sold in this District.  These acts have caused and continue to cause injury to Intellectual Ventures I and II within the District.  Defendants derive substantial revenue from the sale of infringing services and products distributed within the District, and/or expect or should reasonably expect their actions to have consequences within the District, and derive substantial revenue from interstate and international commerce.

11.     The Defendants maintain places of business within the District from which they sell products or services to residents of the District.  Additionally, Defendants provide telecommunications services to customers through base stations, switching equipment and other components of their telecommunications networks, which are located in the District.

12.     Further, each of the following Defendants is subject to this Court's jurisdiction by virtue of their incorporation in Delaware and their availing themselves of the laws and protections of this district: AT&T Mobility LLC, T-Mobile USA, Inc., Nextel Operations, Inc., Sprint Spectrum L.P. d/b/a/ Sprint PCS.

13.     Venue is proper in this judicial district as to Defendants pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

14.     Paragraphs 1-13 are reincorporated by reference as if fully set forth herein.

15.     On August 10, 2010, United States Patent No. RE41,490 ("the '490 Patent"), titled "Transmission of Multimedia Messages Between Mobile Station Terminals," was duly and

3

lawfully issued by the United States Patent and Trademark Office ("PTO"). The '490 Patent is attached hereto as Exhibit A.

16.     Intellectual Ventures I owns all substantial right, title, and interest in the '490 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

17.     On August 4, 1998, United States Patent No. 5,790,793 ("the '793 Patent"), titled "Method and system to create, transmit, receive and process information, including an address to further information," was duly and lawfully issued by the PTO. The '793 Patent is attached hereto as Exhibit B.

18.     Intellectual Ventures I owns all substantial right, title, and interest in the '793 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

19.     On November 11, 2008, United States Patent No. 7,450,957 ("the '957 Patent"), titled "System and method for blocking the use of a service in a telecommunication system," was duly and lawfully issued by the PTO. The '957 Patent is attached hereto as Exhibit C.

20.     Intellectual Ventures I owns all substantial right, title, and interest in the '957 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

21.     On December 13, 2011, United States Patent No. 8,078,200 ("the '200 Patent"), titled "System and method for blocking the use of a service in a telecommunication system," was duly and lawfully issued by the PTO. The '200 Patent is attached hereto as Exhibit D.

22.     Intellectual Ventures I owns all substantial right, title, and interest in the '200 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

23.     On June 16, 1998, United States Patent No. 5,768,509 ("the '509 Patent"), titled "Short Message Server Without Local Customer Database," was duly and lawfully issued by the PTO. The '509 Patent is attached hereto as Exhibit E.

24.     Intellectual Ventures I owns all substantial right, title, and interest in the '509 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

25.     On September 5, 2000, United States Patent No. 6,115,737 ("the '737 Patent"), titled "System And Method For Accessing Customer Contact Services Over A Network," was duly and lawfully issued by the PTO. The '737 Patent is attached hereto as Exhibit F.

26.     Intellectual Ventures II owns all substantial right, title, and interest in the '737 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

27.     On August 16, 1994, United States Patent No. 5,339,352 ("the '352 Patent"), titled "Directory Assistance Call Completion Via Mobile Systems," was duly and lawfully issued by the PTO. The '352 Patent is attached hereto as Exhibit G.

28.     Intellectual Ventures II owns all substantial right, title, and interest in the '352 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

29.     On September 28, 1999, United States Patent No. 5,960,032 ("the '0032 Patent"), titled "High Speed Data Transmission Using Expanded Bit Durations in Multiple Parallel Coded Data Streams," was duly and lawfully issued by the PTO. The '0032 Patent is attached hereto as Exhibit H.

30.     Intellectual Ventures I is the exclusive licensee who possesses all substantial right, title, and interest in the '0032 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement. Defendants' infringement of the '0032 patent has caused Intellectual Ventures I to suffer constitutional injury.

