IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and | ) | |
| INTELLECTUAL VENTURES II LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 12-193 (LPS) |
| v. | ) | |
| | ) | |
| AT&T MOBILITY LLC, SBC INTERNET | ) | |
| SERVICES, INC., T-MOBILE USA, INC., | ) | |
| NEXTEL OPERATIONS, INC., and | ) | |
| SPRINT SPECTRUM L.P., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR LACK OF SUBJECT
MATTER JURISDICTION**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jying@mnat.com

*Attorneys for T-Mobile USA, Inc., Nextel
Operations, Inc. and Sprint Spectrum, L.P.*

SEITZ ROSS ARONSTAM & MORITZ LLP
Collins J. Seitz, Jr. (#2237)
100 South West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
cseitz@seitzross.com

*Attorneys for AT&T Mobility LLC and
SBC Internet Services Inc.*

April 30, 2012

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS .................................................................1

SUMMARY OF ARGUMENT ................................................................................................1

STATEMENT OF FACTS .......................................................................................................2

ARGUMENT............................................................................................................................5

      I.      PLAINTIFFS FAILED TO ADEQUATELY PLEAD CLAIMS
           FOR INDIRECT INFRINGEMENT ..............................................................6

           A.      To State a Claim for Indirect Infringement, Plaintiffs Must
                 Allege Specific Intent on the Part of the Accused Infringer,
                 Knowledge of the Patent Prior to the Filing of the
                 Complaint, Plus Direct Infringement of the Patent....................................6

           B.      Plaintiffs Fail to Make Any Allegation of Indirect
                 Infringement in Eleven of the Fifteen Counts in the
                 Complaint (Counts I–VIII and IX–XI) .....................................................8

           C.      Plaintiffs' Perfunctory Allegations in Counts XII, XIII,
                 XIV, and XV Are Insufficient To State a Claim for Indirect
                 Infringement.............................................................................................8

      II.     PLAINTIFFS FAILED TO ADEQUATELY PLEAD CLAIMS
           FOR JOINT INFRINGEMENT...........................................................................12

           A.      Joint Infringement Requires a "Mastermind" Who Controls
                 or Directs the Alleged Infringement of Others Such that
                 Vicarious Liability Would Be Warranted..................................................13

           B.      Plaintiffs Have Not Alleged Sufficient Facts To Allow the
                 Court To Infer that One Party Controlled or Directed the
                 Actions of the Others ...............................................................................15

      III.    PLAINTIFFS' ALLEGED LICENSE TO A CERTAIN PATENT-
           IN-SUIT DOES NOT PROVIDE PLAINTIFFS WITH THE
            REQUISITE OWNERSHIP INTEREST NECESSARY TO
            BRING A CLAIM FOR INFRINGEMENT........................................................17

CONCLUSION......................................................................................................................19

## TABLE OF AUTHORITIES

Page(s)

CASES

*A123 Sys., Inc. v. Hydro-Quebec*,
   626 F.3d 1213 (Fed. Cir. 2010)..........................................................................17

*Abraxis BioSci., Inc. v. Navinta LLC*,
   No. 07-1251, 2009 WL 904043 (D.N.J. Mar. 30, 2009) ...................................17, 18

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   419 F. App'x 989 (Fed. Cir. 2011) ....................................................................13

*Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*,
   604 F.3d 1354 (Fed. Cir. 2010).............................................................................2

*Apeldyn Corp. v. Sony Corp.*,
    --- F. Supp. 2d ----, 2012 WL 1129371 (D. Del. 2012) .........................................7

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
   377 U.S. 476 (1964)..............................................................................................6

*BMC Res., Inc. v. Paymentech, L.P.*,
   498 F.3d 1373 (Fed. Cir. 2007)....................................................................... passim

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
   C.A. No. 11-1175-RGA (D. Del. Mar. 20, 2012) (Ex. B) ........................................7

*Desenberg v. Google, Inc.*,
   392 F. App'x 868 (Fed. Cir. 2010) ..........................................................13, 14, 17

*DSU Med. Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006)........................................................................6, 12

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004)..............................................................................6

*Emtel, Inc. v. LipidLabs, Inc.*,
   583 F. Supp. 2d 811 (S.D. Tex. 2008) .................................................................16

*EON Corp. IP Holdings LLC v. Flo TV Inc.*,
   802 F. Supp. 2d 527 (D. Del. 2011)................................................................. passim

*Friday Grp. v. Ticketmaster*,
   No. 08-cv-1203, 2008 WL 5233078 (E.D. Mo. Dec. 12, 2008) .......................14, 17

*Fuji Mach. Mfg. Co. v. Hover-Davis, Inc.*,
  936 F. Supp. 93 (W.D.N.Y. 1996) ......................................................................12

*Global Patent Holdings, LLC v. Panthers BRHC LLC*,
  318 F. App'x 908 (Fed. Cir. 2009) ....................................................................14

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  131 S. Ct. 2060 (2011) ...........................................................................6, 7, 10

*Gold v. Ford Motor Co.*,
  --- F. Supp. 2d ----, 2012 WL 1118670 (D. Del. 2012) ...........................................5

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
  670 F. Supp. 2d 349 (D. Del. 2009)............................................................ *passim*

*Mentor H/S, Inc. v. Med. Device Alliance, Inc.*,
  240 F.3d 1016 (Fed. Cir. 2001)........................................................................17

*Muniauction, Inc. v. Thomson Corp.*,
  532 F.3d 1318 (Fed. Cir. 2008)................................................................ *passim*

*ONDEO Nalco Co. v. EKA Chems., Inc.*,
  C.A. No. 01-537-SLR, 2002 WL 1458853 (D. Del. June 10, 2002) ...............................11, 12

