**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and | ) | |
| INTELLECTUAL VENTURES II LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 12-193 (LPS) |
| v. | ) | |
| | ) | |
| AT&T MOBILITY LLC; AT&T MOBILITY | ) | |
| II LLC; NEW CINGULAR WIRELESS | ) | |
| SERVICES, INC.; SBC INTERNET | ) | |
| SERVICES, INC.; WAYPORT, INC.; T- | ) | |
| MOBILE USA, INC.; NEXTEL | ) | |
| OPERATIONS, INC.; SPRINT SPECTRUM | ) | |
| L.P.; UNITED STATES CELLULAR | ) | |
| CORPORATION; and TELEPHONE AND | ) | |
| DATA SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jying@mnat.com
*Attorneys for T-Mobile USA, Inc., Nextel Operations, Inc. and Sprint Spectrum, L.P.*

SEITZ ROSS ARONSTAM & MORITZ LLP
Collins J. Seitz, Jr. (#2237)
Benjamin J. Schladweiler (#4601)
100 South West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
cseitz@seitzross.com
bschladweiler@seitzross.com
*Attorneys for AT&T Mobility LLC and SBC Internet Services Inc.*

RICHARDS, LAYTON & FINGER, P.A.
Gregory P. Williams (#2168)
Steven J. Fineman (#4025)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
williams@rlf.com
fineman@rlf.com
*Attorneys for United States Cellular Corporation and Telephone Data Systems, Inc.*

June 14, 2012

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

TABLE OF ABBREVIATIONS ........................................................................................... v

NATURE AND STAGE OF THE PROCEEDINGS ................................................... 1

SUMMARY OF ARGUMENT ........................................................................................ 2

STATEMENT OF FACTS ................................................................................................. 3

ARGUMENT ...................................................................................................................... 5

I.      Plaintiffs Fail to Plead Viable Claims for Induced Infringement in Counts
        I, II, V, and XII–XVI and, Therefore, Those Claims Should Be Dismissed ..................... 5

        A.      Plaintiffs Have Not Alleged that Defendants Possessed the Requisite
                Knowledge and Specific Intent to Infringe ............................................................ 5

        B.      Plaintiffs Have Not Alleged that Defendants Knew of the Patents-in-Suit
                Prior to the Filing of the Complaint and At the Time of the Alleged
                Infringement ................................................................................................................ 7

        C.      Plaintiffs Have Failed to Identify a Third Party Direct Infringer in Counts
                I, II, and XVI, and These Counts Should Be Dismissed ...................................... 10

II.     Plaintiffs' Willfulness Allegations Against AT&T (Counts II, V, & XIV)
        and Sprint (Count XIV) Should Be Dismissed ................................................................ 12

III.    Plaintiffs Fail to Plead Viable Claims for Joint Infringement in
        Counts I-V, XI, and XVI and, Therefore, Those Claims Should be
        Dismissed ...................................................................................................................... 12

        A.      Joint Infringement Requires a "Mastermind" Who Controls or Directs the
                Alleged Infringement of Others Such that Vicarious Liability Would Be
                Warranted ..................................................................................................................... 12

        B.      Plaintiffs Have Not Alleged Sufficient Facts To Allow the Court To Infer
                that One Party Controlled or Directed the Actions of the Others ...................... 14

CONCLUSION ................................................................................................................... 17

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aguirre v. Powerchute Sports, LLC,*
  No. SA-10-cv-0702 XR, 2011 WL 2471299 (W.D. Tex. Jun. 17, 2011) ................................. 8

*Akamai Technologies, Inc. v. Limelight Networks, Inc.,*
  419 F. App'x 989 (Fed. Cir. 2011) ........................................................................ 13

*Apeldyn Corp. v. Sony Corp.,*
  --- F. Supp. 2d ----, Civ. No. 11–440–SLR, 2012 WL 1129371 (D. Del. 2012) ...................... 9

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................................................... 5

*BMC Res., Inc. v. Paymentech, L.P.,*
  498 F.3d 1373 (Fed. Cir. 2007) ....................................................................... *passim*

*Chalumeau Power Systems LLC v. Alcatel-Lucent,*
  C.A. No. 11-1175-RGA (D. Del. Mar. 20, 2012) .......................................................... 8

*Circuit City Stores v. Citgo Petroleum Corp.,*
  No. 92-7394, 1994 WL 483463 (E.D. Pa. Sept. 7, 1994) ............................................... 2

*Desenberg v. Google, Inc.,*
  392 F. App'x 868 (Fed. Cir. 2010) ...................................................................... 13

*DSU Med. Corp. v. JMS Co., Ltd.,*
  471 F.3d 1293 (Fed. Cir. 2006) ....................................................................... 6, 10

*Dynacore Holdings Corp. v. U.S. Philips Corp.,*
  363 F.3d 1263 (Fed. Cir. 2004) .......................................................................... 6

*Emtel, Inc. v. LipidLabs, Inc.,*
  583 F. Supp. 2d 811 (S.D. Tex. 2008) ................................................................... 15

*Eolas Tech. Inc. v. Microsoft Corp.,*
  65 U.S.P.Q. 2d 1090 (N.D. Ill. Oct. 18, 2002) ......................................................... 10

*EON Corp. IP Holdings LLC v. Flo TV Inc.,*
  802 F. Supp. 2d 527 (D. Del. 2011) .................................................................. *passim*

*Fowler v. UPMC Shadyside,*
  578 F.3d 203 (3d Cir. 2009) ............................................................................. 5

## TABLE OF AUTHORITIES
### (continued)

Page(s)

*Friday Grp. v. Ticketmaster,*
No. 08-cv-1203, 2008 WL 5233078 (E.D. Mo. Dec. 12, 2008) ......................................... 13, 16

*Global Patent Holdings, LLC v. Panthers BRHC LLC,*
586 F. Supp. 2d 1331 (S.D. Fl. 2008) *aff'd* 318 F. App'x 908 (Fed. Cir. 2009) ..................... 13

*Global-Tech Appliances, Inc. v. SEB S.A.,*
131 S. Ct. 2060 (2011) ..................................................................................................... 6

