IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and | ) | |
| INTELLECTUAL VENTURES II LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-193 (LPS) |
| | ) | |
| AT&T MOBILITY LLC; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO SEVER

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jying@mnat.com

*Attorneys for T-Mobile USA, Inc., Nextel
Operations, Inc. and Sprint Spectrum, L.P.*

RICHARDS, LAYTON & FINGER, P.A.
Gregory P. Williams (#2168)
Steven J. Fineman (#4025)
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
williams@rlf.com
fineman@rlf.com

*Attorneys for United States Cellular
Corporation and Telephone and Data Systems,
Inc.*

SEITZ ROSS ARONSTAM & MORITZ LLP
Collins J. Seitz, Jr. (#2237)
Benjamin J. Schladweiler (#4601)
100 South West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
cseitz@seitzross.com
bschladweiler@seitzross.com

*Attorneys for AT&T Mobility LLC and
SBC Internet Services Inc.*

July 5, 2012

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ...................................................................1

SUMMARY OF ARGUMENT ...............................................................................................1

I.      SEVERANCE BY DEFENDANT GROUP ...................................................................1

II.     SEVERANCE OF PLAINTIFFS ...............................................................................3

STATEMENT OF FACTS .....................................................................................................4

I.      THE PLAINTIFFS AND THEIR RESPECTIVE PATENTS ARE DISTINCT...............4

II.     EACH DEFENDANT GROUP IS INDEPENDENT AND COMPETES WITH
        THE OTHER DEFENDANT GROUPS........................................................................4

III.    PLAINTIFFS DO NOT SET FORTH FACTUAL ALLEGATIONS TO
        SATISFY THE REQUIREMENTS OF SECTION 299...................................................5

ARGUMENT .......................................................................................................................6

I.      DEFENDANTS ARE MISJOINED.............................................................................6

A.      Plaintiffs Do Not Satisfy the Joinder Requirements of 35 U.S.C. § 299............................6

B.      Plaintiffs' Claims against the Various Defendant Groups Do Not Relate to
        the Same Accused Product or Process, or Arise from the Same Transaction,
        Occurrence, or Series of Transactions or Occurrences, or Properly Plead
        Joint, Several or Alternative Liability. ...........................................................................7

        1.      Defendants Are Unrelated Companies Operating Separate Networks. ..........................7

        2.      Plaintiffs' Allegations Demonstrate Absence of "the Same Accused Product or
                Process."........................................................................................................9

        3.      Allegations that Defendants Entered Into Arms-Length Contractual Agreements
                and Comply with Common Industry Standards are Insufficient to Warrant
                Joinder.........................................................................................................11

        4.      The Amended Complaint Contains No Other Plausible Allegations of Joint,
                Several or Alternative Liability ........................................................................13

        5.      Allegations That Multiple Defendants Infringed the Same Patent Do Not
                Support Joinder..............................................................................................14

C. Even if Joinder Were Permissible, Plaintiffs' Claims against the Four Defendant Groups Should Be Severed to Protect Against Undue Prejudice. ................... 14

II. PLAINTIFFS ARE SEPARATE ENTITIES THAT DO NOT JOINTLY OWN ANY OF THE PATENTS-IN-SUIT, AND ACCORDINGLY, THE COURT SHOULD SEVER PLAINTIFFS' CLAIMS INTO SEPARATE LAWSUITS. ............. 18

CONCLUSION .................................................................................................................... 20

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Abdelkarim v. Gonzales*,
   No. 06-14436, 2007 WL 1284924 (E.D. Mich. Apr. 30, 2007) ........................................19, 20

*Allen v. Dollar Tree Stores, Inc.*,
   No. 12-cv-00121, 2012 WL 948713 (E.D. Cal. Mar. 20, 2012)...............................................19

*Androphy v. Smith & Nephew, Inc.*,
   31 F. Supp. 2d 620 (N.D. Ill. 1998) .........................................................................................9

*Applewhite v. Reichhold Chems.,Inc.*,
   67 F.3d 571 (5th Cir. 1995) ....................................................................................................15

*BMC Res., Inaymentech, L.P.*,
   498 F.3d 1373 (Fed. Cir. 2007) ..............................................................................................13

*Body Sci. LLC v. Boston Sci. Corp.*,
   --- F. Supp. 2d ---, 2012 WL 718495 (N.D. Ill. Mar. 6, 2012) ....................................7, 11, 12

*Boretsky v. Governor of N.J.*,
   433 F. App'x 73 (3d Cir. 2011) ..............................................................................................18

*Brandeis Univ. v. East Side Ovens, Inc.*,
   No. 11-619, 2012 WL 506616 (W.D. Wis. Feb. 15, 2012).....................................................18

*Cooper v. Fitzgerald*,
   266 F.R.D. 86 (E.D. Pa. 2010)................................................................................................18

*Deskovic v. City of Peekskill*,
   673 F. Supp. 2d 154 (S.D.N.Y. 2009) .....................................................................................17

*Emmanouil v. Roggio*,
   No. 06-cv-1068, 2007 WL 1174876 (D.N.J. Apr. 19, 2007) ..................................................18

*Franconia Assocs. v. United States*,
   61 Fed. Cl. 335 (Fed. Cl. 2004) .........................................................................................18, 19

*Fujitsu Ltd. v. Netgear*,
   620 F.3d 1321 (Fed. Cir. 2010) ..............................................................................................12

*Gammons v. Real Prop. Inv. Servs.*,
   No. CV-10-8081, 2010 U.S. Dist. LEXIS 139930 (D. Ariz. Aug. 9, 2010) ...........................20

*Gary v. Albino*,
   No. 10-cv-886, 2010 WL 2546037 (D.N.J. June 21, 2010) ....................................................15

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Grayson v. K-Mart Corp.*,
  849 F. Supp. 785 (N.D. Ga. 1994) ...........................................................................18

*Graziose v. Am. Home Prods. Corp.*,
  202 F.R.D. 638 (D. Nev. 2001) ................................................................................18

*Hard Drive Prods., Inc. v. Does 1-188*,
  809 F. Supp. 2d 1150 (N.D. Cal. 2011)..............................................................15, 16

*In re EMC Corp.*,
  677 F.3d 1351 (Fed. Cir. 2012) ...................................................................6, 10, 16

