**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-193-LPS |
| | ) | |
| AT&T MOBILITY LLC; AT&T | ) | JURY TRIAL DEMANDED |
| MOBILITY II LLC; NEW CINGULAR | ) | |
| WIRELESS SERVICES, INC.; SBC | ) | |
| INTERNET SERVICES, INC., and | ) | |
| WAYPORT, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER TO THE SECOND AMENDED COMPLAINT

Defendants AT&T Mobility LLC; AT&T Mobility II LLC; New Cingular Wireless Services, Inc.; SBC Internet Services, Inc.; and Wayport, Inc. (collectively, "AT&T" unless otherwise noted), file this Answer to the Second Amended Complaint for Patent Infringement filed October 1, 2013 ("Complaint") of Plaintiff Intellectual Ventures I.  AT&T responds to the allegations in each of the corresponding numbered paragraphs of the Complaint below.  To the extent that Plaintiff's introductory paragraph or the headings of the Complaint are construed as allegations, they are each denied.

### The Parties

1.     AT&T lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 1, and on that basis denies them.

2.     Denied.

3.     Denied.

4.     Denied.

5.      Denied.

6.      Denied.

Nature of the Action

7.      AT&T admits that this action is a civil action for patent infringement, and that Paragraph 7 identifies the Patents-in-Suit.

Jurisdiction and Venue

8.      AT&T admits that that this Court has subject matter jurisdiction.

9.      AT&T admits that, for this lawsuit, this Court has personal jurisdiction over it.  AT&T denies the remainder of the allegations of Paragraph 9.

10.      AT&T admits that it sells products and services and provides services to residents of this judicial district.

11.      AT&T Mobility LLC and Wayport, Inc. do not challenge that, for this lawsuit, this Court has personal jurisdiction over them.

12.      AT&T admits that venue is technically proper, although AT&T denies that this judicial district is most convenient.

The Patents-in-Suit

13.      AT&T incorporates paragraphs 1–12 of this Answer by reference.

14.      AT&T admits that United States Patent No. RE41,490 ("the '490 Patent") bears on its face August 10, 2010 as its issue date, indicates on its face "Transmission of Multimedia Messages Between Mobile Station Terminals" as its title, and that a document purported to be the '490 Patent is attached to the Complaint.  AT&T denies the remainder of the allegations of Paragraph 14.

15.     AT&T lacks knowledge or information sufficient to form a belief as to whether the plaintiff is the owner by assignment of the '490 Patent, and on that basis the allegation is denied.  AT&T denies the remaining allegations of Paragraph 15.

16.     AT&T admits that United States Patent No. 5,790,793 ("the '793 Patent") bears on its face August 4, 1998 as its issue date, indicates on its face "Method and System to Create, Transmit, Receive and Process Information, Including an Address to Further Information" as its title, and that a document purported to be the '793 Patent is attached to the Complaint.  AT&T denies the remainder of the allegations of Paragraph 16.

17.     AT&T lacks knowledge or information sufficient to form a belief as to whether the plaintiff is the owner by assignment of the '793 Patent, and on that basis the allegation is denied.  AT&T denies the remaining allegations of Paragraph 17.

18.     AT&T admits that United States Patent No. 7,450,957 ("the '957 Patent") bears on its face November 11, 2008 as its issue date, indicates on its face "System and Method for Blocking the Use of a Service in a Telecommunication System" as its title, and that a document purported to be the '957 Patent is attached to the Complaint.  AT&T denies the remainder of the allegations of Paragraph 18.

19.     AT&T lacks knowledge or information sufficient to form a belief as to whether the plaintiff is the owner by assignment of the '957 Patent, and on that basis the allegation is denied.  AT&T denies the remaining allegations of Paragraph 19.

20.     AT&T admits that United States Patent No. 8,078,200 ("the '200 Patent") bears on its face December 13, 2011 as its issue date, indicates on its face "System and Method for Blocking the Use of a Service Telecommunication System" as its title, and that a document

purported to be the '200 Patent is attached to the Complaint.  AT&T denies the remainder of the allegations of Paragraph 20.

