MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET, P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

June 3, 2014

**BY E-FILING**
The Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *Intellectual Ventures I LLC v. AT&T Mobility, LLC. et al.*, C.A. Nos. 12-193; 13-1631; 13-1632; 13-1633; 13-1634; 13-1635; 13-1636; & 13-1637 (LPS)

Dear Judge Stark:

      Defendants respectfully submit this letter in response to Plaintiff Intellectual Ventures I & II (collectively, "IV")'s letter of June 2, 2014 (C.A. No. 12-193, D.I. 248).[1]  The parties' disputes center on two key issues:  (1) whether the prosecution bar should apply to inter partes review (IPR) proceedings and the scope of the bar; and (2) whether the acquisition bar should prohibit IV's counsel with access to defendants' confidential technical information from advising clients that are in the business of acquiring and/or asserting patents.

**I.    The Prosecution Bar Should Apply Equally To IPRs**

      IV has already agreed that a prosecution bar is appropriate for pending patent applications.  *See* D.I. No. 248, Ex. A.  Notwithstanding this, IV asserts that a promise from its counsel that "Dechert would be bound not to discuss confidential information of Defendants" should be sufficient protection for IPR proceedings.  The issue, however, is not counsel's good faith, but the risk of inadvertent disclosure.  Indeed, courts routinely impose prosecution bars in protective orders because "there may be circumstances in which even the most rigorous efforts of the recipient of [sensitive] information to preserve confidentiality in compliance . . . with a protective order may not prevent inadvertent compromise."  *See In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010).

      This Court and the Federal Circuit have recognized that a prosecution bar extending to post-grant proceedings is appropriate to prevent inadvertent misuse of a defendant's confidential information.  *Reefedge Networks, LLC v. Aruba Networks, Inc. et al*, C.A. No. 12-1042-LPS, Tr. at 31:19–34:2 (D. Del. Aug. 23, 2013) (granting bar that covered reexaminations, inter partes review, and post-grant proceedings) (Ex. A); *Clouding IP LLC, v. Google, Inc.*, C.A. No. 12-639-LPS, Tr. at 30:23–31:13 (D. Del. Mar. 12, 2013) (Ex. B) (same); *In re Deutsche Bank*, 605 F.3d at 1380 (noting risk of inadvertent disclosure of confidential information where litigation counsel have "the opportunity to control the content of patent applications and the direction and

---

[1]    Unless otherwise noted, all docket references are to C.A. No. 12-193.

The Honorable Leonard P. Stark
Page 2

scope of protection sought in those applications").

IV's newest proposal—allowing its litigation counsel to "confer" with its IPR counsel *merely* on "claim construction" and "prior art"—fails to prevent the risk of inadvertent misuse. First, claim construction and prior art bear directly on and are central to—the issue of claim scope. Second, any participation by IV's litigation counsel creates the risk that Defendants' confidential information will be used for some reason other than prosecution of this lawsuit. Conferring on prior art and claim construction is inextricably linked with advice on avoiding the prior art while preserving claims of infringement, which IV's litigation counsel will know from review of documents concerning Defendants' accused systems.

IV has not articulated any credible reason why its litigation counsel needs to confer with IPR counsel. The prior art is well-known and publicly available. IV's litigation claim construction positions, and those of Defendants, are publicly available. *See* D.I. No. 231 (Joint Claim Construction Chart). By June 11, IV's and Defendants' opening Markman briefs will be filed and both will be publicly available. Because IV's claim construction positions and prior art are readily available to IPR counsel, there simply is no need for IPR and litigation counsel to confer. Further, any discussion regarding crafting IPR positions that preserve IV's litigation arguments would likely be based on an analysis of Defendants' confidential information.

Most importantly, IV has the ability to amend the claims in the IPR, shaping the amendments toward Defendants' accused products while attempting to avoid the prior art. At the prior hearing on the protective order dispute, the Court explained that this was a key consideration: "[O]ne factor that is sometimes important in the analysis is whether or not the plaintiffs are willing to say that they won't seek amendment. . . ." 12/17/13 Tr. at 27:13–15 (Ex. C). IV declined to make such a commitment. *Id.* at 29:3–9. By now IV has reviewed and analyzed the prior art and the IPR petitions. Unless IV's litigation counsel is barred from participation in all forms of patent prosecution, including any IPR or post-grant reviews, the risk remains that Defendants' confidential information will inform IV's claim amendment decisions, regardless of whether IV's litigation counsel actually participates in claim amendments. As a result, Defendants' proposal to have patent prosecution bar apply uniformly to pending patent applications as well as post-grant proceedings reasonably reflects the risk presented by the disclosure of proprietary competitive information and should be adopted.