5

31.     On October 10, 2000, United States Patent No. 6,131,032 ("the '1032 Patent"), titled "Method and Apparatus for Monitoring Users of a Communications System," was duly and lawfully issued by the PTO. The '1032 Patent is attached hereto as Exhibit I.

32.     Intellectual Ventures I owns all substantial right, title, and interest in the '1032 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

33.     On January 2, 2001, United States Patent No. 6,170,073 ("the '073 Patent"), titled "Method and Apparatus for Error Detection in Digital Communications," was duly and lawfully issued by the PTO. The '073 Patent is attached hereto as Exhibit J.

34.     Intellectual Ventures I owns all substantial right, title, and interest in the '073 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

35.     On February 24, 2009, United States Patent No. 7,496,674 ("the '674 Patent"), titled "System, Method, and Base Station Using Different Security Protocols," was duly and lawfully issued by the PTO. The '674 Patent is attached hereto as Exhibit K.

36.     Intellectual Ventures I owns all substantial right, title, and interest in the '674 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

37.     On September 17, 1996, United States Patent No. 5,557,677 ("the '677 Patent"), titled "Method and arrangement for communication of information," was duly and lawfully issued by the PTO. The '677 Patent is attached hereto as Exhibit L.

38.     Intellectual Ventures I owns all substantial right, title, and interest in the '677 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

39.     On December 20, 2005, United States Patent No. 6,977,944 ("the '944 Patent"), titled "Transmission protection for communications networks having stations operating with

6

different modulation formats," was duly and lawfully issued by the PTO.  The '944 Patent is attached hereto as Exhibit M.

40.     Intellectual Ventures I owns all substantial right, title, and interest in the '944 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

41.     On November 14, 2006, United States Patent No. 7,136,392 ("the '392 Patent"), titled "System and method for ordering data messages having differing levels of priority for transmission over a shared communication channel," was duly and lawfully issued by the PTO. The '392 Patent is attached hereto as Exhibit N.

42.     Intellectual Ventures I owns all substantial right, title, and interest in the '392 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

43.     On March 11, 2008, United States Patent No. 7,343,011 ("the '011 Patent"), titled "System and method for ordering data messages having differing levels of priority for transmission over a shared communication channel," was duly and lawfully issued by the PTO. The '011 Patent is attached hereto as Exhibit O.

44.     Intellectual Ventures I owns all substantial right, title, and interest in the '011 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

## FACTUAL BACKGROUND

### Intellectual Ventures

45.     Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000.  Since its founding, Intellectual Ventures has been deeply involved in the business of invention.  Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities, and other institutions.  A significant aspect of

7

Intellectual Ventures' business is managing the plaintiffs in this case, Intellectual Ventures I and II.

46.     Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, a frequently difficult task for individual inventors.  To date, Intellectual Ventures has built a portfolio of more than 35,000 assets and more than 3,000 of those patents and patent applications are the result of Intellectual Ventures' own invention efforts, both in-house and with Intellectual Ventures' inventor network.  Intellectual Ventures has paid individual inventors more than $400 million for their inventions.  Intellectual Ventures, in turn, has earned more than $2 billion by licensing these patents to some of the world's most innovative and successful technology companies who continue to use them to make computer equipment, software, semiconductor devices, consumer products, and a host of other products.

47.     Intellectual Ventures also develops its own inventions.  Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures also has invested in laboratory facilities to assist with the development and testing of new ideas.

48.     Intellectual Ventures also develops inventions by collaborating with inventors and research institutions around the world.  For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas.

Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 3000 inventors worldwide.

## The National Telecommunications Network

49.    AT&T Mobility, LLC, T-Mobile USA, Inc., Sprint Spectrum L.P., and Nextel Operations, Inc. are in the business of selling and offering for sale mobile phones and wireless phone services to customers throughout the United States, including the state of Delaware.

50.    SBC Internet Services, Inc. provides wireless access to the Internet via certain AT&T high-speed Wi-Fi internet access points.