*Purdue Pharma Prods. L.P. v. Par Pharm., Inc.*,
  No. 07-255-KAJ, 2008 WL 7526342 (D. Del. Dec. 23, 2008)........................................2, 18

*Qaxaz LLC v. Mitac USA Inc., et al.*,
  C.A. No. 11-492-RGA (D. Del. March 20, 2012) (Ex. C) .......................................7

*Rodime PLC v. Seagate Tech., Inc.*,
  174 F.3d 1294 (Fed. Cir. 1999).........................................................................11

*Rovi Corp. v. Hulu, LLC*,
  C.A. No. 11-665, 2012 WL 261982 (D. Del. Jan. 27, 2012).....................................9

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
  427 F.3d 971 (Fed. Cir. 2005)..........................................................................18

*Speedplay, Inc. v. Bebop, Inc.*,
  211 F.3d 1245 (Fed. Cir. 2000)........................................................................18

*SRI Int'l Inc. v. Internet Sec. Sys., Inc.*,
  647 F. Supp. 2d 323 (D. Del. 2009)....................................................................6

*TI Grp. Auto. Sys. v. VDO N. Am. L.L.C.*,
  Civ. No. 00-432-GMS, 2002 WL 484838 (D. Del. Mar. 7, 2002) ............................9

*TV Guide Online, Inc. v. Tribune Media Servs.*,
   No. CV 05-725-SLR/LPS, 2008 WL 979538 (D. Del. Mar. 26, 2008) ................................... 18

*Via Vadis, LLC v. Skype, Inc.*,
   C.A. No. 11-507, 2012 WL 261367 (D. Del. Jan. 27, 2012) ..................................................... 9

*Walker Digital, LLC v. Facebook, Inc.*,
   --- F. Supp. 2d ----, 2012 WL 1129370 (D. Del. 2012) ........................................................... 7

*Xpoint Techs. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010) ................................................................................. 7, 8, 9

## STATUTES AND RULES

35 U.S.C. § 271 ............................................................................................................ *passim*

Fed. R. Civ. P. 12(b)(1) ............................................................................................. 1, 17, 19

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 1, 5, 14

## OTHER AUTHORITIES

Restatement (Third) of Agency Section 7.07 (2006) ................................................................ 15

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| D.I.………………………………………… | Docket Index |
| D.I. 1, Compl.…………………….…………… | Docket Index 1, Complaint |
| Count.………………………………………… | Count set forth in the Complaint |
| Defendants…………………………………… | AT&T Mobility LLC, SBC Internet Services, Inc., T-Mobile USA, Inc., Nextel Operations, Inc., and Sprint Spectrum L.P. |
| IV I…………………………………………… | Intellectual Ventures I LLC |
| IV II……………………………....……….. | Intellectual Ventures II LLC |
| Plaintiffs………………………….………… | Intellectual Ventures I LLC and Intellectual Ventures II LLC |
| '0032 Patent…………………………….... | U.S. Patent No. 5,960,032 |
| '392 Patent…………………………………. | U.S. Patent No. 7,136,392 |

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC sued Defendants AT&T Mobility LLC, SBC Internet Services, Inc., T-Mobile USA, Inc., Nextel Operations, Inc., and Sprint Spectrum L.P. for patent infringement on February 16, 2012.  (D.I. 1.)  To the extent Plaintiffs intend their Complaint to assert claims for indirect or joint infringement against Defendants, Defendants move under Federal Rule of Civil Procedure 12(b)(6) to dismiss such claims for failure to state a claim.

In addition, Defendants move to dismiss Count VIII for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), because Plaintiffs fail to allege sufficient ownership rights to establish standing.  This is Defendants' opening brief in support of their motion to dismiss pursuant to Rules 12(b)(6) and 12(b)(1).

## SUMMARY OF ARGUMENT

With this Complaint, Plaintiffs are attempting to assert an enormous number of claims against a group of Defendant competitors with strikingly insufficient legal and factual support. Plaintiffs' claims are inadequately plead across the board.  To state a claim for indirect infringement, a plaintiff must allege facts tending to establish (1) that the defendants knew that they were inducing or contributing to infringement, or specifically intended to induce infringement, (2) that the defendants knew of the patents-in-suit at the time of alleged infringement, and (3) direct infringement by another whose infringement has been induced or contributed to by any defendant.  *See Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 353-54 (D. Del. 2009).  Because each count of the Complaint fails to allege one or more of these required elements, any and all claims for indirect infringement should be dismissed.

To sufficiently plead direct infringement through allegations of joint infringement, a plaintiff must allege facts showing that one party, or "mastermind," exercises control or direction

over the entire process, such that every step is attributable to that party. *See BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379-81 (Fed. Cir. 2007). Each count of the Complaint lacks this necessary allegation. Accordingly, each count fails to state a claim for joint infringement as a matter of law. *See EON Corp. IP Holdings LLC v. Flo TV Inc.*, 802 F. Supp. 2d 527, 535 (D. Del. 2011).

As a separate matter, Count VIII is legally deficient in whole because Plaintiff IV I, the alleged exclusive licensee of U.S. Patent No. 5,960,032, has failed to allege sufficient facts to allow the Court to infer that "all substantial rights" in that patent have been transferred to IV I such that it has been conferred standing to sue. *See Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1359 (Fed. Cir. 2010); *see also Purdue Pharma Prods. L.P. v. Par Pharm., Inc.*, No. 07-255-KAJ, 2008 WL 7526342, at *3 (D. Del. Dec. 23, 2008). Accordingly, Count VIII should be dismissed for lack of subject matter jurisdiction.