*Godlewski v. Affiliated Computer Servs., Inc.,*
210 F.R.D. 571 (E.D. Va. 2002) ...................................................................................... 2

*Gold v. Ford Motor Co.,*
--- F. Supp. 2d ----, 2012 WL 1118670 (D. Del. Apr. 2, 2012) ....................................... 5

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.,*
434 F. Supp. 2d 598 (N.D. Iowa 2006) ........................................................................... 2

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.,*
--- F.3d ----, 2012 WL 2044605 (Fed. Cir. June 7, 2012) .............................................. 11

*In re Seagate Tech., LLC,*
497 F.3d 1360 (Fed. Cir. 2007) ...................................................................................... 12

*Mallinckrodt Inc. v. E-Z-EM Inc.,*
670 F. Supp. 2d 349 (D. Del. 2009) ........................................................................ *passim*

*Muniauction, Inc. v. Thomson Corp.,*
532 F.3d 1318 (Fed. Cir. 2008) ..................................................................... 13, 14, 15, 16

*Network-1 Security Solutions, Inc. v. Alcatel-Lucent USA Inc.,*
No. 11-cv-00492 (E.D. Tex. May 14, 2012) ................................................................... 10

*ONDEO Nalco Co. v. EKA Chems., Inc.,*
No. Civ.A.01-537-SLR, 2002 WL 1458853 (D. Del. June 10, 2002) .............................. 10

*Proxyconn Inc. v. Microsoft Corporation,*
No. 11-cv-1681, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ....................................... 8, 9

*Rodime PLC v. Seagate Tech., Inc.,*
174 F.3d 1294 (Fed. Cir. 1999) ...................................................................................... 10

*Rovi Corp. v. Hulu, LLC,*
C.A. No. 11-665, 2012 WL 261982 (D. Del. Jan. 27, 2012) ............................................. 7

### TABLE OF AUTHORITIES
(continued)

Page(s)

*SRI Int'l Inc. v. Internet Sec. Sys., Inc.*,
   647 F. Supp. 2d 323 (D. Del. 2009) ........................................................................... 6

*TI Grp. Auto. Sys. v. VDO N. Am. L.L.C.*,
   Civ. No. 00-432, 2002 WL 484838 (D. Del. Mar. 7, 2002) ....................................... 7

*Via Vadis, LLC v. Skype, Inc.*,
   C.A. No. 11-507, 2012 WL 261367 (D. Del. Jan. 27, 2012) ...................................... 7

*Walker Digital, LLC v. Facebook, Inc.*,
   --- F. Supp. 2d ----, Civ. No. 11–313–SLR, 2012 WL 1129370 (D. Del. 2012) ....................... 9

**Statutes**

35 U.S.C. § 271 ......................................................................................................... 4

35 U.S.C. § 271 (a) ................................................................................................. 12

35 U.S.C. § 271 (b) ............................................................................................. 2, 5

35 U.S.C. § 271 (c) ................................................................................................... 6

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 1, 13

## <u>TABLE OF ABBREVIATIONS</u>

D.I.…………………………………………… Docket Index

D.I. 13………………………………………… Docket Index 13, Defendants Original Motion to Dismiss

D.I. 20………………...………………… Docket Index 20, Amended Complaint

Count.………………………………………… Count set forth in the Amended Complaint

Defendants…………………………………. AT&T Mobility LLC, AT&T Mobility II, New Cingular Wireless Services, Inc., SBC Internet Services, Inc., Wayport, Inc., T-Mobile USA, Inc., Nextel Operations, Inc., Sprint Spectrum L.P., United States Cellular Corporation, and Telephone & Data Systems, Inc.

Plaintiffs……………………….………… Intellectual Ventures I LLC and Intellectual Ventures II LLC

## <u>NATURE AND STAGE OF THE PROCEEDINGS</u>

Recognizing the defects in their Original Complaint, filed on February 16, 2012, Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC filed an Amended Complaint on May 7, 2012.  (D.I. 20.)  This Amended Complaint, which was filed only after the Defendants named in the Original Complaint moved to sever and to dismiss certain claims, fails to correct the defects identified by the original motion to dismiss and, in fact, compounds certain of the problems identified.  The original Defendants, now joined by United States Cellular Corporation and Telephone & Data Systems, Inc., renew their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

More specifically, Plaintiffs' Amended Complaint now alleges infringement of sixteen patents spanning at least five broad categories of technology and names ten corporate defendants that divide into four groups: AT&T Mobility, AT&T Mobility II, New Cingular Wireless Services, Inc., SBC Internet Services, and Wayport, Inc. (collectively "AT&T"); Sprint Spectrum and Nextel Operations ("Sprint"); United States Cellular Corporation and Telephone & Data Systems, Inc. (collectively "U.S. Cellular"); and T-Mobile USA, Inc. ("T-Mobile"). Defendants move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the indirect infringement claims for inducement from Counts I, II, V,[1] and XII–XVI.  Defendants also move to dismiss the direct infringement claims from Counts I–V,[2] XI, and XVI to the extent they rely on a theory of joint infringement in which no single Defendant is alleged to perform all of the

---

[1]  To the extent that Plaintiffs intended to assert an induced infringement claim in Count V, that claim is asserted only against Defendant AT&T.

[2]  Defendants note that Plaintiffs have not made explicit allegations of joint infringement in Counts IV and V.  However, in these Counts, Plaintiffs have included allegations that Defendants share phone numbers and identification information with each other.  (*See* Count IV ¶ 87; Count V ¶ 93.)  To the extent that Plaintiffs intended to assert joint infringement claims in these Counts, such claims would fail for the same reasons as the other joint infringement claims, as discussed herein in Section III.

1

required method steps of any of the asserted patent claims.  Defendants further move to dismiss the willful infringement claims, which only appear in Counts II and V against AT&T and in Count XIV against AT&T and Sprint.[3]

## SUMMARY OF ARGUMENT

In their second bite at the proverbial apple, Plaintiffs failed to correct numerous pleading deficiencies that doomed their first Complaint in several critical respects and have put forth little factual support to underpin the enormous number of claims they attempt to assert against a group of Defendant competitors.  Insofar as Plaintiffs seek to assert causes of action premised on induced infringement or joint infringement, their claims are inadequately pled across the board.