*Intel Corp. v. Commonwealth Sci. & Indus. Res. Org.*,
  C.A. Nos. 06-551, 06-549, 06-550, 07-204, 06-324, 2008 WL 5378037
  (E.D. Tex. Dec. 23, 2008) ........................................................................................17

*Iplearn LLC v. Beeline Acquisition Corp.*,
  No. 11-825-RGA, slip op. (D. Del. July 2, 2012)...............................................9, 17

*MGD Graphic Sys., Inc. v. A&A Bindery, Inc.*,
  76 F.R.D. 66 (E.D. Pa. 1977)...................................................................................14

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
  220 F.R.D. 415 (D. Del. 2004) ................................................................................15

*Reid v. Gen. Motors Corp.*,
  240 F.R.D. 260 (E.D. Tex. 2007).............................................................................14

*Rudd v. Lux Prods. Corp.*,
  No 09-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011) .......................................14

*Softview LLC v. Apple, Inc.*,
  10-cv-389 (D. Del. May 4, 2012) ............................................................................11

*Spread Spectrum Screening, LLC v. Eastman Kodak Co.*,
  No. 10 C 1101, 2010 WL 3516106 (N.D. Ill. Sept. 1, 2010) ....................................9

*WiAV Networks, LLC v. 3Com Corp.*,
  No. C 10-03448, 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010) .................8, 9, 12, 16

*Wynn v. Nat'l Broad. Co.*,
  234 F. Supp. 2d 1067 (C.D. Cal. 2002)...................................................................15

**Statutes**

35 U.S.C. § 299(a) ......................................................................................................6, 9

## TABLE OF AUTHORITIES
(continued)

Page(s)

35 U.S.C. § 299(a)(1) ..............................................................................................2, 6

35 U.S.C. § 299(b) ...............................................................................................2, 14

**Other Authorities**

Charles A. Wright, et al., 6A Federal Practice & Procedure Civil § 1582 (3d ed.).....................14

H.R. Rep. No. 112-98, pt. 1 (2011), *reprinted in* 2011 U.S.C.C.A.N. 67.....................................7

Richard D. Freer, Moore's Federal Practice – Civil § 21.02[1] (3d ed. 2007)............................15

**Rules**

Fed. R. Civ. P. 20(a)..................................................................................................18

Fed. R. Civ. P. 21 .....................................................................................................17

## NATURE AND STAGE OF THE PROCEEDINGS

Rather than respond to the motions to dismiss and sever claims asserted in their Original Complaint, Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC filed an Amended Complaint.  Instead of narrowing their claims, Plaintiffs further complicated the case by adding a fourth Defendant Group, additional defendant entities and a sixteenth patent to the suit.

The Amended Complaint names ten corporate Defendants from four distinct corporate "Defendant Groups":  (1) AT&T Mobility, AT&T Mobility II, New Cingular Wireless Services, Inc., SBC Internet Services, and Wayport, Inc. (collectively "AT&T"); (2) Sprint Spectrum L.P. and Nextel Operations, Inc. (collectively, "Sprint"); (3) United States Cellular Corporation and Telephone and Data Systems, Inc. (collectively "U.S. Cellular"); and (4) T-Mobile USA, Inc. ("T-Mobile").  The four separate Defendant Groups are competitors in the market for wireless services.  To add to the confusion, not all patents are asserted against each Defendant or even each Defendant Group.

Defendants have moved under 35 U.S.C. § 299 and Fed. R. Civ. P. 20(a)(2) to sever the cases against the four separate Defendant Groups from each other, and under Fed. R. Civ. P. 20(a)(1) to sever the claims asserted by Plaintiff IV I from those asserted by Plaintiff IV II.

## SUMMARY OF ARGUMENT

**I.    Severance by Defendant Group**

Joinder of Defendants in a single action is improper under Fed. R. Civ. P. 20(a)(2) and the relevant case law, as well as under the newly enacted 35 U.S.C. § 299.  Section 299 codified the majority interpretation of Rule 20(a)(2) in patent cases and added new, more stringent requirements.  Section 299 permits joinder only if three distinct requirements are met: the right to relief must be asserted against multiple patent defendants (1) "jointly, severally, or in the

alternative," (2) with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, **and** (3) the transactions or occurrences must relate to the making, using, or selling of "the same accused product or process."  35 U.S.C. § 299(a)(1).

Plaintiffs fail to meet any of these distinct requirements.  The asserted claims do not relate to the same product or process or arise from the same transaction or occurrence.  The Amended Complaint does not identify any "product or process" at all, let alone one that is allegedly the same for all Defendants.  Plaintiffs' allegations also fall far short of establishing that Plaintiffs' claims arise from the same transactions, occurrence, or series of transaction or occurrences.  To the contrary, Plaintiffs concede that each of the Defendant Groups serves its own customers using its own products and distinct wireless networks.  Further, not all of the sixteen patents are asserted against all Defendants.  These deficiencies are not overcome by Plaintiffs' conclusory allegations of joint infringement.  As discussed in Defendant's Partial Motion to Dismiss (D.I. 28), Plaintiffs' assertions of joint infringement are based on the alleged existence of unspecified contracts between various Defendants, which allegedly facilitate the transfer of messages and calls between customers across the distinct networks of the competing Defendant carriers.  (*See* Counts I–IV and XVI.)  These allegations are insufficient to state a claim for joint infringement.  They also do not give rise to joint, several, or alternative liability for Section 299 purposes.  Among other things, Plaintiffs' joint infringement allegations presume that different Defendants perform *different* steps of the asserted patent claims, thereby negating the same product or process requirement.

In the end, Plaintiffs allege only that unrelated Defendants have infringed some of the same patents-in-suit.  Section 299 specifically and explicitly states that such allegations do not provide a basis for joinder.  *See* 35 U.S.C. § 299(b) ("For purposes of this subsection, accused

infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit."). Accordingly, severance of the multiple Defendant Groups is dictated by Section 299 and is further warranted by Rule 20(a)(2).

Furthermore, even if the dictates of permissive joinder had been met, the Court should exercise its ample discretion under Rule 21 to impose order on an unmanageable case where two Plaintiffs have lumped together non-overlapping sets of claims based on sixteen patents against four groups of disparate Defendants that are industry competitors and where not every patent is asserted against each Defendant Group. The asserted patents concern at least five broadly defined categories of technology and Defendants' accused services vary just as widely.