21.     AT&T lacks knowledge or information sufficient to form a belief as to whether the plaintiff is the owner by assignment of the '200 Patent, and on that basis the allegation is denied.  AT&T denies the remaining allegations of Paragraph 21.

22.     AT&T admits that United States Patent No. 5,768,509  ("the '509 Patent") bears on its face June 16, 1998  as its issue date, indicates on its face "Short Message Server Without Local Customer Database" as its title, and that a document purported to be the '509 Patent is attached to the Complaint.  AT&T denies the remainder of the allegations of Paragraph 22.

23.     AT&T lacks knowledge or information sufficient to form a belief as to whether the plaintiff is the owner by assignment of the '509 Patent, and on that basis the allegation is denied.  AT&T denies the remaining allegations of Paragraph 23.

24.     AT&T admits that United States Patent No. 5,960,032 ("the '0032 Patent") bears on its face September 28, 1999 as its issue date, indicates on its face "High Speed Data Transmission Using Expanded Bit Durations in Multiple Parallel Coded Data Streams" as its title, and that a document purported to be the '0032 Patent is attached to the Complaint. AT&T denies the remainder of the allegations of Paragraph 24.

25.     AT&T lacks knowledge or information sufficient to form a belief as to whether the plaintiff is the owner by assignment of the '0032 Patent, and on that basis the allegation is denied.  AT&T denies the remaining allegations of Paragraph 25.

26.     AT&T admits that United States Patent No. 6,131,032   ("the '1032 Patent") bears on its face October 10, 2000  as its issue date, indicates on its face "Method and

Apparatus for Monitoring Users of a Communication System" as its title, and that a document purported to be the '1032 Patent is attached to the Complaint.  AT&T denies the remainder of the allegations of Paragraph 26.

27.     AT&T lacks knowledge or information sufficient to form a belief as to whether the plaintiff is the owner by assignment of the '1032 Patent, and on that basis the allegation is denied.  AT&T denies the remaining allegations of Paragraph 27.

28.     AT&T admits that United States Patent No. 6,170,073 ("the '073 Patent") bears on its face January 2, 2001 as its issue date, indicates on its face "Method and Apparatus for Error Detection in Digital Communications" as its title, and that a document purported to be the '073 Patent is attached to the Complaint.  AT&T denies the remainder of the allegations of Paragraph 28.

29.     AT&T lacks knowledge or information sufficient to form a belief as to whether the plaintiff is the owner by assignment of the '073 Patent, and on that basis the allegation is denied.  AT&T denies the remaining allegations of Paragraph 29.

30.     AT&T admits that United States Patent No. 7,496,674 ("the '674 Patent") bears on its face February 24, 2009 as its issue date, indicates on its face "System, Method, and Base Station Using Different Security" as its title, and that a document purported to be the '674 Patent is attached to the Complaint.  AT&T denies the remainder of the allegations of Paragraph 30.

31.     AT&T lacks knowledge or information sufficient to form a belief as to whether the plaintiff is the owner by assignment of the '674 Patent, and on that basis the allegation is denied.  AT&T denies the remaining allegations of Paragraph 31.

32.     AT&T admits that United States Patent No. 5,557,677 ("the '677 Patent") bears on its face September 17, 1996 as its issue date, indicates on its face "Method and Arrangement for Communication of Information" as its title, and that a document purported to be the '677 Patent is attached to the Complaint.  AT&T denies the remainder of the allegations of Paragraph 32.

33.     AT&T lacks knowledge or information sufficient to form a belief as to whether the plaintiff is the owner by assignment of the '677 Patent, and on that basis the allegation is denied.  AT&T denies the remaining allegations of Paragraph 33.

34.     AT&T admits that United States Patent No. 6,977,944 ("the '944 Patent") bears on its face December 20, 2005 as its issue date, indicates on its face "Transmission protection for communications networks having stations operating with different modulation formats" as its title, and that a document purported to be the '944 Patent is attached to the Complaint.  AT&T denies the remainder of the allegations of Paragraph 34.

35.     AT&T lacks knowledge or information sufficient to form a belief as to whether the plaintiff is the owner by assignment of the '944 Patent, and on that basis the allegation is denied.  AT&T denies the remaining allegations of Paragraph 35.