The parties also dispute whether the scope of the prosecution bar[2] should apply to the "field" or the "subject matter" of the asserted patents. Defendants propose the broader term "field" to avoid any dispute later regarding whether one patent is related to those at issue here.

## II. The Acquisition Bar[3] Should Prohibit IV's Litigation Counsel From Providing Patent Acquisition Advice to Clients in the Business of Acquiring and/or Asserting Patents

---

[2]   This issue also applies to the dispute regarding the scope of the acquisition bar.

[3]   In its letter, IV appears to propose two different acquisition bars. *Compare* D.I. 248 at 2 ("[a]ny attorney for any party . . .") *with id.* at Ex. A, p. 29, § 33(b) ("Any attorney for a Plaintiff

The Honorable Leonard P. Stark
Page 3

Courts have approved of "acquisition bars" to limit the potential for inadvertent use or disclosure of confidential information by individuals regularly engaged in the acquisition of patents. *See, e.g., St. Clair Intellectual Prop. Consultants, Inc. v. Apple, Inc.,* C.A. No. 09-0804-JJF, D.I. 33, § 6(b) (D. Del. May 13, 2010) ("any person employed by, related to, acting on behalf of, or representing Plaintiff, who receives any Protected Material shall not be involved, directly or indirectly, in the acquisition of patents or patent applications . . .") (Ex. D). Indeed, this Court has previously rejected IV's attempts to avoid a similar bar in *Intellectual Ventures I v. Altera Corp.,* C.A. No. 10-1065. As the Court explained (Tr. at 29:20–30:4) (Ex. E):

> With respect to the patent acquisition bar, essentially the plaintiffs' argument is it's unnecessary in light of the agreed upon bar on use of information for any purpose other than the litigation. On that point, I'm more in agreement with the defendants that that simply is not adequate protection in the context here given, as far as I understand, the essential impossibility of human beings to completely segregate their minds and not make any inadvertent use whatsoever of any information once they are exposed to it.

Defendants' proposed acquisition bar would prevent any attorney for IV who has accessed confidential information from assisting any clients in acquiring patents in the same technology field where a substantial part of the client's business relates to the acquisition and/or assertion of patents. D.I. 248, Ex. A at 30-31. That protection is critical here, where IV is in the business of acquiring patents (70,000 to date) and asserting them against companies. Indeed, in this District alone, IV has filed 31 patent infringement cases, including a second series of actions against each of the Defendants in this action using the same outside counsel, Dechert. *See* C.A. Nos. 13-1668 – 13-1672. Therefore, there is a real and substantiated risk that there would be inadvertent misuse of Defendants' confidential information in the circumstances here, as it is "essential[ly] impossib[le] [for] human beings to completely segregate their minds and not make any inadvertent use whatsoever of any information once they are exposed to it."

Although IV complains about the purported vagueness of the bar, it is in fact narrowly tailored to address the particular risks to Defendants.[4] In particular, Defendants' proposed bar applies on a per-individual basis, not to the firm as a whole, and applies only to acquisition activities of entities who are in the business of acquiring and/or asserting patents, or where the patents would be asserted against any Defendant. Notably, IV refused to provide any proposal to address its "vagueness" concerns—instead choosing to oppose any bar whatsoever.[5]

---

. . .") (emphasis added). To the extent IV proposes that the acquisition bar should be bi-lateral, that proposal should be rejected because there is no risk to IV that Defendants would be able to use any of IV's confidential information to acquire or assert patents against IV, because IV is a non-practicing entity.

[4] Even in the scenarios identified by IV, there is risk of inadvertent misuse of confidential information. For example, the knowledge of how a Defendant's product operates (learned through materials produced in litigation) could easily influence an opinion on the value of a related patent in the telecommunications industry.

[5] IV's alternative proposal on page 2 of its letter is not an alternative at all, but merely an

        Respectfully,

        */s/ Karen Jacobs*

        Karen Jacobs (#2881)

Enclosure

---

undertaking—already set forth in the protective order—not to deliberately misuse Defendants' confidential information. As with the prosecution bar, it does not address at all the problem of inadvertent misuse. *See Altera*, Tr. at 29:20-30:4.