51.    Collectively, the Defendants have created an integrated national network for the provision of wireless telecommunication services to their customers. Through bilateral agreements, participation in standard bodies and cooperation in the adoption of compatible technology, the Defendants have created a national telecommunications network allowing customers of each Defendant to communicate with each other over a vast wireless network. The national wireless network is, in effect, one giant data communications network, from which each of the Defendants gains significant advantage and revenue.

52.    The Defendants have entered into a series of inter-carrier agreements through which they act as the agents for each other, and are contractually obligated to each other, in connection with the provision of wireless telecommunication services and have jointly created an infringing system. By way of example:

a.  AT&T Wireless, Cingular Wireless (on information and belief, entities which became AT&T Mobility), Nextel, Sprint PCS, and T-Mobile agreed to create a system for the transfer of MMS messages through a national inter-carrier system. An MMS message is a multimedia message, containing a picture, video or multimedia attachment, and which can be sent from a mobile phone to another mobile phone, and there are billions of such messages sent each year.

b. CTIA-The Wireless Association® is an international nonprofit membership organization that has represented the wireless communications industry since 1984. *See* http://www.ctia.org/aboutCTIA/ Pursuant to guidelines agreed to by the Defendants, they created a system to enable the transfer of "phone number addressed mobile-to-mobile MMS messages across participating wireless carrier networks in the U.S." Inter-Carrier MMS Messaging Guidelines, Feature Set & Interfaces, Revision: 1.0, Date: October 21, 2004 (attached as Exhibit P) at p.6.

c. As stated in the Inter-Carrier MMS Messaging Guidelines: "The purpose of MMS Interoperability is to ensure that carriers can pass mobile originated Multimedia Messages (MMS) across participating carriers' networks. The group's objective is to identify and define the involved interfaces, and to agree upon a common feature set that will be supported by all participating carriers." *Id.*

d. On July 7, 2005, T-Mobile USA Inc., Cingular Wireless L.L.C., and Sprint PCS announced that their networks were now MMS interoperable. "T-Mobile USA Inc. users can exchange pictures and video clips with subscribers of both Cingular Wireless L.L.C. and Sprint PCS, the three carriers announced." *See T-Mobile USA, Cingular make MMS interoperability announcements*, located at http://www.rcrwireless.com/article/20050707/sub/t-mobile-usa-cingular-make-mms-interoperability-announcements/ (attached as Exhibit Q).

e. In a press release on July 7, 2005 T-Mobile explained further the agreement with Sprint: "It's called Multimedia Messaging Services (MMS) interoperability. It allows T-Mobile and Sprint customers to send and receive picture messages across carriers." *See T-Mobile USA and*

*Sprint Make it a Snap for Customers to Share Pictures and Text Messages - Sprint and T-Mobile Customers can use Wireless Phones to Exchange Picture Messages*, T-Mobile press release, July 7, 2005, located at http://newsroom.t-mobile.com/articles/t-mobile-Sprint-MMS (attached as Exhibit R).

f.   Upon information and belief, AT&T on behalf of itself or for AT&T Mobility has agreed with the other wireless carrier defendants to deliver their MMS messages to AT&T customers pursuant to the CTIA Guidelines.

g.   The Defendants' adoption of the CTIA standard and their independent, bilateral agreements to transfer MMS messages amongst each other constitutes at least joint infringement, and the carriers act as agents for each other, and are contractually obligated to each other, in the transmission of inter-carrier MMS messages.  Each wireless carrier thus facilitates and encourages the others to engage in infringing acts in relation to the transfer of MMS messages.

53.    Upon information and belief, the carriers transfer traffic between each other, thereby acting as agents for the completion of calls pursuant to their contractual obligations in their roaming agreements.  In particular, upon information and belief, starting at least as early as April 2003, T-Mobile and AT&T entered into one or more roaming agreement which allow T-Mobile wireless customers to complete calls through the AT&T network, and AT&T customers to complete calls through the T-Mobile wireless network.  Each wireless carrier which completes calls for the other acts an agent for the other, and fulfills their contractual obligations, in completing the calls.