### **STATEMENT OF FACTS**[1]

Plaintiffs, two Delaware limited liability companies, sued multiple separate and independent competitors in the wireless telecommunications industry with a single Complaint that attempts to cast a net of allegations stretching over multiple disparate technologies. The scope of the allegations is immense. In fifteen counts, Plaintiffs allege Defendants infringed fifteen separately-owned patents spanning numerous unrelated technologies. The Defendants' various services that allegedly infringe range from wireless messaging services that block messages based on the sender's phone number to websites that allow customers to change their account information, from services designed to assist law enforcement to those allowing

---

[1]   For the Court's convenience, Exhibit A attached hereto lists the specific language from the Complaint, by Count, for indirect and joint infringement as well as for the ownership of the '0032 Patent in Count VIII.

customers to make 411 calls, and from mobile Wi-Fi hotspots to roaming agreements allowing the completion of calls between customers of different providers.

It is somewhat surprising that a pleading of this kind that purports to cover such breadth of scope fails on its face in so many respects.  As a general matter, Plaintiffs have broadly alleged in each of the fifteen counts in the Complaint that Defendants have violated 35 U.S.C. § 271, without specifying the subsections under which Plaintiffs intend to proceed.  (D.I. 1, Compl.)  In seven of the counts, Plaintiffs assert nearly identical, barebones allegations that Defendants "either alone or in conjunction with others, have infringed the [respective patent-in-suit], literally and/or under the doctrine of equivalents, by using or performing one or more of the method claims without authority and in violation of 35 U.S.C. § 271."  (*See* Counts III, IV, V, VI, VII, IX, and XI.)  In four counts, Plaintiffs also vaguely attempt to assert claims for joint infringement.  (*See* Counts I, II, VIII, and X.)  These vague allegations, which do not even mention indirect, induced, or contributory infringement, or recite any of the statutory language from Section 271(b) or (c), are insufficient to state a claim for indirect infringement for any of the eleven counts.

Moreover, even the four counts that mention indirect infringement (Counts XII, XIII, XIV, and XV) fail to state a claim for indirect infringement.  These claims use nearly identical boilerplate language to allege that Defendants "have infringed *or induced others to infringe* . . . by making, using, offering to sell, selling and/or importing in or into the United States products and/or processes falling with the scope of one or more claims" of the patents-in-suit (Counts XII, XIV, and XV (emphasis added)), or "by using or performing one or more of the method claims without authority and in violation of 35 U.S.C. § 271."  (Count  XIII.)  Although Plaintiffs further recite that Defendants "have knowledge of [the respective patent-in-suit] and possess

specific intent to encourage others, including their customers, to infringe [the respective patent-in-suit] at least since the filing of the Complaint" (Counts XII, XIII, XIV, and XV), this type of conclusory statement is insufficient.[2]   Plaintiffs do not provide any facts, much less facts sufficient to allow the Court to infer that Defendants: (1) knowingly induced or contributed to any acts of direct infringement; (2) had the specific intent to encourage anyone else's direct infringement; or (3) knew of the patents-in-suit prior to the filing of the Complaint.  Plaintiffs also fail to identify a direct infringer whose infringement has been induced or contributed to by any Defendant.

Likewise, Plaintiffs have failed to plead any claims of joint infringement.  As with their indirect infringement claims, for eleven of the fifteen counts in the Complaint, Plaintiffs do not even use the word "joint" to couch their allegations.  Instead, Plaintiffs use the vague allegation cited *supra* that Defendants infringe the patents-in-suit "either alone or in conjunction with others."  (*See* Counts III–VII, IX, and XI–XV.)  Plaintiffs additionally allege in three of these counts that Defendants "share amongst each other phone numbers and identification information" (Counts III–V) and, for Counts III and IV, Plaintiffs allege that this sharing of information "facilitates the blocking of calls using the technology claimed in the [patent-in-suit]" and that Defendants' "cooperation . . . enable[s] customers on one network to block calls originating on another network."   Plaintiffs, however, never expressly state that they are asserting claims for joint infringement in these counts.

---

[2]   With respect to Count XIV, Plaintiffs allege that "AT&T has had knowledge of the '392 Patent since on or about October 28, 2009, when it was brought to AT&T's attention during the prosecution of U.S. Patent No. 7,769,043."  (D.I. 1, Compl. ¶ 106).  Plaintiffs have not alleged any other facts relating to any of Defendants' pre-suit knowledge of the fifteen patents-in-suit.

As for the remaining four counts in which Plaintiffs purport to allege joint infringement by Defendants, Plaintiffs' allegations fail to state a claim.  In these counts (Counts I, II, VIII, and X), Plaintiffs vaguely assert that Defendants engaged in joint infringement by, for example: "act[ing] as the agents for each other, pursuant to contractual obligations, in transferring MMS messages over the national inter-carrier MMS messaging network" (Count I ¶ 59; Count II ¶ 62); "agree[ing] bilaterally through participation in standards bodies to use the patented technology" (Count II ¶ 63); and "maint[aining] . . . roaming agreements which allow the completion of calls from subscribers in one network through the base stations of the other network" (Count VIII ¶ 85; Count X ¶ 92).  In addition, Plaintiffs' claims of joint infringement seem to be based, in large part, on Defendants' alleged creation of "an integrated national network for the provision of wireless telecommunication services to their customers." (D.I. 1, Compl. ¶ 51.)  In particular, Plaintiffs allege that Defendants have cooperated with each other and have entered into certain bilateral agreements, pursuant to which their networks are "interoperable," which allows Defendants' customers to complete calls and access other features across the "cooperating" Defendants' networks.  (*See id.* ¶¶ 51-55.)  Plaintiffs further claim that Defendants facilitate the infringing acts of others and share information between each other "to insure the smooth transfer of calls between carriers." (*Id.* ¶¶ 52g-54.)  Notably absent from these Counts, however, is any allegation that any Defendant has "control or direction" over any other Defendant's activities such that vicarious liability should attach, as is necessary to maintain a claim for joint infringement.