First, Plaintiffs again failed to plead facts sufficient to establish the elements of an induced infringement claim, namely: (1) that the Defendants knew that they were inducing infringement and specifically intended to induce infringement; (2) that the Defendants knew of the patents-in-suit at the time of alleged infringement; and (3) direct infringement by another whose infringement has been induced by any Defendant.  *See Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 353-54 (D. Del. 2009).  Specifically, the eight counts (Counts I, II, V, and XII–XVI) that assert claims for inducement under 35 U.S.C. § 271(b) fail to allege any facts to demonstrate the required knowledge of the patents at the time of the alleged infringement, and Counts I, II, and XVI do not satisfy the requirement to allege an actual direct infringer.  In

---

[3]  A motion to dismiss that addresses part of a complaint suspends the time for Defendants to answer or otherwise respond to the remaining allegations in the Complaint. *See, e.g., Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 639 (N.D. Iowa 2006) ("[A] motion pursuant to Rule 12(b), even one that challenges less than all of the claims asserted in the complaint or other pleading, extends the time to answer as to all claims in the pleading."); *Godlewski v. Affiliated Computer Servs., Inc.,* 210 F.R.D. 571, 572 (E.D. Va. 2002) ("A majority of courts . . . hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *Circuit City Stores v. Citgo Petroleum Corp.*, No. 92-7394, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994) ("A partial 12(b) motion enlarges the time to file an answer.").

addition, in the few instances where Plaintiffs claim willful infringement against AT&T (Counts II, V, & XIV) and Sprint (Count XIV), the allegations should be dismissed for many of the same failings.

Second, Plaintiffs fail to allege facts showing that any relevant party acted as a "mastermind" exercising control or direction over the entire infringing process, such that every step is attributable to that party.  Without this necessary allegation, Plaintiffs' claims of joint infringement in Counts I–V, XI, and XVI similarly fail as a matter of law.[4]  *See BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379-81 (Fed. Cir. 2007); *EON Corp. IP Holdings LLC v. Flo TV Inc.*, 802 F. Supp. 2d 527, 534-35 (D. Del. 2011).

## STATEMENT OF FACTS[5]

Plaintiffs, two Delaware limited liability companies, sued four independent groups of competitors in the wireless telecommunications industry in an Amended Complaint that casts a wide net of allegations stretching over at least five different, unrelated technologies.  The sixteen counts in Plaintiffs' Amended Complaint assert sixteen patents owned by separate plaintiffs that cover an array of technologies, including: (1) text and multimedia messaging services (Counts I–V, XVI); (2) directory assistance services (Count VI); (3) customer-service website services (Count VII); (4) signal processing (Counts VIII–XI); and (5) Wi-Fi standards (Counts XII–XV).

Despite being confronted with multiple pleading deficiencies that were highlighted in Defendants' first motion to dismiss (D.I. 13), Plaintiffs failed to address the bulk of those fatal deficiencies in their Amended Complaint.  In particular, although Plaintiffs now refer to the

---

[4]  In Count VII, Plaintiffs allege that Defendants and their customers have committed joint infringement.  Plaintiffs' other joint infringement claims are based on alleged infringement between the Carrier Defendants only.  (Counts I–V, XI, XVI.)  Although Defendants believe that the allegations in Count VII still are insufficient to state a claim, they do not challenge Plaintiffs' joint infringement claim in Count VII for purposes of this motion.

[5]  For the Court's convenience, Exhibit A attached hereto sets forth Plaintiffs' allegations of induced and joint infringement in the Amended Complaint by count.

specific subsections of 35 U.S.C. § 271 under which they are attempting to assert claims, Plaintiffs again fail to put forth sufficient *non-conclusory, factual* allegations to state claims for either induced or joint infringement.

For example, in response to Defendants' argument that the induced infringement claims should be dismissed for failure to plead knowledge and intent, Plaintiffs' primary amendment was to plead only that Defendants had knowledge of the patents-in-suit at least since the filing of the Original Complaint.  (*See, e.g.*, Am. Compl. ¶¶ 67, 75, 119, 125, 133, 139, 145.)  As to the intent element, Plaintiffs merely repeated their conclusory allegations that Defendants had "specific intent to encourage" infringement.  (*Id.*)  With a few minor exceptions—which are facially insufficient—Plaintiffs set forth no allegations of pre-suit knowledge and provide no specific factual allegations regarding intent.[6]

Likewise, as to joint infringement, Plaintiffs again failed to plead sufficient facts tending to establish that any Defendant acts as a "mastermind" who controls or directs the infringing actions of any of the other Defendants.  Instead, the Amended Complaint merely continues to rely on the allegations that Defendants have jointly infringed pursuant to "contractual obligations" and "roaming agreements" that facilitate access across, and the transfer of calls, messages, and data between, Defendants' independently-operated networks.[7]   The Amended

---

[6]  Plaintiffs attempt to allege pre-suit knowledge only with respect to certain Defendants for certain patents-in-suit.  (*See* Count II ¶ 77 (AT&T); Count V ¶ 94 (AT&T); Count XIV ¶ 131 (Sprint PCS and Nextel); Count XIV ¶ 132 (AT&T).)  As set forth *infra* in note 14, these allegations are conclusory and provide no facts from which the Court could infer that these Defendants did, in fact, have knowledge of the above-cited patents-in-suit.  Plaintiffs have not alleged any other facts relating to any pre-suit knowledge of the sixteen patents-in-suit.