## II.     Severance of Plaintiffs

In addition, Rule 20(a)(1) prohibits the joinder of two separate plaintiffs under the circumstances here. IV I and IV II are separate and distinct legal entities. IV I is the Plaintiff with respect to fourteen of the sixteen counts, while IV II is the Plaintiff with respect to two, non-overlapping counts based on unrelated patents and separate and distinct technologies from any of IV I's fourteen counts. None of the patents-in-suit are jointly owned and Plaintiffs allege no connection between their respective claims. Because there is no joint ownership or overlap in technology, discovery will involve different documents, damages, and witnesses for the IV I and IV II counts. Even if joinder of Plaintiffs here were permissible under Rule 20, the Court may sever claims brought by separate plaintiffs and should do so here, given the complexity of Plaintiffs' allegations and the diversity of technologies accused.

**STATEMENT OF FACTS**[1]

I.    **The Plaintiffs and their Respective Patents Are Distinct.**

Plaintiffs are distinct entities that separately own non-overlapping, unrelated groups of the patents-in-suit.  IV I is the Plaintiff with respect to fourteen counts (I–V, VIII–XVI), and IV II is the Plaintiff with respect to two counts (VI and VII).  Plaintiffs do not allege that IV I and IV II are commonly owned, and the claims asserted by IV I accuse technologies that are entirely separate and distinct from the technologies at issue in the claims asserted by IV II.

Collectively, Plaintiffs assert sixteen patents and 405 claims that span at least five broadly grouped technological categories:  (1) text and multimedia messaging services (Counts I–V, XVI); (2) directory assistance services (Count VI); (3) customer service websites (Count VII); (4) signal processing (Counts VIII–XI); and (5) Wi-Fi standards (Counts XII–XV).  (*See* Exhibit B (outlining counts by technology and Defendant).)  Plaintiff IV I's patents fall within categories (1), (4), and (5), while IV II's patents fall within categories (2) and (3).  There is no common historic ownership of the patents now owned by IV I and IV II, nor are there any common inventors.

II.    **Each Defendant Group Is Independent and Competes with the other Defendant Groups.**

Each Defendant Group is part of a completely distinct corporate entity.  (*See* Am. Compl. ¶¶ 3-12; D.I. 14-16.)  AT&T, Sprint, T-Mobile, and U.S. Cellular are fierce competitors in the wireless space, and the Defendant Groups each own and operate their own respective networks.  (*See, e.g.*, Am. Compl. ¶ 61 ("the carriers transfer traffic between each other"; "the AT&T Mobility's [sic] network"; "the T-Mobile wireless network"), ¶ 62 ("one carrier's network";

---

[1]    Defendants have set forth their proposed severance of these cases in a chart attached hereto as Exhibit A.  Set forth in Exhibit B is a chart summarizing each patent, its general technology area, which of the two Plaintiffs is asserting it, and which patents are asserted against which Defendant Group(s).

"another carrier's network").)  Furthermore, although all sixteen counts in the Complaint are asserted against T-Mobile, Count VII is not asserted against AT&T, Count X is not asserted against Sprint; and Counts III, IV, IX, X, XII, XIII, XIV, and XV are not asserted against U.S. Cellular.

### III.   Plaintiffs Do Not Set Forth Factual Allegations to Satisfy the Requirements of Section 299.

Most of the counts in the Amended Complaint (IV, V, VI, IX, X, XII, XIII, XIV, and XV) do not allege joint and several liability, the same transaction or occurrence, or the same accused products or processes.  To the extent Plaintiffs rotely recite the legal standard for permissive joinder in a handful of counts, they juxtapose such statements with factual allegations that negate Section 299's requirements.

For example, in Count I, although Plaintiff IV I alleges that Defendants are "jointly and severally liable," the allegations demonstrate on their face that the claims against the Defendants do not relate to the same accused product or process.  Specifically, Plaintiff alleges that the delivery of a multimedia message between customers of two different wireless carriers "involves performance of the first five method steps by the first Carrier Defendant and the last four method steps by the second Carrier Defendant" (Am. Compl. ¶ 69), thereby tacitly acknowledging that the transmitting customer's carrier performs processes *different* from those performed by the receiving customer's carrier.  In other words, these Defendants are not accused of performing the "same process" when each is accused of performing *different* steps.  Further, there is no basis to infer that all Defendants allegedly perform these various steps by using exactly the same equipment running with the same software on each of their independent networks.

As an additional example, in Count XVI, Defendants are accused of infringing *different* patents through *different* actions, rather than through the same process.  (*See* Am. Compl. ¶ 145

("A first Carrier Defendant performs the steps of claim 17 of the '306 Patent [concerning receiving and processing an MMS message] when it receives an MMS message from a second Carrier Defendant. . . . The second Carrier Defendant performs the steps of claim 17 of the '490 Patent when it transmits the MMS message to the first Carrier Defendant.").)  As explained in detail *infra*, these allegations are insufficient to satisfy any of the requirements of Section 299.

## ARGUMENT

### I.   Defendants Are Misjoined.

#### A.   The Amended Complaint Fails To Satisfy Joinder Requirements of 35 U.S.C. § 299.

For patent infringement lawsuits filed on or after September 16, 2011, such as this one, joinder of defendants is governed by § 19(d) of the America Invents Act ("AIA"), which provides, in pertinent part:

> (a) [P]arties that are accused infringers may be joined in one action as defendants . . . *only if*--(1) any right to relief is asserted against the *parties jointly, severally, or in the alternative* with respect to or arising out of *the same transaction, occurrence, or series of transactions or occurrences* relating to the making, using, importing into the United States, offering for sale, or selling of the *same accused product or process*; and (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a) (emphasis added).  Significantly, the Federal Circuit recently reiterated in a pre-AIA case that misjoinder deprives defendants of a meaningful opportunity to present individualized defenses on issues such as infringement, willfulness, and damages.  *In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012).

Section 299(a) largely tracks the language of Fed. R. Civ. P. 20(a)(2) and additionally requires that the transactions or occurrences at issue relate to the making, using, importing, offering for sale, or selling of the "*same accused product or process*."  35 U.S.C. § 299(a)(1) (emphasis added).  In enacting this requirement, Congress specifically rejected the cattle-car

approach to patent litigation.[2]  Plaintiffs fail to satisfy this important requirement for joinder of multiple defendants.