36.     AT&T admits that United States Patent No. 7,136,392 ("the '392 Patent") bears on its face November 14, 2006 as its issue date, indicates on its face "System and Method for Ordering Data Messages Having Differing Levels of Priority for Transmission Over a Shared Communication Channel" as its title, and that a document purported to be the '392 Patent is attached to the Complaint.  AT&T denies the remainder of the allegations of Paragraph 36.

37.     AT&T lacks knowledge or information sufficient to form a belief as to whether the plaintiff is the owner by assignment of the '392 Patent, and on that basis the allegation is denied.  AT&T denies the remaining allegations of Paragraph 37.

38.     AT&T admits that United States Patent No. 7,343,011 ("the '011 Patent") bears on its face March 11, 2008 as its issue date, indicates on its face "System and Method for Ordering Data Messages Having Differing Levels of Priority for Transmission Over a Shared Communication Channel" as its title, and that a document purported to be the '011 Patent is attached to the Complaint.  AT&T denies the remainder of the allegations of Paragraph 38.

39.     AT&T lacks knowledge or information sufficient to form a belief as to whether the plaintiff is the owner by assignment of the '011 Patent, and on that basis the allegation is denied.  AT&T denies the remaining allegations of Paragraph 39.

40.     AT&T admits that United States Patent No. RE43,306 ("the '306 Patent") bears on its face April 10, 2012 as its issue date, indicates on its face "Transmission of Multimedia Messages Between Mobile Station Terminals" as its title, and that a document purported to be the '306 Patent is attached to the Complaint.  AT&T denies the remainder of the allegations of Paragraph 40.

41.     AT&T lacks knowledge or information sufficient to form a belief as to whether the plaintiff is the owner by assignment of the '306 Patent, and on that basis the allegation is denied.  AT&T denies the remaining allegations of Paragraph 41.

<u>Factual Background</u>

42.     AT&T lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 42, and on that basis denies them.

43.     AT&T lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 43, and on that basis denies them.

44.     AT&T lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 44, and on that basis denies them.

45.     AT&T lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 45, and on that basis denies them.

46.     AT&T admits that AT&T Mobility LLC is in the business of selling and offering for sale mobile phones and wireless phone services to customers throughout the United States, including the state of Delaware.

47.     Denied.

48.     Denied.

49.     AT&T lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 49, and on that basis denies them.

50.     Denied.

51.     Denied.

52.     Denied.

53.     AT&T admits that the excerpt "CTIA-The Wireless Association® is an international nonprofit membership organization that has represented the wireless communications industry since 1984" is correctly quoted from http://www.ctia.org/aboutCTIA/. AT&T admits that the excerpt "enable phone number addressed mobile-to-mobile MMS messages across participating wireless carrier networks in the U.S." appears in the text of the document attached as Exhibit P to ECF No. 20.  AT&T denies the remaining allegations of Paragraph 53.

54.     AT&T admits that the excerpt "The purpose of MMS Interoperability is to ensure that carriers can pass mobile-originated Multimedia Messages (MMs) across participating carriers' networks.  The group's objective is to identify and define the involved interfaces, and to agree upon a common feature set that will be supported by all participating carriers" is correctly quoted from the document attached as Exhibit P to ECF No. 20.  AT&T denies the remaining allegations of Paragraph 54.

55.     AT&T lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 55, and on that basis denies them.

56.     AT&T lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 56, and on that basis denies them.

57.     Denied.

58.     AT&T lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 58, and on that basis denies them.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

<u>Count I</u>

63.     AT&T incorporates paragraphs 1–62 of this Answer by reference.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

<u>Count II</u>

68.     AT&T incorporates paragraphs 1–67 of this Answer by reference.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied, except AT&T admits that the '793 patent appears on the face of U.S. Patent No. 7,912,453.