54.    Upon information and belief, the Defendants share amongst each other phone numbers and identification information which allows them to identify whether a call originating

11

in one carrier's network is to be completed in another carrier's network and routing information which allows the smooth transfer of calls, SMS text messages and MMS messages between networks. Defendants update this information on a regular basis to insure the smooth transfer of calls between carriers.

55.     Upon information and belief, the Defendants have agreed bilaterally or through participation in standards bodies to use the patented technology of Intellectual Ventures in violation of the patent rights of Intellectual Ventures. Such conduct constitutes at least joint infringement. The extent to which compliance with such standards mandates infringement is a common issue of fact.

56.     The Defendants' infringing activity, as described more fully below, arises, at least in part, out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process, and questions of fact common to all defendants will arise in the action.

## COUNT I

**(AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's Infringement of the '490 Patent)**

57.     Paragraphs 1-56 are incorporated by reference as if fully restated herein.

58.     AT&T Mobility, T-Mobile, Nextel, and Sprint PCS, either alone or in conjunction with others, have infringed the '490 Patent, literally and/or under the doctrine of equivalents, by using or performing one or more of the method claims without authority and in violation of 35 U.S.C. § 271. Among the infringing services are AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's wireless messaging services, including wireless messaging services that use email messages to encapsulate multimedia messages for transfer between carriers.

59.     The '490 Patent, covers, among other things, a method for the transfer of MMS messages between carriers, and the creation of an apparatus consisting of collaborative inter-carrier messaging servers at different carriers. Upon information and belief, the Defendants have

agreed bilaterally through contract and through participation in standards bodies to use the

patented technology in violation of the patent rights of Intellectual Ventures I. Further,

Defendants act as the agents for each other, pursuant to contractual obligations, in transferring

MMS messages over the national inter-carrier MMS messaging network. Such conduct

constitutes, among other things, joint infringement.

60.     Intellectual Ventures I has suffered damage as a result of AT&T Mobility's, T-

Mobile's, Nextel's and Sprint PCS's infringement of the '490 Patent.

**COUNT II**

**(AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's Infringement of the '793 Patent)**

61.     Paragraphs 1-60 are incorporated by reference as if fully restated herein.

62.     AT&T Mobility, T-Mobile, Nextel, and Sprint PCS, either alone or in conjunction

with others, have infringed the '793 Patent, literally and/or under the doctrine of equivalents, by

using or performing one or more of the method claims without authority and in violation of 35

U.S.C. § 271. Among the infringing services are AT&T Mobility's, T-Mobile's, Nextel's and

Sprint PCS's wireless messaging services, including  wireless messaging services that create an

address, such as a URL, for each MMS message and include the automated transfer of messages

from an MMS server to a mobile unit. Defendants act as the agents for each other, pursuant to

contractual obligations, in transferring MMS messages over the national inter-carrier MMS

messaging network.

63.     Upon information and belief, the Defendants have agreed bilaterally through

participation in standards bodies to use the patented technology in violation of the patent rights

of Intellectual Ventures I. Such conduct constitutes, among other things, joint infringement.

64.     Intellectual Ventures I has suffered damage as a result of AT&T Mobility's, T-

Mobile's, Nextel's and Sprint PCS's infringement of the '793 Patent.

**COUNT III**

**(AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's Infringement of the '957 Patent)**

13

65.     Paragraphs 1-64 are incorporated by reference as if fully restated herein.

66.     AT&T Mobility, T-Mobile, Nextel, and Sprint PCS, either alone or in conjunction with others, have infringed the '957 Patent, literally and/or under the doctrine of equivalents, by using or performing one or more of the method claims without authority and in violation of 35 U.S.C. § 271. Among the infringing services are AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's wireless messaging services, including wireless messaging services that block SMS and MMS messages based on the sender's phone number.