## ARGUMENT

The Court is familiar with the standards for ruling on a Rule 12(b)(6) motion to dismiss, as set forth in this Court's recent opinion in *Gold v. Ford Motor Co.*, --- F. Supp. 2d ----, 2012 WL 1118670, at *3 (D. Del. 2012).

I.   **PLAINTIFFS FAILED TO ADEQUATELY PLEAD CLAIMS FOR INDIRECT INFRINGEMENT**

   A.   **To State a Claim for Indirect Infringement, Plaintiffs Must Allege Specific Intent on the Part of the Accused Infringer, Knowledge of the Patent Prior to the Filing of the Complaint, Plus Direct Infringement of the Patent**

   Both types of indirect infringement under 35 U.S.C. § 271 – (b) induced infringement and (c) contributory infringement – require a plaintiff to "establish that the 'defendant possessed the requisite knowledge or intent to be held vicariously liable.'" *Mallinckrodt*, 670 F. Supp. 2d at 354 (quoting *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004)).   For induced infringement, a plaintiff must allege facts showing "that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *EON Corp.*, 802 F. Supp. 2d at 533 (quoting *SRI Int'l Inc. v. Internet Sec. Sys., Inc.*, 647 F. Supp. 2d 323, 335 (D. Del. 2009)).[3]   For contributory infringement, a plaintiff must show "that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." *Mallinckrodt*, 670 F. Supp. 2d at 354-55 (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067 (2011) (noting that "a violator of [35 U.S.C.] § 271(c) must know that the combination for which his component was especially designed was both patented and infringing" (internal quotation marks and citation omitted)).

   An indirect infringement claim requires at least proof of willful blindness.   *See Global-Tech*, 131 S. Ct. at 2070 (explaining that the doctrine of willful blindness has "two basic

---

[3]   *See also Mallinckrodt*, 670 F. Supp. 2d at 354 ("Liability for inducing infringement requires 'that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements.'" (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006))).

requirements: (1) the Defendant must subjectively believe that there is a high probability that a fact exists and (2) the Defendant must take deliberate actions to avoid learning of that fact").

Furthermore, both types of indirect infringement require a plaintiff to plead that the accused infringer "knew of the patent" *prior to the filing of the complaint*. *Mallinckrodt,* 670 F. Supp. 2d at 354; *see also id.* at 354 & n.1 (noting that the knowledge element of an induced infringement claim "necessarily includes the requirement that [the accused infringer] knew of the patent" and stating that the court was "not persuaded by Plaintiffs' contention that the requisite knowledge can be established by the filing of Plaintiffs' Complaint" (internal quotation marks and citations omitted)).[4]  More recently, in *Chalumeau Power Sys. LLC v. Alcatel-Lucent,* C.A. No. 11-1175-RGA (D. Del. Mar. 20, 2012) (Ex. B), Judge Andrews struck the plaintiff's indirect infringement claims because the "[c]omplaint has no factual allegations from which it is plausible to conclude the Defendants had any knowledge of Plaintiff's patent *prior to the filing of the Complaint.*" *Id.* ¶ 1 (emphasis added); *see also Qaxaz LLC v. Mitac USA Inc., et al.,* C.A. No. 11-492-RGA (D. Del. March 20, 2012) (Ex. C) (same).[5]

Finally, under either theory, "[i]ndirect infringement requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement."

---

[4]  *See also EON Corp.*, 802 F. Supp. 2d at 533 (applying rule that a plaintiff "must also plead requisite knowledge of the patent-in-suit at the time of infringement" to state a contributory infringement claim); *Xpoint Techs. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) (stating that "knowledge [of the patent] *after* filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement" (emphasis added)).

[5]  *But see Apeldyn Corp. v. Sony Corp.*, --- F. Supp. 2d ----, 2012 WL 1129371, at *4 (D. Del. 2012) (holding that knowledge requirement *in an amended complaint* can be satisfied by notice provided in original complaint); *Walker Digital, LLC v. Facebook, Inc.*, --- F. Supp. 2d ----, 2012 WL 1129370, at *5 (D. Del. 2012) (same).  Beyond being inconsistent with certain other decisions of the Court discussed above, neither case is applicable here for at least the reason that this motion involves an original – not supplemental – complaint and the Court explicitly acknowledged in those cases that there can be no liability for pre-suit conduct.  Were it otherwise, a plaintiff could state a claim for indirect infringement merely by the act of filing a complaint.  This would eviscerate the knowledge and intent requirements.  *See, e.g.*, *Mallinckrodt*, 670 F. Supp. 2d at 353-54.

*BMC Res.*, 498 F.3d at 1379; *see also Mallinckrodt*, 670 F. Supp. 2d at 354 ("Claims for indirect infringement cannot exist in the absence of direct infringement.").

**B.      Plaintiffs Fail to Make Any Allegation of Indirect Infringement in Eleven of the Fifteen Counts in the Complaint (Counts I–VIII and IX–XI)**

As already noted, for eleven of the fifteen counts in the Complaint, Plaintiffs do not even mention the words "indirect," "induce," or "contribute," much less provide any factual allegations relating to any of the elements of an indirect infringement claim.  (*See* Counts I–VIII and IX–XI.)  This Court has dismissed indirect infringement claims that contained more detail than Plaintiffs have alleged here.  For example, in *Xpoint Technologies v. Microsoft Corporation*, plaintiffs alleged that defendants were "directly and/or indirectly" infringing, but the Court nevertheless found that plaintiffs' "mere recitation of the elements for indirect infringement . . . [was] insufficient."  730 F. Supp. 2d 349, 356-57 (D. Del. 2010).  Likewise, in *EON Corp.*, the Court dismissed plaintiff's indirect infringement claims that were based upon, *inter alia*, an allegation that each defendant "knowingly and specifically intend[ed] to contribute to or induce infringement."  802 F. Supp. 2d at 532.  Here, Plaintiffs have not even made such barebones allegations in eleven of the counts in the Complaint and, accordingly, the Court should dismiss any indirect infringement claims in these counts as a matter of law.