[7]  *See, e.g.*, Count I ¶ 68 (alleging that Defendants "act in-concert with one another, pursuant to their contractual obligations to each other . . . [to] jointly provid[e] their customers with the infringing MMS intercarrier service"); Count II ¶¶ 74-75 (alleging Defendants jointly infringe pursuant to "contractual 'roaming' agreement[s] that require[] each party to process calls and messages for customers of another party"); Count III ¶ 81 (alleging that Defendants "have entered into inter-network messaging agreements" and "share . . . phone numbers and identification information which allows [Defendants] . . . to facilitate the blocking of messages");

Complaint fails to allege, however, that any one Defendant exercises control or direction over *any of the other Defendants*.[8]

## ARGUMENT[9]

### I.   Plaintiffs Fail to Plead Viable Claims for Induced Infringement in Counts I, II, V,[10] and XII–XVI and, Therefore, Those Claims Should Be Dismissed

There are three requirements to plead induced infringement under 35 U.S.C. § 271(b). *See Mallinckrodt*, 670 F. Supp. 2d at 353-54.  Plaintiffs' allegations fail to satisfy even a single one of the three elements required to support an induced infringement claim, the failure to meet any one of which requires dismissal.

#### A.   Plaintiffs Have Not Alleged that Defendants Possessed the Requisite Knowledge and Specific Intent to Infringe

To state a claim for induced infringement under 35 U.S.C. § 271(b),[11] a plaintiff must

---

Count IV ¶ 87 (alleging that Defendants "share amongst each other phone numbers and identification information"); Count V ¶ 93 (same); Count XI ¶ 114 (alleging that Defendants have jointly infringed pursuant to roaming agreements under which Defendants "handl[e] data communications for each other's customers"); Count XVI ¶¶ 144-45 (alleging that Defendants are jointly liable because they "have entered into bi-lateral contracts and agreements to transfer MMS messages between themselves").

[8]  Plaintiffs' only allegation of "control and direction" appears in Count VII, which involves Defendants' purported exercise of control and direction over *customers*.  As noted *supra* in note 4, Defendants are not challenging Count VII for purposes of this motion.

[9]   The Court is familiar with the standards for granting a Rule 12(b)(6) motion to dismiss, as set forth in this Court's recent opinion in *Gold v. Ford Motor Co.*, --- F. Supp. 2d ----, 2012 WL 1118670, at *3 (D. Del. Apr. 2, 2012).  As the Third Circuit has explained, "[a]fter *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  Rather, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  *Id.* at 211.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief."  *Id.* (internal quotation marks, alteration, and citation omitted).

[10]  In Count V, Plaintiffs have not cited 35 U.S.C. § 271(b).  However, Plaintiffs included an allegation against AT&T only that AT&T "had and continues to have the specific intent to encourage others, including its customers, to infringe the '509 patent."  (Count V ¶ 94.)  Thus, to the extent that Plaintiffs intended to assert a claim for induced infringement against AT&T in Count V, this claim should be dismissed for failure to plead the requisite knowledge and intent, as discussed herein.

"establish that the 'defendant possessed the requisite knowledge or intent to be held vicariously liable.'" *Mallinckrodt*, 670 F. Supp. 2d at 354 (quoting *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004)).   In other words, the plaintiff must allege facts showing "that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *EON Corp.*, 802 F. Supp. 2d at 533 (quoting *SRI Int'l Inc. v. Internet Sec. Sys., Inc.*, 647 F. Supp. 2d 323, 335 (D. Del. 2009)).[12]   At a minimum, this element requires proof of willful blindness on the part of the defendant alleged to have induced another party's infringing activity.   *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070 (2011) (explaining that the doctrine of willful blindness has "two basic requirements: (1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact").

Plaintiffs fail to meet these standards.   In the majority of their inducement claims, Plaintiffs allege simply that Defendants have had knowledge of the patents-in-suit "since at least" the filing of the Original Complaint and have possessed "the specific intent to encourage" such infringement by others.   (*See, e.g.*, Count I ¶ 67; Count II ¶ 75; Count XII ¶ 119; Count XIII ¶ 125; Count XIV ¶ 133 (as to T-Mobile and SBC Internet); Count XV ¶ 139; Count XVI ¶ 145.) Plaintiffs also have not even attempted to allege that Defendants here were willfully blind or deliberately shielded themselves from facts that would have indicated a high probability of the existence of induced infringement.   Thus, as with their flawed Original Complaint, Plaintiffs set forth no specific facts from which the Court could infer that Defendants possessed the requisite

---

[11]   Plaintiffs make clear in their Amended Complaint that they are not asserting any claims for contributory infringement under 35 U.S.C. § 271(c).

[12]   *See also Mallinckrodt*, 670 F. Supp. 2d at 354 ("Liability for inducing infringement requires 'that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements.'"   (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006))).

knowledge and intent.

As courts have repeatedly held, such bare, conclusory allegations concerning a defendant's supposed "knowledge" and "intent," in the absence of any additional factual allegations, are patently insufficient to state a claim. *See, e.g.*, *Rovi Corp. v. Hulu, LLC*, C.A. No. 11-665, 2012 WL 261982, at *2 (D. Del. Jan. 27, 2012) (dismissing induced infringement claims because "[t]here are simply no facts . . . to support the claims that [Defendant] induced others to infringe"); *Via Vadis, LLC v. Skype, Inc.*, C.A. No. 11-507, 2012 WL 261367, at *2 (D. Del. Jan. 27, 2012) (same); *Mallinckrodt*, 670 F. Supp. 2d at 354 (dismissing induced infringement claims given, *inter alia*, Plaintiff's failure to allege intent); *TI Grp. Auto. Sys. v. VDO N. Am. L.L.C.*, Civ. No. 00-432, 2002 WL 484838, at *2 (D. Del. Mar. 7, 2002) (dismissing induced infringement claim based on Plaintiff's failure to allege facts showing intent). Likewise, in *EON Corp.*, the court dismissed indirect infringement claims even where the plaintiff alleged that each defendant "knowingly and specifically intend[ed] to . . . induce infringement" and further alleged that the defendants had knowledge of the patent-in-suit through licensing agreements conferring them rights to two patents that cited the patent-in-suit as prior art. 802 F. Supp. at 532. Accordingly, given Plaintiffs' merely conclusory allegations of knowledge and intent, the Court should dismiss Plaintiffs' induced infringement claims.