Finally, Section 299(b) makes clear that "[f]or purposes of this subsection, accused infringers may not be joined in one action as defendants . . . *based solely on allegations that they each have infringed the patent or patents in suit*." (emphasis added).[3]

**B.     Plaintiffs' Claims against the Various Defendant Groups Do Not (i) Relate to the Same Accused Product or Process, (ii) Arise from the Same Transaction, Occurrence, or Series of Transactions or Occurrences, or (iii) Allege Facts That Cannot Support An Inference of Joint, Several or Alternative Liability.**

**1.     Defendants Are Unrelated Companies Operating Separate Networks.**

Plaintiffs repeatedly allege that each of the Defendant Groups serves its *own* customers through its *own* wireless network.  (*See, e.g.*, Am. Compl. ¶¶ 60(e)(g), 61, 62.)  In fact, it is common knowledge that Defendants do not all use the same wireless networking technologies, with Sprint and U.S. Cellular using "code-division multiple access" ("CDMA") technology, for example, and AT&T and T-Mobile using "global system for mobile communications" ("GSM")

---

[2]     "Section 299 legislatively abrogates the construction of Rule 20(a) adopted in *MyMail, Ltd. v. America* Online, *Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004); *Sprint Commcn's Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615 (D. Kan. 2006); *Adrain v. Genetec Inc.*, 2009 WL 3063414 (E.D. Tex. September 22, 2009); *Better Educ. Inc. v. Einstruction Corp.*, 2010 WL 918307 (E.D. Tex. March 10, 2010); *Mannatech, Inc. v. Country Life, LLC*, 2010 WL 2944574 (N.D. Tex. July 26, 2010); *Alford Safety Services, Inc., v. Hot-Hed, Inc.*, 2010 WL 3418233 (E.D. La. August 24, 2010); and *Eolas Techs., Inc. v. Adobe Systems, Inc.*, 2010 WL 3835762 (E.D. Tex. September 28, 2010)–effectively conforming these courts' jurisprudence to that followed by a majority of jurisdictions. *See generally Rudd v. Lux Products Corp.*, 2011 WL 148052 (N.D. Ill. January 12, 2011)."  H.R. Rep. No. 112-98, pt. 1, at 55 n.61 (2011), *reprinted in* 2011 U.S.C.C.A.N. 67, 85.

The kind of lawsuit that might satisfy the "same accused product or process" requirement is limited and is far different from this case.  For example, a manufacturer and retailer responsible for making and selling, respectively, the exact same product and joined as co-defendants in a single lawsuit by a patentee might satisfy this test.

[3]     Congress codified the majority rule on the application of Rule 20 to patent cases and established that "a party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent."  *Body Sci. LLC v. Boston Sci. Corp.*, --- F. Supp. 2d ----, 2012 WL 718495, at *3 (N.D. Ill. Mar. 6, 2012); H.R. Rep. No. 112-98, at 54-55 & n.61 (June 1, 2011), *available at* http://www.uspto.gov/aia_implementation/crpt-112hrpt98-pt1.pdf (last accessed on June 8, 2012).

technology.[4]   In an attempt to link Defendants together, however, Plaintiffs allege that Defendants' networks are "interoperable" such that they form a single, national telecommunications network.   Even if that were correct, Plaintiffs fail to allege that one Defendant Group acts as a mastermind to control or direct how any other Defendant Group implements or configures its networks and systems, or that the Defendant Groups use identical technologies, processes, or systems.   To the contrary, Defendant Groups are fierce competitors of one another.

Further, Plaintiffs undermine their own "single network" theory by expressly alleging in certain Counts that Defendants commit infringement by performing *separate* actions for *different* purposes.  (*See* Count I ¶ 68 (alleging that one Defendant would perform the first five steps of the asserted method claim "to process the multimedia message for intercarrier transmission" and the other Defendant would perform the last four steps "for purposes of receiving and processing the multimedia message"); Count XVI ¶ 145 (alleging that one Defendant would perform a claim from one patent when it received an MMS message and that the other Defendant would perform a claim from another patent when it transmitted the message).)  Plaintiffs "cannot escape the fact that [they are] suing unrelated and competing defendants for their own independent acts of patent infringement."  *WiAV Networks, LLC v. 3Com Corp.*, No. C 10-03448, 2010 WL 3895047, at *3 (N.D. Cal. Oct. 1, 2010).

Even before the enactment of AIA, courts found joinder of multiple unrelated defendants

---

[4]       *Compare*   http://www.sprint.com/business/newsletters/articles/qaEvdo_federal02.html (discussing   Sprint's   use   of   CDMA   technology)   (Exhibit   C),   *with* http://www.wireless.att.com/learn/why/technology/mobile-broadband-and-GSM.jsp   (discussing AT&T   and   T-Mobile's   respective   use   of   GSM   technology)   (Exhibit   D);   *see also* http://techtips.salon.com/cdma-vs-gsm-cell-phone-service-20419.html (noting that "[w]ithin the United States, cellphone carriers that operate on the CDMA network are Sprint and Verizon" while   "AT&T   and   T-Mobile   use   the   GSM   network")   (Exhibit   E); http://www.pcmag.com/article2/0,2817,2394639,00.asp (stating that AT&T uses a GSM network while Sprint uses a CDMA network) (Exhibit F).

offering unrelated products or services to be improper.  For example, in *WiAV Networks*, plaintiffs sued a number of unrelated defendants, many of whom were "direct competitors of each other." *WiAV Networks*, 2010 WL 3895047, at *1.  In holding that plaintiffs' claims did not arise from the same transaction or occurrence, the court noted that there was "no allegation in the complaint that all 'Laptop Defendants' and accused products share identical wireless chipsets or components from a central manufacturer," and that "[a]t best, plaintiffs argue . . . that the accused products share a significant overlap in their wireless chipsets." *Id.* at *3 n.2 (internal quotation marks omitted).  The court reasoned that "infringement issues [would] vary from product to product as they will invariably contain different components, from different manufacturers, with different specifications, that work in different ways," and, for these reasons and others, found that defendants had been improperly joined. *Id.* at *3. *See also Iplearn LLC v. Beeline Acquisition Corp.*, No. 11-825-RGA, slip op. at 2 (D. Del. July 2, 2012) (granting a motion to sever because the complaint failed to allege any connection between the defendants or between the defendants' products); *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10 C 1101, 2010 WL 3516106, at *2 (N.D. Ill. Sept. 1, 2010) (noting that "joinder is often improper where two competing businesses have allegedly infringed the same patent by selling different products"); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) ("Clearly, the common transaction requirement ha[d] not been met" where defendants were "separate companies that independently design, manufacture and sell different products in competition with each other.").