73.     Denied.

<u>Count III</u>

74.     AT&T incorporates paragraphs 1–73 of this Answer by reference.

75.     Denied.

76.     Denied.

<u>Count IV</u>

77.     AT&T incorporates paragraphs 1–76 of this Answer by reference.

78.     Denied.

79.     Denied.

<u>Count V</u>

80.     AT&T incorporates paragraphs 1–79 of this Answer by reference.

81.     Denied.

82.     Denied, except AT&T admits that the '509 patent appears on the face of U.S. Patent No. 6,493,430.

83.     Denied.

Count VI

84.     AT&T incorporates paragraphs 1–83 of this Answer by reference.

85.     Denied.

86.     Denied.

Count VII

87.     AT&T incorporates paragraphs 1–87 of this Answer by reference.

88.     Denied.

89.     Denied.

Count VIII

90.     AT&T incorporates paragraphs 1–89 of this Answer by reference.

91.     Denied.

92.     Denied.

Count IX

93.     AT&T incorporates paragraphs 1–92 of this Answer by reference.

94.     Denied.

95.     Denied.

Count X

96.     AT&T incorporates paragraphs 1–95 of this Answer by reference.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

## Count XI

102.   AT&T incorporates paragraphs 1–101 of this Answer by reference.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

## Count XII

108.   AT&T incorporates paragraphs 1–107 of this Answer by reference.

109.   Denied.

110.   Denied.

111.   Denied, except AT&T admits that the '392 patent appears on the face of U.S. Patent No. 7,769,043.

112.   Denied.

113.   Denied.

114.   Denied.

## Count XIII

115.   AT&T incorporates paragraphs 1–114 of this Answer by reference.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

Count XIV

121.    AT&T incorporates paragraphs 1–120 of this Answer by reference.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

Prayer for Relief

AT&T denies that Plaintiff is entitled to any of the relief sought in Paragraphs (a)–(t) of its prayer for relief against AT&T, and requests that the Court deny all such relief to Plaintiff in its entirety and with prejudice and that Plaintiff take nothing.

**DEFENSES**

In further answering Plaintiff's Complaint, AT&T pleads the following defenses and/or affirmative defenses, without admitting that AT&T would bear the burden of proof on any of the following:

Failure to State a Claim

127.    The Complaint fails to state a claim upon which relief can be granted.

Non-Infringement

128.    AT&T has not willfully, intentionally, recklessly, knowingly, or otherwise infringed (literally or by equivalents), induced infringement of, or contributed to the infringement of any valid and enforceable claim of the Patents-in-Suit, as properly construed.  If the claims at issue are interpreted so broadly as to read on any accused product, AT&T has not infringed, induced infringement of, or contributed to the infringement of, any such claim of the

patents under the Reverse Doctrine of Equivalents.

Invalidity

129.    The claims of the Patents-in-Suit are invalid for failure to comply with the statutory requirements of one or more of the provisions in Title 35 of the United States Code, including §§ 101, 102, 103, 112, 116, 119, 120, 251, 254, and/or  255.

Prosecution History Estoppel

130.    To the extent that any of Plaintiff's allegations of infringement are construed or asserted to be allegations of infringement under the judicially enunciated doctrine of equivalents, on information and belief, all or some of Plaintiff's claims for relief are barred by the doctrine of prosecution history estoppel.

Laches, Estoppel, Waiver, Breach of Contract

131.    On information and belief, all or some of Plaintiff's claims for relief are barred by the doctrines of laches, equitable estoppel, promissory estoppel, waiver, and/or implied waiver. In addition, some of Plaintiff's claims for relief are barred in whole or in part under the doctrines of breach of contract, implied license, implied waiver, and/or equitable estoppel because its predecessors-in-interest were members of standard-setting organizations and, on information and belief, failed to adhere to the Intellectual Property Rights policies of those organizations.

Unclean Hands/Patent Misuse

132.    Plaintiff's claims for relief are barred due to unclean hands and/or patent misuse.  On information and belief, certain of the Patents-in-Suit are subject to fair, reasonable, and non-discriminatory licensing terms.  Plaintiff's attempts to license those patents as part of a

14

broader portfolio or package of patents, as well as its attempts to obtain an injunction on those patents, amounts to patent misuse.

## Damages and Costs Limitations

133.    On information and belief, Plaintiff's claims for relief are barred, in whole or in part, for failure to comply with the marking and/or notice provisions of 35 U.S.C. § 287.