67.     Upon information and belief, the Defendants share amongst each other phone numbers and identification information which allows them to identify whether a call originating in one carrier's network is to be completed in another carrier's network and facilitates the blocking of calls using the technology claimed in the '957 Patent. Through this cooperation, the Defendants enable customers on one network to block calls originating on another network.

68.     Intellectual Ventures I has suffered damage as a result of AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's infringement of the '957 Patent.

## COUNT IV

### (AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's Infringement of the '200 Patent)

69.     Paragraphs 1-68 are incorporated by reference as if fully restated herein.

70.     AT&T Mobility, T-Mobile, Nextel, and Sprint PCS, either alone or in conjunction with others, have infringed the '200 Patent, literally and/or under the doctrine of equivalents, by using or performing one or more of the method claims without authority and in violation of 35 U.S.C. § 271. Among the infringing services are AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's wireless messaging services, including wireless messaging services that block SMS and MMS messages based on the sender's phone number.

71.     Upon information and belief, the Defendants share amongst each other phone numbers and identification information which allows them to identify whether a call originating in one carrier's network is to be completed in another carrier's network and facilitates the

14

blocking of calls using the technology claimed in the '200 Patent. Through such cooperation, the Defendants enable customers on one network to block calls originating on another network.

72.     Intellectual Ventures I has suffered damage as a result of AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's infringement of the '200 Patent.

## COUNT V

**(AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's Infringement of the '509 Patent)**

73.     Paragraphs 1-72 are incorporated by reference as if fully restated herein.

74.     AT&T Mobility, T-Mobile, Nextel, and Sprint PCS, either alone or in conjunction with others, have infringed the '509 Patent, literally and/or under the doctrine of equivalents, by using or performing one or more of the method claims without authority and in violation of 35 U.S.C. § 271. Among the infringing services are AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's wireless messaging services, including wireless messaging services that use a subscriber database to provide information to an SMS server.

75.     Upon information and belief, the Defendants share amongst each other phone numbers and identification information which allows them to identify whether a call originating in one carrier's network is to be completed in another carrier's network, and this information is stored in the aforesaid subscriber databases of each Defendant Carrier.

76.      Intellectual Ventures I has suffered damage as a result of AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's infringement of the '509 Patent.

## COUNT VI

**(AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's Infringement of the '352 Patent)**

77.     Paragraphs 1-76 are incorporated by reference as if fully restated herein.

78.     AT&T Mobility, T-Mobile, Nextel, and Sprint PCS, either alone or in conjunction with others, have infringed the '352 Patent, literally and/or under the doctrine of equivalents, by using or performing one or more of the method claims without authority and in violation of 35

U.S.C. § 271.  Among the infringing services are AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's 411 service for wireless carriers.

79.    Intellectual Ventures II has suffered damage as a result of AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's infringement of the '352 Patent.

## COUNT VII

### (T-Mobile's and Sprint PCS's Infringement of the '737 Patent)

80.    Paragraphs 1-79 are incorporated by reference as if fully restated herein.

81.    T-Mobile and Sprint PCS, either alone or in conjunction with others, have infringed the '737 Patent, literally and/or under the doctrine of equivalents, by using or performing one or more of the method claims without authority and in violation of 35 U.S.C. § 271. Among the infringing services are T-Mobile's and Sprint PCS's customer websites that enable customers to make changes to their service plans and/or personal information over the Internet.

82.    Intellectual Ventures II has suffered damage as a result of T-Mobile's and Sprint PCS's infringement of the '737 Patent.

## COUNT VIII

### (AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's Infringement of the '0032 Patent)

83.    Paragraphs 1-82 are incorporated by reference as if fully restated herein.

84.    AT&T Mobility, T-Mobile, Nextel, and Sprint PCS, either alone or in conjunction with others, have infringed the '0032 Patent, literally and/or under the doctrine of equivalents, by using or performing one or more of the method claims without authority and in violation of 35 U.S.C. § 271. Among the infringing services are cellular services that use CDMA spread spectrum channel coding.