**C.      Plaintiffs' Perfunctory Allegations in Counts XII, XIII, XIV, and XV Are Insufficient To State a Claim for Indirect Infringement**

Although Plaintiffs allege in Counts XII, XIII, XIV, and XV, that Defendants "infringed or induced others to infringe," this conclusory recitation cannot withstand a motion to dismiss for multiple reasons.

**First**, beyond conclusory allegations that Defendants "have knowledge of the . . . patent and possess specific intent to encourage others, including their customers, to infringe,"[6] Plaintiffs set forth no facts from which the Court could infer that Defendants possessed the requisite knowledge and intent.   Merely stating the words "knowledge" and "intent," without setting forth any additional factual allegations, is insufficient to state a claim.   Other courts have dismissed claims for induced infringement that similarly were lacking allegations of knowledge and intent.   For example, in *Xpoint*, the court dismissed certain indirect infringement claims where, as here, the plaintiff "resort[ed] to mere recitation of the elements for indirect infringement" and alleged only "that defendants had knowledge of the [patent-in-suit] 'at least since the date of the suit.'"   730 F. Supp. 2d at 357;[7] *see also Rovi Corp. v. Hulu, LLC*, C.A. No. 11-665, 2012 WL 261982, at *2 (D. Del. Jan. 27, 2012) (dismissing induced infringement claims because "[t]here are simply no facts . . . to support the claims that [Defendant] induced others to infringe"); *Via Vadis, LLC v. Skype, Inc.*, C.A. No. 11-507, 2012 WL 261367, at *2 (D. Del. Jan. 27, 2012) (same); *Mallinckrodt*, 670 F. Supp. 2d at 354 (dismissing induced infringement claims given, *inter alia*, Plaintiff's failure to allege intent); *TI Grp. Auto. Sys. v. VDO N. Am. L.L.C.*, Civ. No. 00-432-GMS, 2002 WL 484838, at *2 (D. Del. Mar. 7, 2002) (dismissing induced infringement claim based on Plaintiff's failure to allege facts showing intent).   As an additional example, in *EON Corp.*, the court dismissed indirect infringement claims even where the plaintiff both quoted the requisite statutory language and further alleged that the defendants had

---

[6]   *See* Count XII ¶ 99; Count XIII ¶ 102; Count XIV ¶ 106; and Count XV ¶ 110.

[7]   The *Xpoint* court allowed one indirect infringement claim to survive where the plaintiff had set forth "detailed factual assertions" that it had exchanged proprietary information with a particular defendant pursuant to a licensing agreement.   These facts, the court found, were sufficient to support allegations that the defendant "knew or should have known that [its] actions would induce actual infringement."   730 F. Supp. at 357-58.   Plaintiffs here allege no comparable facts.

knowledge of the patent-in-suit through licensing agreements conferring them rights to two patents that cited the patent-in-suit as prior art.  802 F. Supp. 2d at 532.

Moreover, Plaintiffs have not even attempted to allege that Defendants here were willfully blind or deliberately shielded themselves from facts that would have indicated a high probability of the existence of induced infringement.[8]  Under these circumstances, and given Plaintiffs' complete failure to allege the requisite knowledge or intent, the Court should dismiss Plaintiffs' induced infringement claims.

Similarly, Plaintiffs have not made any attempts to allege the knowledge necessary to state a claim for contributory infringement.  In particular, Plaintiffs have failed to allege that any Defendant knew that any of its products constituted a "component of an infringing product" or that its products were especially designed for an infringing combination.  Indeed, Plaintiffs do not even touch upon the statutory language of Section 271(c).  The failure to plead the necessary allegations of knowledge, including Plaintiffs' failure to allege knowledge of the patents-in-suit, as discussed *infra*, is fatal to any contributory infringement claim, and any such claims should be dismissed as a matter of law.  *See Global-Tech*, 131 S. Ct. at 2067 (noting that "a violator of [35 U.S.C.] § 271(c) must know that the combination for which his component was especially designed was both patented and infringing" (internal quotation marks and citation omitted)).[9]

**Second**, Plaintiffs have not sufficiently alleged Defendants' knowledge of the patents-in-suit *prior to* the filing of the Complaint and at the time of the alleged infringing acts.  Instead,

---

[8]   Because Plaintiffs do not even allege that Defendants knew of the patents-in-suit before this action was filed, it would be impossible to allege willful blindness.

[9]   *See also Mallinckrodt*, 670 F. Supp. 2d at 354-55 ("Liability for contributory infringement requires a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing. . . . Plaintiff's Complaint fails to sufficiently plead that Defendants had knowledge of the [patent-in-suit], and accordingly, the Court finds that Plaintiffs have also failed to state a claim for contributory infringement." (internal quotation marks and citation omitted)).