**B.  Plaintiffs Have Not Alleged that Defendants Knew of the Patents-in-Suit Prior to the Filing of the Complaint and At the Time of the Alleged Infringement**

The weight of authority holds that inducement requires a plaintiff to prove that the accused infringer "knew of the patent" ***prior to the filing of the complaint***. *Mallinckrodt*, 670 F. Supp. 2d at 354; *see also id.* at 354 & n.1 (noting that the knowledge element of an induced infringement claim "necessarily includes the requirement that [the accused infringer] knew of the patent," and stating that the court was "not persuaded by Plaintiffs' contention that the requisite

7

knowledge can be established by the filing of Plaintiffs' Complaint" (internal quotation marks and citations omitted)).   More recently, in *Chalumeau Power Systems LLC v. Alcatel-Lucent*, C.A. No. 11-1175-RGA (D. Del. Mar. 20, 2012) (Ex. B), Judge Andrews struck the plaintiff's induced infringement claims because the "[c]omplaint has no factual allegations from which it is plausible to conclude the Defendants had any knowledge of Plaintiff's patent *prior to the filing of the Complaint.*"  *Id.* ¶ 1 (emphasis added).   Likewise, the district court in *Proxyconn Inc. v. Microsoft Corporation* adopted the reasoning of other courts that "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." No. 11-cv-1681, 2012 WL 1835680, at *6 (C.D. Cal. May 16, 2012) (internal quotation marks omitted) (collecting cases); *see also Aguirre v. Powerchute Sports, LLC*, No. SA-10-cv-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. Jun. 17, 2011) (holding that indirect infringement claims were inadequately pleaded because plaintiff did not allege that defendant acted with knowledge and "[t]o the extent [plaintiff] relies on knowledge of [plaintiff's] patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement") (footnotes omitted).

Plaintiffs, however, allege only that Defendants had such knowledge since at least the filing of the Original Complaint.  This allegation of knowledge is precisely the type of allegation that the *Proxyconn* court rejected as insufficient.  *See Proxyconn*, 2012 WL 1835680, at *5.  In granting a motion to dismiss, the *Proxyconn* court explained that to allow a plaintiff to plead only that a defendant had knowledge "as of the filing of the original complaint" would allow a plaintiff "to bootstrap the knowledge Defendants *now* have based on Plaintiff's filing of the Complaint onto defendant's acts *before* Plaintiff filed its complaint," which would "effectively hold[] a defendant liable for acts it did without knowledge."   *Id.* (emphasis in original).

Moreover, "requiring a Plaintiff to plead knowledge based on facts other than the filing of the present lawsuit furthers judicial economy and preserve parties' resources by encouraging resolution prior to filing a lawsuit. . . . Indeed, Plaintiff could have notified Defendants of their alleged infringement and sought an amicable resolution at any time prior to filing this suit. Defendants should not be punished for Plaintiff's failure to do so." *Id.*[13]   Furthermore, a defendant could not have the requisite specific intent to induce the infringement of another without knowledge of the patent at the time of the alleged infringement prior to the filing of the lawsuit.  And the mere filing of a lawsuit does not suffice to make innocent conduct suddenly culpable.  Accordingly, because Plaintiffs fail to allege pre-suit knowledge of the patents-in-suit, they fail to state any claim for induced infringement.[14]

---

[13]  The *Proxyconn* court also disagreed with the reasoning in *Walker Digital, LLC v. Facebook, Inc.*, --- F. Supp. 2d ----, Civ. No. 11–313–SLR, 2012 WL 1129370 (D. Del. 2012), where the Court allowed a complaint "to proceed to discovery rather than dismissing it for lack of pre-filing knowledge" in the "interests of judicial economy," because "by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge as pled by plaintiff." *Id.* at *5.  The *Proxyconn* court found that that "[s]uch a view gives too little weight to the judicial inefficiencies and parties' expenses in litigating potentially meritless claims."  2012 WL 1835680, at *7.  Defendants also note that *Apeldyn Corp. v. Sony Corp.*, --- F. Supp. 2d ----, Civ. No. 11–440–SLR, 2012 WL 1129371 (D. Del. 2012) is inapposite here, insofar as *Apeldyn* involved allegations that defendants had knowledge based on allegations made against them in a *prior* suit. *Id.* at *4.  Plaintiffs here, in contrast, have relied only on knowledge as of the filing of the Original Complaint in this suit and have made no such allegations of knowledge based on Defendants' purported awareness of previous litigation.

[14]  Plaintiffs attempt to support a charge of pre-suit knowledge with respect to certain Defendants and certain patents-in-suit.  For example, in Count II, Plaintiffs allege that AT&T had knowledge of the patent-in-suit "since no later than June 10, 2003, when AT&T Mobility . . . brought it to the attention of the examiner in an Information Disclosure Statement during the prosecution of U.S. Patent No. 7,912,453."  (Am. Compl. ¶ 77.)  In Count V, Plaintiffs allege that "AT&T Mobility has had knowledge of the '509 patent since no later than June 30, 1999, when it was brought to AT&T Mobility's or a predecessor's attention during prosecution of U.S. Patent No. 6,493,430."  (*Id.* ¶ 94.)  In Count XIV, Plaintiffs allege that "Sprint PCS and Nextel have had knowledge of the '392 patent since no later than July 9, 2008, when it was brought to Nextel Communications, Inc.'s attention during prosecution of the U.S. Patent No. 7,924,871."  (*Id.* ¶ 131.)  Plaintiffs similarly allege that  "AT&T Corporation has had knowledge of the '392 patent since on or about October 28, 2009, when it was brought to AT&T Corporation's attention during the prosecution of AT&T's U.S. Patent No. 7,769,043."  (*Id.* ¶ 132.)  Regarding Count II, if Plaintiffs' allegation were sufficient, then the mere handling of an Information Disclosure Statement by outside patent counsel, which happens to list a patent-in-suit, would impute the requisite knowledge of that patent to the client for purposes of inducement.  That is simply not

**C.   Plaintiffs Have Failed to Identify a Third Party Direct Infringer in Counts I, II, and XVI, and These Counts Should Be Dismissed**