### 2.    Plaintiffs' Allegations Demonstrate Absence of "the Same Accused Product or Process."

Similarly, Plaintiffs' allegations undermine any claim that their right to relief is premised upon infringement through "*the same accused product or process*."   35 U.S.C. § 299(a)

(emphasis added).  The allegation in Count I that different carriers perform different steps of the asserted method claim, for example, concedes that each carrier performs a *different* process. Accordingly, the Amended Complaint lacks any allegation that each carrier uses the same products.  For example, there are no allegations that each defendant uses identically sourced servers to handle messages that those servers run on the same software, or even that the servers were developed and manufactured by the same third party.[5]

Any agreements Defendants purportedly entered into are not alleged to be anything other than arm's-length agreements entered into by separate, independent companies.  These agreements—and the purported "cooperation" between Defendants that these agreements promote—do not establish that Defendants made, used, imported, or sold the same accused product or process, as the statute requires.

The allegations that Defendants' separate and independent networks can communicate between each other by virtue of industry standards also do not equate to allegations that each Defendant Group uses the same products or processes.  Defendants are not being sued for their "participation in standard bodies."  (Am. Compl. ¶ 59.)  Instead, it is the accused product or process itself that is the focus of the joinder inquiry, not the development or use of common standards with which the accused product or process may or may not comply.  Stated simply, "[i]ndependently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical."  *In re EMC Corp.*, 677 F.3d at 1360.

This Court's recent decision to sever multiple defendants in *Softview LLC v. Apple, Inc.* is instructive.  In *Softview*, the plaintiff accused a subset of the defendants that allegedly used the

---

[5]     Further, plaintiff's allegation in Count I that different carriers perform different steps of the method claim is an express admission that each carrier performs a different process.

*same* open-sourced Android operating system of infringing the patents at issue.  10-cv-389 (D. Del. May 4, 2012).  The Court determined that severance was warranted because the defendants were unrelated and thus sold different products, the open-source format allowed defendants to make changes if they chose to do so, and it was uncertain absent discovery whether each of the defendants' various products infringed in precisely the same way.  Tr. at 31-35.  Likewise, here, Plaintiffs' failure and inability to allege that Defendants have made, used, imported, or sold the same accused product or process results in misjoinder under Section 299 and requires severance of Plaintiffs' claims against Defendants into separate actions.

        **3.**      **Allegations that Defendants Entered Into Arm's-Length Contractual Agreements and Comply with Common Industry Standards are Insufficient to Warrant Joinder.**

       Plaintiffs' allegations of joint infringement based on Defendants' alleged contractual agreements—pursuant to which Defendants purportedly cooperate, share information, and transfer messages across their networks—are insufficient to satisfy Section 299.  Another district court recently confronted similar allegations and granted the defendants' motion to sever.  *See Body Sci.*, 2012 WL 718495, at *3.  In *Body Science*, the plaintiff argued that it alleged more than mere infringement of the same patent and, instead, had alleged "additional commonalities" that supported joinder in that case.  *Id.* at *4.  For example, the plaintiff claimed that joinder was proper because "through [defendants'] membership in the 'Continua Health Alliance' consortium, 'Defendants cooperate on and apply standards-based protocols to facilitate interoperability.'"  *Id.* at *5.  The court held that "[s]imply being a member of an industry organization does not indicate that Defendants have jointly designed, developed, manufactured, marketed, or sold their Accused Products."  *Id.*  Furthermore, the court concluded that the plaintiff's allegations that certain defendants maintained a "business relationship that utilizes shared resources" and that one defendant sold a product to another were insufficient to support

joinder. *Id.* at *4, *6.

Likewise, allegations of business relationships among Defendants and "interoperability" of their separate networks do not satisfy the joinder requirements because they do not amount to an allegation that Defendants allegedly infringe through the same product or process. To the contrary, these allegations are based on different Defendants' networks meeting common standards or contractual agreements in different ways. Stated otherwise, the allegation that Defendants "participat[e] in standard bodies and cooperat[e] in the adoption of compatible technology,"[6] does not necessitate the conclusion that Defendants infringe Plaintiffs' patents in the same manner. For example, in *WiAV Networks*, the plaintiff argued that certain defendants were "logically connected" because they sold products that implemented the IEEE 802.11 wireless protocol. 2010 WL 3895047, at *2. As the court explained, however, "mere compliance with an industry protocol does not necessarily establish that all compliant devices implement the protocol in the same way. Different accused devices may achieve compliance with an industry standard or protocol through varying designs, with different tolerances, and with competing features." *Id.* (citing *Fujitsu Ltd. v. Netgear*, 620 F.3d 1321, 1327-28 (Fed. Cir. 2010)). The defendants in question were "unrelated and compete[d] with each other through their accused products," and the court reasoned that "[e]ven if each of the accused devices is compliant with the IEEE 802.11 wireless protocol, it is far from a foregone conclusion that the asserted claims in [plaintiff's] patents will cover *all* implementations of the protocol." *Id.* (emphasis in original). Similarly, here, Plaintiffs allege no more than that Defendants entered into arm's-length agreements to cooperate and that they agreed to comply with common standards. These allegations are not sufficient to satisfy Section 299's strict requirements.

---

[6]      Am. Compl. ¶ 59.