134.    On information and belief, Plaintiff's claims for relief are limited by 35 U.S.C. §§ 286 and 287, and Plaintiff's recovery of costs is limited under 35 U.S.C. § 288.

135.    On information and belief, some or all of Plaintiff's claims for relief are limited to fair, reasonable, and non-discriminatory licensing terms.

136.    On information and belief, Plaintiff's claims for relief, including damages and injunction, are barred, in whole or in part, by agreements, promises, commitments, and/or obligations made by its predecessors-in-interest, who were members of standard-setting organizations.

## License / Exhaustion / Single Recovery Rule

137.    On information and belief, Plaintiff's claims for relief are barred, in whole or in part, due to doctrines of license, implied license, patent exhaustion, and/or the single recovery rule.

## Adequate Remedy at Law

138.    Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## No Exceptional Case

139.    Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against AT&T, under 35 U.S.C. §§ 284 and 285.

<u>Miscellaneous</u>

140.    AT&T reserves the right to assert any other defenses that discovery may reveal.

## **PRAYER FOR RELIEF**

For these reasons, the AT&T respectfully prays for the following relief:

a.    Judgment against Plaintiff dismissing the Complaint and denying with prejudice all relief requested in Plaintiff's Complaint and its prayer therein, such that Plaintiff takes nothing;

b.    Judgment that this case is an exceptional case under 35 U.S.C. § 285 and/or other applicable laws;

c.    Judgment awarding AT&T its costs and attorneys' fees; and

g.    Judgment awarding AT&T such other relief the Court deems just, equitable, and proper.

## **JURY DEMAND**

AT&T demands a trial by jury on all issues so triable.

Respectfully submitted,

SEITZ ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

Bryant C. Boren, Jr.
Kevin E. Cadwell
Jon V. Swenson
BAKER BOTTS LLP
1001 Page Mill Road,
Building One, Suite 200
Palo Alto, CA  94304
(650) 739-7500
bryant.c.boren@bakerbotts.com
kevin.cadwell@bakerbotts.com
jon.swenson@bakerbotts.com

Roger Fulghum
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX  77002-4995
(713) 229-1234
roger.fulghum@bakerbotts.com

Jeffrey Baxter
BAKER BOTTS LLP
2001 Ross Avenue
Dallas, TX  75201
(214) 953-6500
jeff.baxter@bakerbotts.com

Robert Maier
Eric Faragi
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY  10112
(212) 408-2500
robert.maier@BakerBotts.com
eric.faragi@bakerbotts.com

Nicholas Schuneman
BAKER BOTTS LLP
98 San Jacinto Boulevard, Suite 1500
Austin, TX  78701-4078
(512) 322-2500
nick.schuneman@bakerbotts.com

Dated:  October 18, 2013

 */s/ Benjamin J. Schladweiler*
Collins J. Seitz, Jr. (Bar No. 2237)
Benjamin J. Schladweiler (Bar No. 4601)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
cseitz@seitzross.com
bschladweiler@seitzross.com

*Counsel for Defendants AT&T Mobility,
AT&T Mobility II, New Cingular Wireless
Service, Inc., SBC Internet Services, and
Wayport, Inc.*

## CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on October 18, 2013, a true copy of the foregoing *Answer to the Second Amended Complaint* was served via electronic mail upon the following counsel of record:

Joseph James Farnan, III
Brian E. Farnan
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE  19801
jjfarnan@farnanlaw.com
bfarnan@farnanlaw.com

*Counsel for Intellectual Ventures I LLC, and Intellectual Ventures II LLC*

Jeffrey B. Plies
DECHERT LLP
300 W. 6th Street
Suite 2010
Austin, TX  78701
jeffrey.plies@dechert.com

Stephen Akerley
Justin F. Boyce
DECHERT LLP
2440 W. El Camino Real
Suite 700
Mountain View, CA  94040-1499
stephen.akerley@dechert.com
justin.boyce@dechert.com

Martin J. Black
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
martin.black@dechert.com

*Counsel for Intellectual Ventures I LLC, and Intellectual Ventures II LLC*

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (Bar No. 4601)