85.    Defendants AT&T Mobility, T-Mobile, Nextel and Sprint PCS have committed, among other things, joint infringement through the maintenance of roaming agreements which

allow the completion of calls from subscribers in one network through the base stations of the other network.

86.     Intellectual Ventures I has suffered damage as a result of AT&T Mobility's, T-Mobile's, Nextel's, and Sprint PCS's infringement of the '0032 Patent.

**COUNT IX**

**(AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's Infringement of the '1032 Patent)**

87.     Paragraphs 1-86 are incorporated by reference as if fully restated herein.

88.     AT&T Mobility, T-Mobile, Nextel, and Sprint PCS, either alone or in conjunction with others, have infringed the '1032 Patent, literally and/or under the doctrine of equivalents, by using or performing one or more of the method claims without authority and in violation of 35 U.S.C. § 271. Among the infringing services are AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's cellular services, including cellular services that comply with the Communications Assistance for Law Enforcement Act ("CALEA"), including cellular services that create a master intercept list containing information on which calls should be monitored by various law enforcement agencies.

89.     Intellectual Ventures I has suffered damage as a result of AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's infringement of the '1032 Patent.

**COUNT X**

**(AT&T Mobility's and T-Mobile's Infringement of the '073 Patent)**

90.     Paragraphs 1-89 are incorporated by reference as if fully restated herein.

91.     AT&T Mobility and T-Mobile, either alone or in conjunction with others, have infringed the '073 Patent, literally and/or under the doctrine of equivalents, by using or performing one or more of the method claims without authority and in violation of 35 U.S.C. § 271. Among the infringing services are AT&T Mobility's and T-Mobile's cellular services, including cellular services that encode, decode, and error correct digital voice traffic.

17

92.     Defendants AT&T and T-Mobile have committed, among other things, joint infringement through the maintenance of roaming agreements which allow the completion of calls from subscribers in one network through the base stations of the other network.

93.     Intellectual Ventures I has suffered damage as a result of AT&T Mobility's and T-Mobile's infringement of the '073 Patent.

## COUNT XI

### (AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's Infringement of the '674 Patent)

94.     Paragraphs 1-93 are incorporated by reference as if fully restated herein.

95.     AT&T Mobility, T-Mobile, Nextel, and Sprint PCS, either alone or in conjunction with others, have infringed the '674 Patent, literally and/or under the doctrine of equivalents, by using or performing one or more of the method claims without authority and in violation of 35 U.S.C. § 271. Among the infringing services are AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's cellular services, including cellular services that implement LTE in wireless base stations.

96.     Intellectual Ventures I has suffered damage as a result of AT&T Mobility's, T-Mobile's, Nextel's and Sprint PCS's infringement of the '674 Patent.

## COUNT XII

### (AT&T's, T-Mobile's, Nextel's and Sprint PCS's Infringement of the '677 Patent)

97.     Paragraphs 1-96 are incorporated by reference as if fully restated herein.

98.     AT&T, T-Mobile, Nextel and Sprint PCS, either alone or in conjunction with others, have infringed or induced others to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '677 Patent by making, using, offering to sell, selling and/or importing in or into the United States products and/or processes falling within the scope of one or more claims of the '677 patent, without authority and in violation of 35 U.S.C. § 271. Among such infringing products or services are AT&T's, T-Mobile's, Nextel's and Sprint PCS's mobile phones, in-home access points, mobile personal hotspots, and public hotspots either

compliant with the IEEE 802.11(i) standard, or practicing Wi-Fi Protected Access ("WPA") or Wi-Fi Protected Access II ("WPA2") encryption or security techniques.

99.    Defendants have knowledge of the '677 Patent and possess specific intent to encourage others, including their customers, to infringe the '677 Patent at least since the filing of this Complaint.