Plaintiffs allege only that Defendants' had such knowledge "at least since the filing of the Complaint." (*See* Count XII ¶ 99; Count XIII ¶ 102; Count XIV ¶ 106; Count XV ¶ 110.) To state a claim for indirect infringement, a plaintiff must allege that a defendant had knowledge of the patent *prior to* the filing of the lawsuit. *See Mallinckrodt,* 670 F. Supp. 2d at 354 & n.1 (in dismissing indirect infringement claims, Court noted that the knowledge element of an induced infringement claim "necessarily includes the requirement that [the accused infringer] knew of the patent" and stating that the court was "not persuaded by Plaintiffs' contention that the requisite knowledge can be established by the filing of Plaintiffs' Complaint" (internal quotation marks and citations omitted)). Indeed, a defendant could not have the requisite specific intent to induce or contribute to the infringement of another without such knowledge. Because Plaintiffs fail to allege pre-suit knowledge of the patents in suit, they fail to state any claim for indirect infringement.[10]

**Finally**, Plaintiffs fail to allege direct infringement by a third party, as required to state a claim for indirect infringement. As an initial matter, the purpose of an indirect infringement claim is to hold a defendant vicariously liable for the direct infringement of a patent *by a* third *party*. *See Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999) ("Inducement requires proof that the accused infringer knowingly aided and abetted another's direct infringement of the patent."). Failure to plead direct infringement by a non-party warrants dismissal of a plaintiff's indirect infringement claims. *See, e.g., ONDEO Nalco Co. v. EKA Chems., Inc.*, C.A. No. 01-537-SLR, 2002 WL 1458853, at *1 (D. Del. June 10, 2002)

---

[10] Plaintiffs' allegation that AT&T had knowledge of one of the fifteen patents in suit "since on or about October 28, 2009, when it was brought to AT&T's attention during prosecution of U.S. Patent No. 7,769,043" (D.I. 1, Compl. ¶ 106) is conclusory and provides no facts from which the Court could infer that AT&T did, in fact, have knowledge of this patent. *See EON Corp.*, 802 F. Supp. 2d at 533 ("[T]he link between the '757 patent and defendants involved in the licensing agreements . . . is too tenuous to sustain an allegation of knowledge.").

(dismissing inducement claim where the pleadings "fail[ed] to allege direct infringement by a party other than [the accused infringer]"); *Fuji Mach. Mfg. Co. v. Hover-Davis, Inc.*, 936 F. Supp. 93, 95 (W.D.N.Y. 1996) ("[D]irect infringement [by a non-party] also must be pleaded in the complaint in order to state a claim for inducement of infringement and contributory infringement."). The burden rests on "the patentee . . . to show direct infringement for each instance of indirect infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006).

Here, the Complaint merely asserts the legal conclusion that Defendants "have infringed or induced others to infringe." (Counts XII, XIII, XIV, and XV.) Courts have dismissed other indirect infringement claims where plaintiffs have asserted similarly vague and conclusory claims that did not point to the existence of a direct infringer. For example, in *ONDEO Nalco Co.*, the counterclaiming defendant "simply aver[red] that '[u]pon information and belief, [the alleged infringer] has induced the infringement of the claims of the . . . patent, in violation of 35 U.S.C. § 271(b), by selling its products . . . and in instructing and encouraging others in the use of the its products.'" 2002 WL 1458853, at *1 n.3. The court deemed these allegations insufficient to state a claim for indirect infringement and dismissed the counterclaims because, among other reasons, "the pleadings fail to allege direct infringement by a party other than [the alleged infringer]." *Id.* at *1. Plaintiffs' allegations here likewise are insufficient to state a claim for indirect infringement, and these claims thus should be dismissed as a matter of law.

## II.     PLAINTIFFS FAILED TO ADEQUATELY PLEAD CLAIMS FOR JOINT INFRINGEMENT

As explained in detail *supra*, for eleven of the fifteen counts in the Complaint, Plaintiffs do not so much as state that Defendants committed joint infringement. (*See* Counts III–VII, IX,

and XI–XV.)  Even the counts that allege joint infringement, however, fail to adequately state a

claim.  (*See* Counts I, II, VIII, and X.)

> ### A.    Joint Infringement Requires a "Mastermind" Who Controls or Directs the Alleged Infringement of Others Such that Vicarious Liability Would Be Warranted

Joint infringement is a type of direct infringement.   Under 35 U.S.C. § 271(a), direct

infringement requires a showing that the defendant has practiced "each and every element of the

claimed invention."  *BMC Res.*, 498 F.3d at 1380.   "In circumstances where one party performs

some of the steps of a patent claim, and another entity performs other of the claimed steps, a

theory of joint infringement may establish liability."   *EON Corp.*, 802 F. Supp. 2d at 534.

However, "[j]oint infringement will only lie . . . 'if one party exercises 'control or direction' over

the entire process such that every step is attributable to the controlling party, *i.e.* the

'mastermind.'"  *Id.* (quoting *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed.

Cir. 2008)).[11]

"The Federal Circuit has held that, in granting Rule 12(b)(6) motions, district courts may

take into consideration the failure of plaintiff's complaint to properly allege that the defendant

exercised the 'control or direction' necessary to satisfy the joint infringement standard," and

courts have dismissed claims for joint infringement where plaintiffs have failed to so plead.

*EON Corp.*, 802 F. Supp. 2d at 534-35 (dismissing joint infringement claims where plaintiff did

"not provide specific facts explaining any alleged relationships among defendants" and plaintiff

had "fail[ed] to identify any defendant as exercising 'control or direction' over the allegedly

infringing acts of other parties") (citing *Desenberg v. Google, Inc.*, 392 F. App'x 868, 871 (Fed.

---

[11]   Defendants note that the Federal Circuit is reviewing *en banc* the appropriate standard for joint infringement.  *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 419 F. App'x 989, 989-90 (Fed. Cir. 2011).