A claim for "[i]ndirect infringement"—such as the induced infringement claims at issue here—"requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement."   *BMC Res.*, 498 F.3d at 1379; *see also Mallinckrodt*, 670 F. Supp. 2d at 354 ("Claims for indirect infringement cannot exist in the absence of direct infringement.").   Indeed, the purpose of an induced infringement claim is to hold a defendant vicariously liable for the direct infringement of a patent *by a third party*.   *See Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999) ("Inducement requires proof that the accused infringer knowingly aided and abetted another's direct infringement of the patent.").   The burden rests on "the patentee . . . to show direct infringement for each instance of indirect infringement."   *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006). Failure to plead direct infringement by a non-party warrants dismissal of a plaintiff's induced infringement claims.   *See Network-1 Security Solutions, Inc. v. Alcatel-Lucent USA Inc.*, No. 11-cv-00492, slip op. at 4-5 (E.D. Tex. May 14, 2012) (dismissing indirect infringement claims where the plaintiff had alleged only that the defendants "have contributed to or induced, and continued to contribute to or induce, others to infringe" the patent-in-suit) (Ex. C); *ONDEO Nalco Co. v. EKA Chems., Inc.*, No. Civ.A.01-537-SLR, 2002 WL 1458853, at *1 (D. Del. June

---

plausible. *Cf. Eolas Tech. Inc. v. Microsoft Corp.*, 65 U.S.P.Q. 2d 1090, 1112 (N.D. Ill. Oct. 18, 2002) (denying plaintiff's motion to compel defendant to produce "all of [defendant's] patent applications that cite the [patent-in-suit]" because defendant's citations of the patent-in-suit in Information Disclosure Statements during prosecution of defendant's numerous patents were unlikely to show that defendant possessed the knowledge needed for willful infringement; "knowledge must constitute more than merely knowing that the [patent-in-suit] existed"). And for Counts V and XIV, Plaintiffs' allegations would seemingly charge a defendant with knowledge of the asserted patent solely by virtue of the Patent Office's citation of that patent as background prior art (made of record and not relied on) in an Office Action involving a defendant's own patent not at issue. This "link" is simply too tenuous to support the charge that a Defendant possessed the requisite pre-suit knowledge. *See EON Corp.*, 802 F. Supp. 2d at 533 ("[T]he link between the '757 patent and defendants involved in the licensing agreements . . . is too tenuous to sustain an allegation of knowledge.").

10, 2002) (dismissing inducement claim where the pleadings "fail[ed] to allege direct infringement by a party other than [the accused infringer]").

The Federal Circuit's recent decision in *In re Bill of Lading Transmission & Processing Sys. Patent Litig.* does not save Plaintiffs' insufficient pleadings.   In that decision, the Federal Circuit held that "[t]o state a claim for indirect infringement . . . a plaintiff need not identify a *specific* direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists."   *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, --- F.3d ----, 2012 WL 2044605, at *8 (Fed. Cir. June 7, 2012) (emphasis in original).   Counts I, II, and XVI in Plaintiffs' First Amended Complaint, however, do not even "allow an inference that at least one direct infringer exists."

For example, in Count I, Plaintiffs only allege that a "first Carrier Defendant" performs the first five steps of claim 1 of the asserted patent while a "second Carrier Defendant" performs the last four steps.   (Am. Compl. ¶ 68.)   But under such a joint infringement theory, one party can be liable as a direct infringer based on the infringing acts of another party only if it is the "mastermind" exerting "direction or control" over the servant.   *BMC Res.*, 498 F.3d at 1381. Plaintiffs make no such allegations, nor could they, given that the Defendant Carriers are fierce competitors.   Plaintiffs' allegations of joint infringement in Counts II and XVI suffer from the same deficiencies.   Plaintiffs thus fail to allege that any entity performs (or controls performance of) all of the steps of any claim of the patents asserted in Counts I, II and XVI.   Accordingly, Plaintiffs' allegations do not even allow an inference that a direct infringer exists, and thus Plaintiffs' claims of induced infringement in Counts I, II, and XVI fail.[15]

---

[15]   In Counts XII, XIII, XIV, and XV, Plaintiffs allege that Defendants' "customers and end users have directly infringed."   (Am. Compl. ¶¶ 118, 124, 130, & 138.)   Defendants do not contend, for purposes of this motion, that these allegations are insufficient to satisfy the requirement that Plaintiffs plead direct infringement by a third party.

## II. Plaintiffs' Willfulness Allegations Against AT&T (Counts II, V, & XIV) and Sprint (Count XIV) Should Be Dismissed

Plaintiffs' allegations of willful infringement—against AT&T in Counts II, V, and XIV, and against Sprint in Count XIV—are defective for many of the same reasons that their indirect infringement allegations in these counts must fail.[16]  Among other things, a claim of willfulness requires a plausible allegation of pre-suit notice of the patent-in-suit, coupled with a showing "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 & 1374 (Fed. Cir. 2007).  "[T]his objectively-defined risk" must either have been "known or so obvious that it should have been known to the accused infringer."  *Id.* at 1371.  Merely suggesting, as Plaintiffs have here, that AT&T and Sprint have the requisite knowledge based on the fact that a particular patent-in-suit was cited during the prosecution of these Defendants' own unrelated patents falls well short of meeting these standards.  Accordingly, Plaintiffs' willfulness allegations are insufficient as a matter of law and similarly should be dismissed.

## III. Plaintiffs Fail to Plead Viable Claims for Joint Infringement in Counts I–V, XI, and XVI and, Therefore, Those Claims Should be Dismissed

### A. Joint Infringement Requires a "Mastermind" Who Controls or Directs the Alleged Infringement of Others Such that Vicarious Liability Would Be Warranted

Under 35 U.S.C. § 271(a), direct infringement requires a showing that "a defendant has practiced each and every element of the claimed invention."  *BMC Res.*, 498 F.3d at 1380.  "In circumstances where one party performs some of the steps of a patent claim, and another entity performs other of the claimed steps, a theory of joint infringement may establish liability."  *EON Corp.*, 802 F. Supp. 2d at 534.  Under binding precedent, however, "[j]oint infringement will only lie . . . 'if one party exercises 'control or direction' over the entire process such that every

---

[16]   There are no willfulness allegations against Defendants T-Mobile and U.S. Cellular.

step is attributable to the controlling party, *i.e.* the 'mastermind.'" *Id.* (quoting *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008)).[17]  Stated otherwise, under a joint infringement theory, one party can be liable for infringing acts of another *only if* it is the "mastermind" exerting "direction or control" over the servant, based on principles of vicarious liability.  *BMC Res.*, 498 F.3d at 1381-82.