    **4.**    **Even in the "Joint Infringement" Counts, the Amended Complaint Contains No Plausible Allegations of Joint, Several or Alternative Liability**

Plaintiffs never assert that the Defendant Groups are severally or alternatively liable. For 11 of 16 counts, Plaintiffs do not even attempt to plead joint liability. For the remainder, their theory of joint liability is premised only on alleged "joint infringement." As discussed above, the joint infringement allegations fail the same product or process requirements and fail to allege joint liability for purposes of Section 299. As described above and in greater detail in Defendants' Opening Brief in Support of their Partial Motion to Dismiss (D.I. 29), the Amended Complaint contains no plausible allegations that the Defendants are directly liable under a joint infringement theory. The law requires "direction or control" by a single mastermind, who is solely (not jointly, severally, or alternatively) liable for the infringement. *See BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007). Plaintiffs never once allege the requisite mastermind liability by one Defendant Group over another Defendant Group.[7] Instead, Plaintiffs allege that when a cellular call or message is routed between different customers of different carriers, each carrier performs only some, but not all, of the steps of an asserted method claim. One who performs less than all elements of a patent claim is subject to liability under current law in only two circumstances: (1) as an indirect infringer by either inducing infringement or contributorily infringing; or (2) as a mastermind exerting control or direction over a servant. *See id.* The first requires an underlying direct infringer performing *all* of the steps of the claim, which plaintiffs do not allege. *See id.* at 1379. And, as discussed, Plaintiffs have failed to plead any allegations of "control or direction" for the second. Accordingly, the Amended Complaint contains no plausible allegations of joint infringement or of joint liability.

---

[7] The only count (VII) where Plaintiffs do plead "direction or control" refers to certain carriers' alleged control over a user, not one carrier's control over another carrier. (*See, e.g.*, Am. Compl. ¶ 101.)

### 5.    Allegations That Multiple Defendants Infringed the Same Patent Do Not Support Joinder

Plaintiffs allege only that unrelated Defendants independently violated different subsets of the sixteen patents-in-suit.   Under the plain language of Section 299, however, "accused infringers may not be joined in one action as defendants . . . *based solely on allegations that they each have infringed the patent or patents in suit.*"   35 U.S.C. § 299(b) (emphasis added).   Most courts applying Rule 20 to patent cases prior to the AIA routinely dismissed complaints containing allegations that the defendants merely infringed the same patents.   Congress expressly codified this majority rule in Section 299.[8]   With the passage of Section 299, Congress eliminated any dispute as to whether a plaintiff may sue multiple defendants who are simply alleged to infringe the same patent and resolved this dispute with a resounding "no."   Plaintiffs fail to meet their burden of pleading that Defendants have done more than merely infringe the same patents and, therefore, severance of claims according to Defendant group is required.[9]   *See Reid v. Gen. Motors Corp.*, 240 F.R.D. 260, 263 (E.D. Tex. 2007).

### C.    Even if Joinder Were Permissible, Plaintiffs' Claims against the Four Defendant Groups Should Be Severed to Protect Against Undue Prejudice.

Even apart from the fact that Plaintiffs have not satisfied the requirements of Section 299(a), the Court has ample basis on which to exercise its discretion to sever the Defendant

---

[8]    *See Rudd v. Lux Prods. Corp.*, No 09-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) (noting that "the prevailing approach of . . . numerous [courts]" is that "a party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent" (*cited in* the United States House of Representatives' Report on the AIA, cited *supra* note 2)).

[9]    Defendants also note that, although a plaintiff is permitted, under Fed. R. Civ. P. 18, to "join . . . as many claims as it has against an opposing party," such joinder is not compulsory, and the Court has discretion to sever claims "where a failure to do so would result in great unfairness or prejudice to a party."   *MGD Graphic Sys., Inc. v. A&A Bindery, Inc.*, 76 F.R.D. 66, 68 (E.D. Pa. 1977); *see also* Charles A. Wright, et al., 6A Federal Practice & Procedure Civil § 1582 (3d ed.).   For the reasons set forth herein in Section II.D, Defendants will suffer great prejudice if the claims against them are not severed.   Thus, even if the Court finds that Section 299 has been satisfied, the Court nevertheless should exercise its discretion and sever the Defendant Groups and the claims against them to promote fairness to Defendants and to ensure judicial efficiency.

Groups under Fed. R. Civ. P. 21.[10]   Specifically, severance of Defendants is warranted: "(l) to prevent jury confusion and judicial inefficiency, and (2) to prevent unfair prejudice to the . . . Defendants." *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002).[11]

As an initial matter, there will be no prejudice to Plaintiffs if the Court grants Defendants' severance motion.  Defendants will coordinate with each other, with the Plaintiffs, and with the Court on pre-trial matters to promote judicial efficiency and to help ensure that each case proceeds smoothly to trial or other resolution.

Defendants, in contrast, would be greatly prejudiced if they are forced to litigate together in this massive and unwieldy case.  Plaintiffs allege infringement of sixteen patents having more than 400 claims.  Although Plaintiffs have asserted mostly method claims, there are still 269 claims at issue (*i.e.*, all 214 method claims, plus 55 system claims drawn from the '677, '509, '392, '011, '674, '200, and '306 Patents).  Moreover, the sixteen patents in this case involve dramatically different technologies that can only loosely be grouped into five different categories.  (*See* Exhibit A.)  As noted *supra*, it is undisputed that Defendants do not even all use the same wireless networking technologies, with Sprint and U.S. Cellular using CDMA technology and AT&T and T-Mobile using GSM technology.  Under these circumstances, "[t]he infringement issues will vary from product to product as they will invariably contain different

---

[10]      *See Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011) (holding that, even if Rule 20 requirements were satisfied, a court may exercise its discretion and sever defendants "to avoid causing prejudice and unfairness to [d]efendants, and in the interest of justice"); *Gary v. Albino*, No. 10-cv-886, 2010 WL 2546037, at *3 (D.N.J. June 21, 2010); Richard D. Freer, Moore's Federal Practice – Civil § 21.02[1] (3d ed. 2007) (may issue orders under Rule 21 even in the absence of misjoinder or nonjoinder of parties, to structure a case for the efficient administration of justice.").