100.    Intellectual Ventures I has suffered damage as a result of AT&T's, T-Mobile's, Nextel's and Sprint PCS's infringement of the '677 Patent.

## COUNT XIII

### (AT&T's, T-Mobile's, Nextel's and Sprint PCS's Infringement of the '944 Patent)

101.    Paragraphs 1-100 are incorporated by reference as if fully restated herein.

102.    AT&T, T-Mobile, Nextel, and Sprint PCS, either alone or in conjunction with others, have infringed or induced others to infringe the '944 Patent, literally and/or under the doctrine of equivalents, by using or performing one or more of the method claims without authority and in violation of 35 U.S.C. § 271. Among the infringing products and services are AT&T's, T-Mobile's, Nextel's and Sprint PCS's public hotspots, mobile personal hotspots, and in-home access points compliant with either the IEEE 802.11(g) or the IEEE 802.11(n) standards, and/or implementing a Clear-to-send-to-self ("CTS-to-self protocol"). Defendants have knowledge of the '944 Patent and possess specific intent to encourage others, including their customers, to infringe the '944 Patent at least since the filing of this Complaint.

103.    Intellectual Ventures I has suffered damage as a result of AT&T's, T-Mobile's, Nextel's and Sprint PCS's infringement of the '944 Patent.

## COUNT XIV

### (AT&T's, T-Mobile's, Nextel's and Sprint PCS's Infringement of the '392 Patent)

104.    Paragraphs 1-103 are incorporated by reference as if fully restated herein.

105.    AT&T, T-Mobile, Nextel and Sprint PCS, either alone or in conjunction with others, have infringed or induced others to infringe, literally and/or under the doctrine of

equivalents, one or more claims of the '392 Patent by making, using, offering to sell, selling and/or importing in or into the United States products and/or processes falling within the scope of one or more claims of the '392 patent, without authority and in violation of 35 U.S.C. § 271. Among such infringing products or services are AT&T's, T-Mobile's, Nextel's and Sprint PCS's mobile phones, in-home access points, mobile personal hotspots, and public hotspots compliant with the IEEE 802.11(e) standard, or certified by the Wi-Fi Alliance as 802.11(n) compliant, or otherwise implementing or practicing Wireless Multimedia Extensions ("Wi-Fi Multimedia" or "WMM") functionality.

106.    T-Mobile, Nextel and Sprint PCS have knowledge of the '392 Patent and possess specific intent to encourage others, including their customers, to infringe the '392 Patent at least since the filing of this Complaint. AT&T has had knowledge of the '392 patent since on or about October 28, 2009, when it was brought to AT&T's attention during prosecution of U.S. Patent No. 7,769,043. Since that time, AT&T had and continues to have the specific intent to encourage others, including its customers, to infringe the '392 Patent. AT&T's infringement has also been willful and the Court should award treble damages pursuant to 35 U.S.C. § 284.

107.    Intellectual Ventures I has suffered damage as a result of AT&T's, T-Mobile's, Nextel's and Sprint PCS's infringement of the '392 Patent.

## COUNT XV

### (AT&T's, T-Mobile's, Nextel's and Sprint PCS's Infringement of the '011 Patent)

108.    Paragraphs 1-107 are incorporated by reference as if fully restated herein.

109.    AT&T, T-Mobile, Nextel and Sprint PCS, either alone or in conjunction with others, have infringed or induced others to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '011 Patent by making, using, offering to sell, selling and/or importing in or into the United States products and/or processes falling within the scope of one or more claims of the '011 patent, without authority and in violation of 35 U.S.C. § 271. Among such infringing products or services are AT&T's, T-Mobile's, Nextel's and Sprint PCS's

mobile phones, in-home access points, mobile personal hotspots, and public hotspots either

compliant with the IEEE 802.11(i) standard and able to implement TKIP encryption, or

practicing WPA encryption or security techniques, or practicing WPA2 encryption or security

techniques with TKIP encryption.