Cir. 2010) (affirming district court's dismissal of complaint where defendant's interactions with third-party users constituted arms-length transactions and plaintiff failed to allege that defendant controlled or directed the actions of those users) and *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 318 F. App'x 908, 909 (Fed. Cir. 2009) (affirming the district court's dismissal where plaintiff failed to allege that defendant exerted sufficient "control or direction" over third-party users)).[12]

Although a party cannot avoid joint infringement liability "simply by contracting out steps of a patented process to another entity," *BMC Res.*, 498 F.3d at 1381, a naked allegation that a contract exists is not enough, without more, to establish joint infringement by the contracting parties. Instead, a plaintiff must plead that the contractual relationship between the allegedly infringing parties "*gives rise to vicarious liability* in order for a court to find 'direction or control.'" *Global Patent Holdings*, 586 F. Supp. 2d at 1335 (emphasis added) (dismissing complaint for failure to allege "control or direction"); *see also Muniauction*, 532 F.3d at 1330 ("[T]he control or direction standard is satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of the claimed method." (citation omitted)). As the Federal Circuit has explained, vicarious liability attaches "in circumstances showing that the liable party *controlled the conduct* of the acting party." *BMC Res.*, 498 F.3d at 1379 (emphasis added). Neither "mere 'arms-length cooperation'" between parties nor the provision of instructions on the use of an allegedly infringing system can satisfy the joint infringement

---

[12] *See also Friday Grp. v. Ticketmaster*, No. 08-cv-1203, 2008 WL 5233078, at *3 (E.D. Mo. Dec. 12, 2008) (dismissing complaint for failure to state a claim where plaintiff threw "too broad a net and instead attempt[ed] to implicate each defendant without identifying any single defendant as the 'mastermind' or that one would ultimately be vicariously liable for the acts of other defendants").

requirements.  *Muniauction*, 532 F.3d at 1329-30 (citations omitted) (noting that the fact "[t]hat [defendant] controls access to its system and instructs bidders on its use is not sufficient to incur liability for direct infringement").[13]

### B. Plaintiffs Have Not Alleged Sufficient Facts To Allow the Court To Infer that One Party Controlled or Directed the Actions of the Others

Plaintiffs do not allege that any Defendant acts as a "mastermind" or controls or directs the allegedly infringing activities of another Defendant so as to give rise to vicarious liability. Plaintiffs also do not allege that any Defendant contracted out steps of the alleged patented methods to avoid infringement.  Instead, Plaintiffs allege that Defendants cooperated with each other, facilitated access to each other's networks, shared information, and allowed customers of other Defendants to use their networks through a system of interoperability.[14]  For example, Plaintiffs allege that Defendants "created an integrated national network" through "bilateral agreements, participation in standard bodies and cooperation in the adoption of compatible technology."  (D.I. 1, Compl. ¶ 51.)  Plaintiffs also allege that Defendants transmit their customers' calls and messages between carriers pursuant to "inter-carrier agreements through

---

[13]  Defendants also note that, under the Restatement (Third) of Agency Section 7.07, not all contractual relationships result in the attachment of vicarious liability.  Instead, courts must look to a non-exhaustive list of factors to determine whether a party acting on behalf of another is a servant – for whose acts a contractee may be held vicariously liable – or is a non-agent independent contractor – whose actions will not give rise to vicarious liability.  *See* Restatement (Third) of Agency § 7.07 cmt. f (2006).  The first enumerated factor in this analysis is "*the extent of control* that the agent and the principal have agreed the principal may exercise over details of the work."  *Id.* (emphasis added).

[14]  *See, e.g.*, D.I. 1, Compl. ¶¶ 52b-e (citing sources explaining that interoperability merely "allows T-Mobile and Sprint customers to send and receive picture messages across carriers"); ¶ 52g ("Each wireless carrier thus *facilitates* and encourages the others to engage in infringing acts in relation to the transfer of MMS messages.") (emphasis added); ¶ 54 ("[T]he Defendants share amongst each other phone numbers and identification information . . . .").

which [Defendants] act as the agents for each other, and are contractually obligated to each other."  (*Id.* ¶ 52.)

This type of arms-length cooperation cannot establish joint infringement under *BMC Resources* and *Muniauction*.  *See Emtel, Inc. v. LipidLabs, Inc.*, 583 F. Supp. 2d 811, 835 (S.D. Tex. 2008) ("*BMC Resources* and *Muniauction* make clear that providing data to third parties to perform some of the claimed steps of the patented method, instructing these third parties on certain aspects of their performance, and facilitating or arranging for these third parties to perform the steps, generally do not establish the type of direction or control necessary for direct infringement.").  Indeed, if these general allegations of cooperation between competing companies sufficed to state a claim for joint infringement, the statutory scheme for indirect infringement would be subverted and "a patentee would rarely, if ever, need to bring a claim for indirect infringement."  *BMC Res.*, 498 F.3d at 1381.

Plaintiffs' conclusory allegation that, "upon information and belief," Defendants act as "agents" for each other in transferring messages and completing calls for their customers is a far cry from alleging that one Defendant controls and directs alleged infringing activities such that it can be held vicariously liable for the actions of all the others.  To withstand dismissal, a complaint must include factual allegations that the contractee exercises control or direction over the contractor such that attachment of vicarious liability is warranted.  Plaintiffs have made no such allegations here.  For example, Plaintiffs do not allege that one Defendant controls *how* the other Defendants complete the allegedly infringing acts on the "interoperable network," or that one Defendant exercises any control over the manner or method in which the other Defendants operate their products or services.  Indeed, to make such allegations would be nonsensical in this context, where Defendants are separate and independent companies that compete fiercely with

one another in the telecommunications market.[15]   Under these circumstances, Plaintiffs'

allegations of cooperation between Defendants are not sufficient to state a claim for joint

infringement.  Thus, any joint infringement claims should be dismissed as a matter of law.[16]

### III.   PLAINTIFFS' ALLEGED LICENSE TO A CERTAIN PATENT-IN-SUIT DOES NOT PROVIDE PLAINTIFFS WITH THE REQUISITE OWNERSHIP INTEREST NECESSARY TO BRING A CLAIM FOR INFRINGEMENT

Count VIII also should be dismissed under Federal Rule of Civil Procedure 12(b)(1)

because Intellectual Ventures I has failed to plead facts sufficient to establish that it has standing,

as exclusive licensee, to bring this claim without joining the true owner of the patent-in-suit.