In deciding a motion under Rule 12(b)(6), a district court may take into consideration a plaintiff's failure to allege the "direction or control" required to satisfy this standard, and courts have dismissed claims for joint infringement where plaintiffs have failed to so plead.  *See EON Corp.*, 802 F. Supp. 2d at 534-35 (dismissing direct infringement claims where plaintiff did "not provide specific facts explaining any alleged relationships among defendants" and plaintiff had "fail[ed] to identify any defendant as exercising 'control or direction' over the allegedly infringing acts of other parties"); *Desenberg v. Google, Inc.*, 392 F. App'x 868, 871 (Fed. Cir. 2010) (affirming district court's dismissal of complaint where plaintiff failed to allege that defendant controlled or directed the actions of third-party users); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335 (S.D. Fl. 2008) (dismissing complaint where plaintiff failed to allege that defendant exerted sufficient "control or direction" over third-party users), *aff'd* 318 F. App'x 908, 909 (Fed. Cir. 2009); *Friday Grp. v. Ticketmaster*, No. 08-cv-1203, 2008 WL 5233078, at *3 (E.D. Mo. Dec. 12, 2008) (dismissing complaint for failure to state a claim where plaintiff threw "too broad a net and instead attempt[ed] to implicate each defendant without identifying any single defendant as the 'mastermind' or that one would ultimately be vicariously liable for the acts of the other defendants").

---

[17]  In *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 419 F. App'x 989, 989-90 (Fed. Cir. 2011), the Federal Circuit is reviewing *en banc* whether the district court in that case properly applied the *Muniauction* and *BMC Resources* standards in granting judgment as a matter of law to the accused infringer following a jury verdict of infringement based on a joint infringement theory.

The Federal Circuit has explained that vicarious liability attaches "in circumstances showing that the liable party *controlled the conduct* of the acting party." *BMC Res.*, 498 F.3d at 1379 (emphasis added).  Neither the "mere 'arms-length cooperation'" between parties nor the provision of instructions on the use of an allegedly infringing system can satisfy the joint infringement requirements.  *Muniauction*, 532 F.3d at 1329-30 (citations omitted) (noting that the fact "[t]hat [defendant] controls access to its system and instructs bidders on its use is not sufficient to incur liability for direct infringement").

### B. Plaintiffs Have Not Alleged Sufficient Facts To Allow the Court To Infer that One Party Controlled or Directed the Actions of the Others

Plaintiffs yet again fail to allege that any Defendant acts as a "mastermind" exercising control or direction over the allegedly infringing activities of another Defendant so as to give rise to vicarious liability.  Plaintiffs also do not allege that any Defendant contracted out steps of the alleged patented methods to avoid infringement.  Instead, Plaintiffs allege only that Defendants have entered into unspecified arms-length contractual agreements, pursuant to which Defendants purportedly cooperate, share certain information, and allow each other's customers to use their networks.

- Count I ¶ 68 (alleging that Defendants "act in-concert with one another, pursuant to their contractual obligations to each other . . . [to] jointly provid[e] their customers with the infringing MMS intercarrier service");
- Count II ¶¶ 74-75 (alleging Defendants jointly infringe pursuant to "contractual 'roaming' agreement[s] that require[] each party to process calls and messages for customers of another party");
- Count III ¶ 81 (alleging that Defendants "have entered into inter-network messaging agreements" and "share . . . phone numbers and identification information which allows [Defendants] . . . to facilitate the blocking of messages");[18]

---

[18]  Defendants note that, in Counts IV and V, Plaintiffs have included similar allegations that Defendants share phone numbers and identification information with each other.  (*See* Count IV ¶ 87; Count V ¶ 93.)  However, Plaintiffs have not made any explicit allegations of joint infringement in these Counts.  In any event, to the extent that Plaintiffs intended to assert a joint infringement claim in these Counts, such a claim would fail for the reasons discussed herein, including Plaintiffs' failure to allege control or direction by one carrier Defendant over the other carrier Defendants.

- Count XI ¶ 114 (alleging that Defendants have jointly infringed pursuant to roaming agreements under which Defendants "handl[e] data communications for each other's customers"); and
- Count XVI ¶¶ 144-45 (alleging that Defendants are jointly liable because they "have entered into bi-lateral contracts and agreements to transfer MMS messages between themselves").

Plaintiffs further allege that, insofar as Defendants facilitate access across their networks under these alleged contractual agreements, Defendants have created a national "interoperable" telecommunications network.[19] At their core, Plaintiffs' allegations of joint infringement are based simply on the facilitation of access across Defendants' networks, due to Defendants' purported arms-length agreements with one another, their participation in standard industry protocols, and their decision to cooperate and share information.[20]

This type of arms-length cooperation cannot establish direct infringement based on a joint infringement theory under the principles set forth in *BMC Resources* and *Muniauction*. *Cf. Emtel, Inc. v. LipidLabs, Inc.*, 583 F. Supp. 2d 811, 835 (S.D. Tex. 2008) ("*BMC Resources* and *Muniauction* make clear that providing data to third parties to perform some of the claimed steps of the patented method, instructing these third parties on certain aspects of their performance,

---

[19]   *See, e.g.*, Am. Compl. ¶ 59 ("Collectively, the Carrier Defendants have created an integrated national network for the provision of wireless telecommunications services to their customers. Through bilateral agreements, participation in standard bodies and cooperation in the adoption of compatible technology, the Carrier Defendants have created a national telecommunications network allowing customers of each Carrier Defendant to communicate with each other over a vast wireless network."); ¶ 60 ("The Carrier Defendants have entered into a series of inter-carrier agreements through which they act as the agents for each other, and are contractually obligated to each other, in connection with the provision of wireless telecommunications services and have jointly created an infringing system.").