[11]      *See also Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) (stating that under Rule 21, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice"); *see also Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004) (granting motion to sever where, *inter alia*, defendant "may be prejudiced if it [was] required to defend itself in the same trial as [another defendant]").

components, from different manufacturers, with different specifications, that work in different ways." *WiAV Networks*, 2010 WL 3895047, at *3.  If Defendants remain joined in this case, they "will not have a meaningful opportunity to present individualized defenses on issues such as infringement, willfulness, and damages because each defendant will have limited opportunities to present its own defense to the jury." *In re EMC Corp.*, 677 F.3d at 1355.  In fact, these risks are particularly acute here.  Plaintiffs have asserted willfulness claims only against two of the four Defendant Groups.  Moreover, a multitude of unrelated patents and claims have been asserted, and Defendants therefore will have to present a large volume of complicated technical information relating to their unique products and services.  Plaintiffs also have given no indication that their infringement or claim constructions arguments will result in "substantial evidentiary overlap" across any of the Defendant Groups. *Id.* at 1358.  Defendants clearly would be prejudiced if they were forced to litigate together in a single case.

Furthermore, severance is warranted to promote judicial efficiency.  Defendants are unrelated companies that separately sell competing products and services and will accordingly present independent evidence related to their different systems and technologies.[12]  "[J]oinder would force the Court to address the unique defenses that are likely to be advanced by each individual Defendant, creating scores of mini-trials involving different evidence and testimony." *Hard Drive Prods., Inc. v. Does 1-188,* 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011).  The potential confusion and prejudice is exacerbated by the fact that Count VII is not asserted against AT&T; Count X is not asserted against Sprint; and Counts III, IV, X, XII, XIII, XIV, and XV are not asserted against U.S. Cellular.  In short, given the numerous individualized issues and unique

---

[12]      Indeed, Plaintiffs must acknowledge that their claims will involve different legal defenses and evidentiary questions given that Plaintiffs have alleged that only two Defendants had pre-suit knowledge and intent with respect to any of the patents-in-suit.  (*See* Counts II, V, and XIV.)

defenses presented by the multiplicity of patents and technologies at issues here, combining all of these complex issues and defenses into a single trial "could lead to confusion of the jury" and create a risk of "guilt by association and spillover prejudice." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 171 (S.D.N.Y. 2009) (internal quotation marks and citations omitted). *See also Iplearn*, No. 11-825-RGA, slip op. at 1 (noting in granting a motion to sever that not all of the defendants were accused of infringing all of patents-in-suit).[13]

Therefore, Defendants submit that the Court should exercise its discretion under Rule 21 to sever the claims brought against the four Defendant Groups. Doing so would not cause prejudice to Plaintiffs and would avoid causing problems of jury confusion and judicial inefficiency.[14]

---

[13]     *See Intel Corp. v. Commonwealth Sci. & Indus. Res. Org.,* C.A. Nos. 06-551, 06-549, 06-550, 07-204, 06-324, 2008 WL 5378037, at *5 (E.D. Tex. Dec. 23, 2008) ("While having multiple trials will always create some inefficiency, proceeding to trial on liability and damages simultaneously in this many cases with this many parties would undoubtedly confuse the issues and the jury. . . . Combing the fourteen damages cases into a single trial would create the potential for undue prejudice, confusion, and ultimately inefficiency.").

[14]     Even with severance of Plaintiffs and Defendants, Defendants are likely to ask the Court to consider further strategies to effectively manage the case, including potential severance based on the technological groupings of the patent, in order to reduce complication for the Court, prejudice to Defendants, and the potential for confusion of the jury. *See* Fed. R. Civ. P. 21 ("The court may also sever any claim against a party.") (emphasis added). The sixteen asserted patents were issued between 1994 and 2011 to a number of different entities around the world, have numerous sets of inventors and completely distinct sets of documents relating to conception and reduction to practice, and were conceived in a number of eras involving very different states of the relevant technological arts. Pursuing all sixteen patents in a single case will not merely pose severe logistical hurdles, but is likely to be overwhelming for the Court, the Defendants, and, if the case advances to trial, the jury. For example, developing and presenting a case regarding the invalidity, alleged infringement, and potential damages associated with each of those categories of patents will entail a distinct group of documents and witnesses for each category. Each category will present distinct claim construction disputes, discovery issues, and dispositive motions, all with associated technological complexities. Because Plaintiffs have not yet served their infringement contentions, the full extent to which the accused products and/or services at issue in this case will diverge is currently unclear. For that reason, Defendants cannot yet make a recommendation to the Court as to how best to proceed most efficiently beyond the relief already requested in the instant motion to sever, which is a critical first step. Defendants reserve the right to request further severance and/or phasing of the case based on the divergence of technologies likely at issue at an appropriate time.

## II.   Plaintiffs Are Separate Entities that Do Not Jointly Own Any of the Patents-in-Suit, and Accordingly, the Court Should Sever Plaintiffs' Claims into Separate Lawsuits.

IV I asserts infringement of fourteen patents, and IV II asserts infringement of two additional patents.  Plaintiffs do not allege co-ownership of the patents.  Nor do Plaintiffs allege any connection between their patents or their subject matter.  Plaintiffs have improperly joined their respective patents in one lawsuit, and severance per Plaintiff is appropriate.

Joinder of plaintiffs is permitted under Rule 20 where plaintiffs' claims "[1] arise from the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all plaintiffs . . . will arise in the action." *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 77 (3d Cir. 2011) (citing Fed. R. Civ. P. 20(a)).  "Courts have construed Rule 20(a) as establishing a two-part test, both parts of which are required to for joinder to be permitted." *Emmanouil v. Roggio*, No. 06-cv-1068, 2007 WL 1174876, at *5 (D.N.J. Apr. 19, 2007).  Where parties have been improperly joined under Rule 20, severance of the misjoined parties pursuant to Rule 21 is appropriate. *See Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010).  The burden lies squarely on the parties seeking joinder. *See Brandeis Univ. v. East Side Ovens, Inc.*, No. 11-619, 2012 WL 506616, at *1 (W.D. Wis. Feb. 15, 2012).  Plaintiffs cannot meet either prong of the test for the permissive joinder of Plaintiffs under Rule 20(a).