110.    Defendants have knowledge of the '011 Patent and possess specific intent to

encourage others, including their customers, to infringe the '011 Patent at least since the filing of

this Complaint.

111.    Intellectual Ventures I has suffered damage as a result of AT&T's, T-Mobile's,

Nextel's and Sprint PCS's infringement of the '011 Patent.

### PRAYER FOR RELIEF

WHEREFORE, Intellectual Ventures I and II respectfully request the following relief:

a)    A judgment that U.S. Patent Nos. RE41,490; 5,790,793; 8,078,200; 7,450,957;

5,768,509; 6,115,737; 5,339,352; 5,960,032; 6,131,032; 6,170,073; 7,496,674; 5,557,677;

6,977,944; 7,136,392; and 7,343,011 are valid and enforceable.

b)    A judgment that AT&T Mobility, T-Mobile, Nextel, and Sprint PCS have

infringed the '490 Patent;

c)    A judgment that AT&T Mobility, T-Mobile, Nextel, and Sprint PCS have

infringed the '793 Patent;

d)    A judgment that AT&T Mobility, T-Mobile, Nextel, and Sprint PCS have

infringed the '957 Patent;

e)    A judgment that AT&T Mobility, T-Mobile, Nextel, and Sprint PCS have

infringed the '200 Patent;

f)    A judgment that AT&T Mobility, T-Mobile, Nextel, and Sprint PCS have

infringed the '509 Patent;

g)    A judgment that AT&T Mobility, T-Mobile, Nextel, and Sprint PCS have

infringed the '352 Patent;

h)    A judgment that T-Mobile and Sprint PCS have infringed the '737 Patent;

i)    A judgment that AT&T Mobility and T-Mobile have infringed the '0032 Patent;

j)    A judgment that AT&T Mobility, T-Mobile, Nextel, and Sprint PCS have infringed the '1032 Patent;

k)    A judgment that AT&T Mobility and T-Mobile has infringed the '073 Patent;

l)    A judgment that AT&T Mobility, T-Mobile, Nextel, and Sprint PCS have infringed the '674 Patent;

m)    A judgment that AT&T, T-Mobile, Nextel, and Sprint PCS have infringed the '677 Patent;

n)    A judgment that AT&T, T-Mobile, Nextel and Sprint PCS have infringed the '944 Patent;

o)    A judgment that AT&T, T-Mobile, Nextel, and Sprint PCS have infringed the '392 Patent;

p)    A judgment that AT&T, T-Mobile, Nextel, and Sprint PCS have infringed the '011 Patent;

q)    A judgment that Intellectual Ventures I and II be awarded all appropriate damages under 35 U.S.C. § 284 for the Defendants' past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures I and II for Defendants' infringement, an accounting:

　　a.  that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Intellectual Ventures I and II be awarded their reasonable attorneys' fees against each defendant that it incurs in prosecuting this action

　　b.  that Intellectual Ventures I and II be awarded costs, and expenses that it incurs in prosecuting this action; and

c.   that Intellectual Ventures I and II be awarded such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Intellectual Ventures I and II hereby demand trial by jury on all claims and issues so triable.

DATED:  February 16, 2012

Respectfully submitted,

FARNAN LLP

By:  /s/ Brian E. Farnan
Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com

OF COUNSEL:
Martin J. Black -- LEAD ATTORNEY
martin.black@dechert.com
DECHERT LLP
Cira Centre 2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Jeffrey B. Plies
jeffrey.plies@dechert.com
DECHERT LLP
300 W. 6th Street
Suite 2010
Austin, TX 78701
(512) 394-3000

Stephen J. Akerley
Stephen.Akerley@dechert.com
Justin F. Boyce
justin.boyce@dechert.com
DECHERT LLP
2440 W. El Camino Real Suite 700
Mountain View, CA 94040-1499
(650) 813-4800

*Counsel for Plaintiffs Intellectual Ventures I*
*LLC and Intellectual Ventures II LLC*