Only three categories of parties have standing to bring a patent infringement action: the

original patentee, any "successors in title to the patentee," and exclusive licensees who "hold[]

'all substantial rights' in the patent."   *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d

1016, 1017 (Fed. Cir. 2001) (internal quotation marks and citations omitted).  However, "[u]nder

long-standing prudential standing precedent, an exclusive licensee with less than all substantial

rights in a patent, such as a field-of-use licensee, lacks standing to sue for infringement without

joining the patent owner."   *A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1217 (Fed. Cir.

2010).  "The burden of establishing standing to bring an action for patent infringement falls upon

---

[15]   Plaintiffs even tacitly acknowledge that the Defendants are competitors and maintain their own networks.  (*See* D.I. 1, Compl. ¶ 53 ("the carriers transfer traffic between each other"; "the AT&T network"; "the T-Mobile wireless network"), ¶ 54 ("one carrier's network"; "another carrier's network").)

[16]   *See Muniauction*, 532 F.3d at 1329 (noting that "mere 'arms-length cooperation'" between parties is not sufficient to establish joint infringement); *Desenberg*, 392 F. App'x at 871 (affirming district court's dismissal of complaint where defendant's interactions with third-party users constituted arms-length transactions and plaintiff failed to allege that defendant controlled or directed the actions of those users); *Friday Grp.*, 2008 WL 5233078, at *3 ("Notably absent from Plaintiff's Complaint and its Memorandum, however, is any indication as to which defendant exercises this direction or control.  Rather, Plaintiff instead throws too broad a net and instead attempts to implicate each defendant without identifying any single defendant as the 'mastermind' or that one would ultimately be vicariously liable for the acts of other defendants. . . . Plaintiff's Complaint fails to state a claim.").

the Plaintiff."  *Abraxis BioSci., Inc. v. Navinta LLC*, No. 07-1251, 2009 WL 904043, at *3 (D.N.J. Mar. 30, 2009) (citing *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005)).  To meet this burden "a plaintiff who is not the original patentee 'must produce a written instrument documenting the transfer of [ownership].'"  *Id.* (quoting *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250 (Fed. Cir. 2000)).  As this Court previously has explained, "[a]nalysis of the written instrument is crucial" to evaluate whether a plaintiff does, in fact, have standing to bring a claim.  *TV Guide Online, Inc. v. Tribune Media Servs.*, No. CV 05-725-SLR/LPS, 2008 WL 979538, at *3 (D. Del. Mar. 26, 2008)).  Failure to meet this burden warrants dismissal of a plaintiff's claims.  *See Purdue Pharma Prods. L.P.*, 2008 WL 7526342, at *3 (granting motion to dismiss where plaintiff failed to show that it had an exclusive license or that it had exclusive license to a particular field of use).

Here, IV I alleges in the Complaint that it is the "exclusive licensee who possesses all substantial right, title, and interest in the '0032 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement," (D.I. 1, Compl. ¶ 30.)  Beyond this single, conclusory statement, however, IV I puts forth no factual allegations to allow this Court to conclude that IV I has standing to bring this claim.  IV I has neither attached any exclusive licensing agreement to its Complaint nor provided the Court with any information as to the terms and scope of such an agreement.  The Complaint does not even explicitly state that such an agreement exists, and inquiries with the United States Patent and Trademark Office revealed no recordation of any rights in the patent residing with IV I.  (*See* Ex. D.)  Absent any indication that IV I has been assigned this patent, much less that it possesses "all substantial rights" in the patent, IV I has failed to meet its burden to establish standing.  Thus, Count VIII of the Complaint should be dismissed under Rule 12(b)(1).

## CONCLUSION

Defendants respectfully request that the Court dismiss any and all of Plaintiffs' claims for indirect and joint infringement and dismiss Count VIII due to Plaintiff IV I's lack of standing to assert it.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jying@mnat.com

*Attorneys for T-Mobile USA, Inc., Nextel Operations, Inc. and Sprint Spectrum, L.P.*

OF COUNSEL:

Josh Krevitt
Benjamin Hershkowitz
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000

*Attorneys for T-Mobile USA, Inc.*

SEITZ ROSS ARONSTAM & MORITZ LLP

*/s/ Collins J. Seitz, Jr.*

_____

Collins J. Seitz, Jr. (#2237)
100 South West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
cseitz@seitzross.com

*Attorneys for AT&T Mobility LLC and SBC Internet Services Inc.*

OF COUNSEL:

Bryant C. Boren, Jr.
Christopher W. Kennerly
Kevin Cadwell
BAKER BOTTS, LLP
620 Hansen Way
Palo Alto, CA 94304-1014
(650) 739-7500

Brian C. Riopelle
David E. Finkelson
Derek H. Swanson
MCGUIRE WOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
(804) 775-1000

Mark Varboncouer
Amy L. Signaigo
MCGUIRE WOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
(312) 849-8100

*Attorneys for Sprint Spectrum LP and Nextel Operations Inc.*

April 30, 2012
5895924.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on April 30, 2012, upon the following individuals in the manner indicated:

Joseph J. Farnan, III, Esquire                                     *BY ELECTRONIC MAIL*
Brian E. Farnan, Esquire
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiffs*

Martin J. Black, Esquire                                            *BY ELECTRONIC MAIL*
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
*Attorneys for Plaintiffs*

Jeffrey B. Plies, Esquire                                           *BY ELECTRONIC MAIL*
DECHERT LLP
300 W. 6th Street, Suite 2010
Austin, TX 78701
*Attorneys for Plaintiffs*

Stephen J. Akerley, Esquire                                         *BY ELECTRONIC MAIL*
DECHERT LLP
2440 W. El Camino Real Suite 700
Mountain View, CA 94040-1499
*Attorneys for Plaintiffs*


*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)