[20]   In their Amended Complaint, Plaintiffs asserted two types of joint infringement claims, namely: claims of joint infringement between the Carrier Defendants (Counts I–V, XI, XVI) and claims of joint infringement between Defendants and their customers (Count VII). Plaintiffs' only allegation of "control and direction" appears in Count VII, in which Plaintiffs claim that "[e]ach '737 patent Defendant exercises control or direction over the entire performance of the claimed method such that the performance of every step is controlled by the '737 patent Defendant, who acts as a master-mind." (Count VII ¶ 101.) As noted *supra*, although Defendants believe that the allegations in Count VII still are insufficient to state a claim, Defendants do not challenge Plaintiffs' joint infringement claim in Count VII for purposes of this motion.

and facilitating or arranging for these third parties to perform the steps, generally do not establish the type of direction or control necessary for direct infringement.").   Indeed, if these general allegations of cooperation between competing companies sufficed to state a claim for joint infringement, the statutory scheme for indirect infringement would be subverted and "a patentee would rarely, if ever, need to bring a claim for indirect infringement."  *BMC Res.*, 498 F.3d at 1381.

Plaintiffs' conclusory allegation that, "upon information and belief," Defendants act as "agents" for each other in transferring messages and completing calls for their customers (*see, e.g.*, Am. Compl. ¶ 61) fails to state a claim for joint infringement.  To withstand dismissal, a complaint must include factual allegations that a "mastermind" exercises control or direction over the servant such that the attachment of vicarious liability is warranted.  Plaintiffs have not made (and cannot make) such allegations here.  Indeed, to make an allegation that one of the carrier Defendants exercises control over, or directs the activities of, the other carrier Defendants would be nonsensical in this context, where Defendants are separate and independent companies that compete fiercely with one another in the telecommunications market.[21]   Under these circumstances, Plaintiffs' allegations of cooperation between Defendants are not sufficient to state a claim for direct infringement based on a joint infringement theory.  Thus, any direct infringement claims based on such a theory should be dismissed for failure to state a claim.[22]

---

[21]   Plaintiffs even tacitly acknowledge that the Defendants are competitors and maintain their own networks.  (*See* Am. Compl. ¶ 61 ("the carriers transfer traffic between each other"; "AT&T Mobility's network"; "the T-Mobile wireless network"), ¶ 62 ("one carrier's network"; "another carrier's network").)

[22]   *See Muniauction*, 532 F.3d at 1329 (noting that "mere 'arms-length cooperation'" between parties is not sufficient to establish joint infringement); *Friday Grp.*, 2008 WL 5233078, at *3 ("Notably absent from Plaintiff's Complaint and its Memorandum, however, is any indication as to which defendant exercises this direction or control.  Rather, Plaintiff instead throws too broad a net and instead attempts to implicate each defendant without identifying any single defendant

## CONCLUSION

Defendants respectfully request that the Court dismiss Plaintiffs' claims for induced infringement in Counts I, II, V, and XII–XVI, joint infringement in Counts I–V, XI, and XVI, as well as the willful infringement claims which are only asserted against AT&T and Sprint.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Jennifer Ying (#5550)
1201 North Market Street
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jying@mnat.com

*Attorneys for T-Mobile USA, Inc., Nextel Operations, Inc. and Sprint Spectrum, L.P.*

OF COUNSEL:

Josh Krevitt
Benjamin Hershkowitz
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000

*Attorneys for T-Mobile USA, Inc.*

OF COUNSEL:

Brian C. Riopelle
David E. Finkelson
Derek H. Swanson
MCGUIREWOODS LLP
One James Center

SEITZ ROSS ARONSTAM & MORITZ LLP

*/s/ Benjamin J. Schladweiler*

Collins J. Seitz, Jr. (#2237)
Benjamin J. Schladweiler (#4601)
100 South West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
cseitz@seitzross.com
bschladweiler@seitzross.com

*Attorneys for AT&T Mobility LLC and SBC Internet Services Inc.*

OF COUNSEL:

Bryant C. Boren, Jr.
Christopher W. Kennerly
Kevin Cadwell
BAKER BOTTS, LLP
620 Hansen Way
Palo Alto, CA 94304-1014
(650) 739-7500

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Steven J. Fineman*

Gregory P. Williams (#2168)
Steven J. Fineman (#4025)
One Rodney Square

as the 'mastermind' or that one would ultimately be vicariously liable for the acts of the other defendants. . . . Plaintiff's Complaint fails to state a claim.").

901 East Cary Street
Richmond, VA 23219
(804) 775-1000

Mark Varboncouer
Amy L. Signaigo
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
(312) 849-8100

*Attorneys for Sprint Spectrum LP and Nextel Operations Inc.*


June 14, 2012
5978679

920 North King Street
Wilmington, DE  19801
(302) 651-7700
williams@rlf.com
fineman@rlf.com

*Attorneys for United States Cellular Corporation and Telephone Data Systems, Inc.*

OF COUNSEL:

Richard J. O'Brien
William M. Chang
Savan N. Vaghani
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
(312) 853-7000

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on June 14, 2012, upon the following individuals in the manner indicated:

Joseph J. Farnan, III, Esquire                    *BY ELECTRONIC MAIL*
Brian E. Farnan, Esquire
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiffs*

Martin J. Black, Esquire                            *BY ELECTRONIC MAIL*
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
*Attorneys for Plaintiffs*

Jeffrey B. Plies, Esquire                            *BY ELECTRONIC MAIL*
DECHERT LLP
300 W. 6th Street, Suite 2010
Austin, TX 78701
*Attorneys for Plaintiffs*

Stephen J. Akerley, Esquire                        *BY ELECTRONIC MAIL*
DECHERT LLP
2440 W. El Camino Real Suite 700
Mountain View, CA 94040-1499
*Attorneys for Plaintiffs*

/s/ Jennifer Ying
_____
Jennifer Ying (#5550)