To satisfy the first prong of the Rule 20(a) test—the "same transaction or occurrence" test—the parties seeking to be joined must assert more than merely "similar claims."[15]  This requirement "is not met where Plaintiffs' allegations against the Defendant rest upon distinct claims and independent sets of facts, even if Plaintiffs' claims share common legal and factual

---

[15]     *See Franconia Assocs. v. United States*, 61 Fed. Cl. 335, 336 & n.1 (Fed. Cl. 2004) (internal quotation marks omitted) (collecting cases holding, for example, that "consumers could not bring single action despite all allegedly having been injured by products containing [the same drug]" (citing *Graziose v. Am. Home Prods. Corp.*, 202 F.R.D. 638, 640-41 (D. Nev. 2001)); and "employees could not be joined in a single suit despite claiming discrimination against them derived from a single corporate policy" (citing *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 788-89 (N.D. Ga. 1994))).

issues." *Allen v. Dollar Tree Stores, Inc.*, No. 12-cv-00121, 2012 WL 948713, at *2 (E.D. Cal. Mar. 20, 2012) (internal quotation marks, alterations, and citations omitted).

Neither Plaintiff alleges any connection between its counts, patents, or even the subject matters thereof and those of the other Plaintiff. (*See* Exhibit A.) Plaintiffs do not allege that they jointly own any of the patents-in-suit, and the Complaint does not include any allegation of common ownership between the two Plaintiffs.[16] Fourteen patents (Counts I–V and VIII–XVI) are asserted solely by IV I, and two different patents (Counts VI and VII) are asserted solely by IV II. The patents asserted in Counts VI and VII are unrelated to any of the fourteen patents asserted in the other counts. They even involve separate and distinct technologies, as shown in Exhibit B. Thus, Plaintiffs' claims do not satisfy the threshold requirement that the claims arise from the same transaction, occurrence, or series of transactions or occurrences. "[A] right to relief relates to or arises out of the 'same transaction or occurrence' only if it involves a single event or a related series thereof." *See Franconia Assocs.*, 61 Fed. Cl. at 336.

Plaintiffs also fail to meet the second prong, that is, common questions of law or facts. It is not enough that both Plaintiffs assert patents. *Cf. Abdelkarim v. Gonzales*, No. 06-14436, 2007 WL 1284924, at *5 (E.D. Mich. Apr. 30, 2007) ("[T]he mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact." (internal quotation marks and citation omitted)); *Allen*, 2012 WL 948713, at *2 (same). The patents are not related, there is no overlap of named inventors or ownership of the patents, and, as discussed above, the patents of IV I and IV II involve different technologies and different accused products or services. The respective claims asserted by IV I and IV II therefore raise

---

[16]    With respect to the '0032 Patent in Count VIII, Plaintiff IV I has alleged that it is the "exclusive licensee" of the patent, which also raises potential ownership issues that relate only to IV I and its standing to bring this claim.

unique issues requiring highly individualized inquiries into the facts underlying distinct technologies and systems, and will require variant discovery, involve different groups of witnesses, and present separate defenses.  Joinder of the respective Plaintiffs' claims should not be permitted.

Even if joinder of Plaintiffs were technically permissible, severance would be appropriate to avoid prejudice and confusion.  "The decision to sever lies within the Court's sound discretion."  *Abdelkarim*, 2007 WL 1284924, at *4.  Although the "requirements must be satisfied in order to *allow* for joinder under Rule 20(a), . . . even if these requirements are satisfied, there is no requirement that the parties *must* be joined."  *Wynn*, 234 F. Supp. 2d at 1078; *see also Gammons v. Real Prop. Inv. Servs.*, No. CV-10-8081, 2010 U.S. Dist. LEXIS 139930, at *8 (D. Ariz. Aug. 9, 2010).  As currently constituted, this case involves four Defendant Groups, sixteen patents, and two Plaintiffs, hundreds of patent claims, and unique facts with respect to each of the patents.  Severance of Plaintiffs will help ameliorate that prejudice.

Severance would not result in prejudice to Plaintiffs.  This case is in the very earliest stages—no Defendant has answered.  Furthermore, Plaintiffs are able to prosecute timely claims if the case is severed.  Other than improperly fostering complexity and confusion, there is no benefit to the Plaintiffs from having only a single case.  Because neither prong of Rule 20(a)(1) can be met by Plaintiffs, severance of Plaintiffs is appropriate.

## CONCLUSION

Defendants respectfully request that the Court grant Defendants' motion and sever the case against the four Defendant Groups and the case brought by the two Plaintiffs in the manner set forth in Exhibit A.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jying@mnat.com

*Attorneys for T-Mobile USA, Inc., Nextel
Operations, Inc. and Sprint Spectrum, L.P.*

OF COUNSEL:

Josh Krevitt
Benjamin Hershkowitz
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000

*Attorneys for T-Mobile USA, Inc.*

OF COUNSEL:

Brian C. Riopelle
David E. Finkelson
Derek H. Swanson
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
(804) 775-1000

SEITZ ROSS ARONSTAM & MORITZ LLP

*/s/ Benjamin J. Schladweiler*

_____

Collins J. Seitz, Jr. (#2237)
Benjamin J. Schladweiler (#4601)
100 South West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
cseitz@seitzross.com
bschladweiler@seitzross.com

*Attorneys for AT&T Mobility LLC and
SBC Internet Services Inc.*

OF COUNSEL:

Bryant C. Boren, Jr.
Christopher W. Kennerly
Kevin Cadwell
BAKER BOTTS, LLP
620 Hansen Way
Palo Alto, CA 94304-1014
(650) 739-7500

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Steven J. Fineman*

_____

Gregory P. Williams (#2168)
Steven J. Fineman (#4025)
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
williams@rlf.com
fineman@rlf.com

*Attorneys for United States Cellular
Corporation and Telephone and Data Systems,
Inc.*

Mark Varboncouer
Amy L. Signaigo
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
(312) 849-8100

*Attorneys for Sprint Spectrum LP and Nextel Operations Inc.*

July 5, 2012

OF COUNSEL:

Richard J. O'Brien
William M. Chang
Savan N. Vaghani
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
(312) 853-7000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 5, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 5, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Joseph J. Farnan, III, Esquire<br>Brian E. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street<br>12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Martin J. Black, Esquire<br>DECHERT LLP<br>2929 Arch Street<br>Cira Center<br>Philadelphia, PA  19104<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Jeffrey G. Plies, Esquire<br>DECHERT LLP<br>300 West 6th Street<br>Suite 2010<br>Austin, TX  78701<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Stephen J. Akerley, Esquire<br>Justin F. Boyce, Esquire<br>DECHERT LLP<br>2440 West El Camino Real<br>Suite 700<br>Mountain View, CA  94040-1499<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)