# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 12-193-LPS |
| AT&T MOBILITY LLC; AT&T MOBILITY II LLC; NEW CINGULAR WIRELESS SERVICES, INC.; SBC INTERNET SERVICES, INC.; and WAYPORT, INC., | : |
| Defendants. | : |
| INTELLECTUAL VENTURES II LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 13-1631-LPS |
| AT&T MOBILITY LLC; AT&T MOBILITY II LLC; NEW CINGULAR WIRELESS SERVICES, INC.; SBC INTERNET SERVICES, INC.; and WAYPORT, INC., | : |
| Defendants. | : |
| INTELLECTUAL VENTURES I LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 13-1634-LPS |
| NEXTEL OPERATIONS INC.; and SPRINT SPECTRUM LP, | : |
| Defendants. | : |

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 13-1635-LPS |
| NEXTEL OPERATIONS INC.; and SPRINT SPECTRUM LP, | : |
| Defendants. | : |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC; and INTELLECTUAL VENTURES II LLC, | : |
| Plaintiffs, | : |
| v. | : C.A. No. 13-1668-LPS |
| AT&T MOBILITY LLC; AT&T MOBILITY II LLC; NEW CINGULAR WIRELESS SERVICES, INC., | : |
| Defendants. | : |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC; and INTELLECTUAL VENTURES II LLC, | : |
| Plaintiffs, | : |
| v. | : C.A. No. 13-1669-LPS |
| CRICKET COMMUNICATIONS INC., | : |
| Defendant. | : |

| INTELLECTUAL VENTURES I LLC; and INTELLECTUAL VENTURES II LLC, | : |  |
|---|---|---|
| Plaintiffs, | : : : |  |
| v. | : | C.A. No. 13-1670-LPS |
| NEXTEL OPERATIONS INC.; and SPRINT SPECTRUM LP, | : : : |  |
| Defendants. | : |  |

| INTELLECTUAL VENTURES I LLC; and INTELLECTUAL VENTURES II LLC, | : |  |
|---|---|---|
| Plaintiffs, | : : : |  |
| v. | : | C.A. No. 13-1671-LPS |
| T-Mobile USA Inc.; and T-MOBILE US, Inc. | : : : |  |
| Defendants. | : |  |

| INTELLECTUAL VENTURES I LLC; and INTELLECTUAL VENTURES II LLC, | : |  |
|---|---|---|
| Plaintiffs, | : : : |  |
| v. | : | C.A. No. 13-1672-LPS |
| UNITED STATES CELLULAR CORP., | : : |  |
| Defendant. | : |  |

**MEMORANDUM ORDER**

At Wilmington this **8th** day of **September, 2014**:

Having reviewed the parties' filings related to Sierra Wireless America Inc.'s ("Sierra") Motion to Intervene (C.A. No. 12-193-LPS D.I. 200, 201, 216, 225; C.A. No. 13-1634-LPS D.I. 113; 114, 126, 133); Ericsson Inc. and Telefonaktiebolaget LM Ericsson's ("Ericsson") (collectively, "Intervenors") Motions to Intervene (*see e.g.*, C.A. No. 13-1668-LPS D.I. 32, 34, 39, 40); Plaintiff Intellectual Ventures I LLC ("IV I") and Intellectual Ventures II LLC's ("IV II") (collectively, "IV" or "Plaintiffs") Motions for Leave to Amend (*see, e.g.*, C.A. No. 12-193-LPS D.I. 203, 218, 230); Nextel Operations Inc., Sprint Spectrum LP (collectively, "Nextel"), United States Cellular Corporation, AT&T Mobility LLC, AT&T Mobility II LLC, New Cingular Wireless Services Inc., Cricket Communications Inc., Leap Wireless Int'l, Inc.,[1] T-Mobile USA Inc., T-Mobile US, Inc.'s (collectively, "Defendants") Motions to Sever (*see, e.g.*, C.A. No. 13-1668-LPS D.I. 12, 13, 17, 20); and Nextel's Motion to Redact (C.A. No. 13-1634 D.I. 130),

IT IS HEREBY ORDERED that, for the reasons stated below, Intervenors' motions (C.A. No. 12-193-LPS D.I. 200; C.A. No. 13-1634-LPS D.I. 113; C.A. No. 13-1668-LPS D.I. 32; C.A. No. 13-1669-LPS D.I. 33; C.A. No. 13-1670-LPS D.I. 33; C.A. No. 13-1671-LPS D.I. 32; C.A. No. 13-1672-LPS D.I. 31) are GRANTED; Plaintiffs' motions for leave to amend (C.A. No. 12-193-LPS D.I. 203; C.A. No. 13-1634-LPS D.I. 115; C.A. No. 13-1635-LPS D.I. 85) are GRANTED; Defendants' motions to sever (C.A. 13-1668-LPS D.I. 12; C.A. No. 13-1669-LPS

---

[1] Plaintiffs' claims against Leap Wireless International, Inc. have been dismissed pursuant to the joint stipulation of the parties filed on December 19, 2013. (C.A. No. 13-1669-LPS D.I. 14)

D.I. 12; C.A. No. 13-1670-LPS D.I. 12; C.A. No. 13-1671-LPS D.I. 11; C.A. No. 13-1672-LPS D.I. 10)) are GRANTED; and Nextel's unopposed motion to redact (12-193-LPS D.I. 222; 13-1631-LPS D.I. 88; 13-1635-LPS D.I. 96; 13-1634-LPS D.I. 130) is GRANTED.

1. On February 16, 2012, IV filed suit against numerous defendants alleging infringement of various patents. (C.A. No. 12-193-LPS D.I. 1) In an Order dated March 26, 2013, the Court severed the claims brought by Plaintiffs into eight separate actions. (C.A. No. 12-193-LPS D.I. 59) On October 1, 2013, pursuant to the Order, the following were among those actions created: IV I v. AT&T Mobility LLC, AT&T Mobility II LLC, New Cingular Wireless Services, Inc., SBC Internet Services, Inc., and Wayport, Inc. (collectively, "AT&T") (C.A. No. 12-193-LPS); IV II v. AT&T (C.A. No. 13-1631-LPS); IV I v. Nextel (C.A. No. 13-1634-LPS); and IV II v. Nextel (C.A. No. 13-1635-LPS).

2. Sierra seeks to intervene in two of those actions (C.A. No. 12-193-LPS and C.A. No. 13-1634-LPS) as a matter of right or, alternatively, as a permissive party based on its manufacture of products for AT&T and Nextel that IV I claims infringe four of IV's patents: U.S. Patent No. 5,577,677 ("the '677 patent"); U.S. Patent No. 6,977,944 ("the '944 patent"); U.S. Patent No. 7,343,011 ("the '011 patent"); and U.S. Patent No. 7,136,392 ("the '392 patent"). (C.A. No. 13-1634-LPS D.I. 113;[2] D.I. 113)

3. On March 5, 2013, IV I moved for leave to amend its complaint to add AT&T subsidiary Aio Wireless LLC ("Aio Wireless") as a named defendant (C.A. No. 12-193-LPS D.I. 203) and, in the Nextel actions, Plaintiffs moved for leave to amend their complaints to add

---

[2] For simplicity, in the remainder of this Order the Court refers to the "D.I." number in C.A. No. 13-1634-LPS, unless otherwise indicated.

Sprint subsidiaries Virgin Mobile USA, L.P. and Boost Mobile, LLC (collectively the "Prepaid Sprint Subsidiaries") (D.I. 115; C.A. No. 13-1635-LPS D.I. 85). On October 7, 2013, Plaintiffs filed five additional actions against AT&T Mobility LLC, AT&T Mobility II LLC, and New Cingular Wireless Services Inc. (C.A. No. 13-1668-LPS D.I. 1); Leap Wireless Int'l, Inc. and Cricket Communications Inc. (C.A. No. 13-1669-LPS D.I. 1); Nextel (C.A. No. 13-1670-LPS D.I. 1); T-Mobile USA, Inc. and T-Mobile US, Inc. (C.A. No. 13-1671-LPS D.I. 1); and United States Cellular Corporation (C.A. No. 13-1672-LPS D.I. 1), alleging infringement of various patents. Ericsson seeks to intervene in these five actions as a matter of right or, alternatively, as a permissive party. (*See, e.g.*, C.A. No. 13-1668-LPS D.I. 32)

4. Under Fed. R. Civ. P. 24(a)(2), a person is entitled to intervene if (1) the application for intervention is timely, (2) the applicant has a sufficient interest in the litigation, (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action, and (4) the interest is not adequately represented by an existing party in the litigation. *See Pennsylvania v. Rizzo*, 530 F.2d 501, 504 (3d Cir. 1976).

5. Pursuant to Fed. R. Civ. P. 24(b)(1)(B), the Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." "Whether to grant permissive intervention under Rule 24(b), as the doctrine's name suggests, is within the discretion of the district court . . . ." *Brody v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992). To establish that intervention is warranted under Rule 24(b), the intervenor must demonstrate: (1) an independent basis for subject matter jurisdiction, (2) a timely motion, and (3) a claim or defense that has a common question of law or fact with the primary litigation. *See In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333, 338-39 (E.D. Pa. 2004).

6. The Court finds Intervenors' motions are timely based on the early, pre-*Markman* stage of the proceedings and, additionally, the immediacy with which Intervenors filed their motions. Further, intervention is necessary to enable Intervenors to protect their interest in products which Intervenors manufacture for Defendants, an interest put at risk by the litigation as Plaintiffs accuse these products of infringement. Additionally, Intervenors, as designers and manufacturers of those products, possess superior technical knowledge of how the accused devices and their components are configured and operate. Finally, intervention will ensure adequate representation of Intervenors' interests; while Defendants maintain similar interests as Intervenors, they are not as well-situated to understand and defend Intervenors' products. Therefore, all four requirements strongly favor intervention.[3]

7. The Court rejects IV's assertion that intervention as a right is limited to proposed intervenors who: (1) owe an indemnity obligation to defendants or have a non-economic interest at risk (D.I. 85 at 1-2; D.I. 126 at 1-2); or (2) are inadequately represented as a result of collusion, adverse interests, or failures by the representative defendant (D.I. 85 at 2-3; D.I. 126 at 2-3).

8. With regard to the issue of sufficient interests, IV mischaracterizes Intervenors' interests here as "merely a generalized economic interest." *See Kliessler v. U.S. Forest Serv.*, 157 F.3d 964, 970 (3d Cir. 1998) (holding that "phraseology such as 'mere economic interests'

---

[3]As per the agreement of the parties, Sierra's intervention will be limited to the four patents concerning its products and the two defendants (AT&T and Nextel) for whom Sierra manufactures products. (D.I. 114 at 1; D.I. 126 at 6; C.A. No. 12-193-LPS D.I. 201 at 1) Further, Sierra agrees to work in good faith on discovery limitations and agrees that IV is not obligated to raise additional claims against Sierra in this proceeding. (D.I. 133 at 1; C.A. No. 12-193-LPS D.I. 225 at 1)

are not considered probative in the Third Circuit;" rather, the Circuit has "more often relied on pragmatic considerations"). To establish a sufficient interest, an intervenor must demonstrate "an interest relating to the property or transaction which is the subject of the action." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (internal quotation marks and citation omitted). Here, Intervenors have done just that by demonstrating their interest in the very devices accused of infringement.

9. IV cites no binding authority for the proposition that a proposed intervenor must show an indemnity obligation. Indeed, courts have held an interest sufficient without mention of indemnity obligations. *See Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, CIV. A. 04-1337-KAJ, 2005 WL 2465898 (D. Del. May 18, 2005) ("[Intervenor] has a sufficient interest in the litigation; indeed, as a manufacturer of the product component which is at the heart of these cases, it has a compelling interest.").[4]

10. With regard to the issue of representation, IV's reliance on the adequacy of representation standard set forth in *Stadin v. Union Electric Co.*, 309 F.2d 912, 919 (8th Cir. 1962), is misplaced where, as here, the proposed intervenors' interests are not substantially identical with those of the defendants. *See Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 381 (D. Del. 1990) (applying the *Stadin* three-prong test where proposed intervenor's interests were "substantially identical" with defendant's interests); *Pierson v. United States*, 71 F.R.D. 75, 79

---

[4]*But see Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 651 (N.D. Cal. 2004) ("'[A]n economic stake in the outcome of the litigation, even if significant, is not enough' to qualify as a protectable interest . . . . This is no less true, in the Ninth Circuit, where an unsubstantiated claim of indemnification is also made.") (citing *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993))

(D. Del. 1976) ("Once it is clear that the interests of [the proposed intervenor] and [defendant] are identical, it becomes necessary to determine what type of compelling showing must be made in order to demonstrate inadequacy of representation .... [M]ost federal courts have utilized a three-prong test first articulated in *Stadin*.").[5] The Court does not find, nor does IV contend, that Intervenors' interests as manufacturers are identical to those of Defendants as customers, making the *Stadin* test inapposite here.

11. Additionally, the Court finds that permissive intervention is appropriate under Rule 24(b). Intervenors have demonstrated (1) an independent basis for subject matter jurisdiction, (2) timeliness, and (3) a claim or defense that has a common question of law or fact with the primary litigation. *See In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d at 338-39. As such, it is within the Court's discretion to grant permissive joinder.

12. As IV has failed to show that intervention is unwarranted, the Court rejects IV's proposed limitations on intervention with regard to: (1) a requirement that Intervenors' actions not "expand the scope" of the litigation; and (2) a requirement that Intervenor Sierra's expert reports be jointly served with AT&T or Nextel. (*See* D.I. 126 at 6-8; C.A. No. 13-1668-LPS D.I. 39 at 1)[6]

---

[5]*See also Steinberg v. Shearson Hayden Stone, Inc.*, 598 F. Supp. 273, 281 (D. Del. 1984) ("The most important factor in determining adequacy of representation is how the interest of the absentee compares with the interests of the present parties.... If his interest is identical to that of one of the present parties, or if there is a party charged by law with representing his interest, then a compelling showing should be required to demonstrate why this representation is not adequate.").

[6]IV states that it does not oppose Intervenors' intervention, "[so] long as the intervention is limited, and does not unduly burden, delay or expand the scope of the cases." (D.I. 126 at 3; *see also* C.A. No. 13-1668-LPS D.I. 39 at 1).

13. Turning to Plaintiffs' motions for leave to amend, the Court will grant leave to amend the complaints in the requested cases to add Aoi Wireless and the Prepaid Sprint Subsidiaries as named defendants. Pursuant to Federal Rule of Civil Procedure 15, courts generally grant motions to amend absent a showing of undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of the amendment. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Having filed each amendment by the appropriate deadline (D.I. 5), and having identified the infringing products and services (by incorporating each subsidiary into the respective definitions of their parent company in the Complaint), the Court finds there was no undue delay, bad faith, or dilatory motive and that the amendment is not futile or unfairly prejudicial.

14. Next, the Court will exercise its discretion to grant Defendants' motions to sever. The Court orders that the following ten (10) cases be created and that the parties propose coordinated schedules for these cases: (a) Intellectual Ventures I LLC v. AT&T Mobility LLC, AT&T Mobility II LLC, and New Cingular Wireless Services Inc. (C.A. No. 13-1668-LPS); (b) Intellectual Ventures I LLC v. Cricket Communications Inc. (C.A. No. 13-1669-LPS); (c) Intellectual Ventures I LLC v. Sprint Spectrum LP and Nextel Operations, Inc. (C.A. No. 13-1670-LPS D.I. 1); (d) Intellectual Ventures I LLC v. T-Mobile USA, Inc. and T-Mobile US, Inc. (C.A. No. 13-1671-LPS); (e) Intellectual Ventures I LLC v. United States Cellular Corporation (C.A. No. 13-1672-LPS); (f) Intellectual Ventures II LLC v. AT&T Mobility LLC, AT&T Mobility II LLC, and New Cingular Wireless Services Inc. (C.A. No. 14-____-LPS); (g) Intellectual Ventures II LLC v. Cricket Communications Inc. (C.A. No. 14-____-LPS); (h) Intellectual Ventures II LLC v. Sprint Spectrum LP and Nextel Operations, Inc. (C.A. No.

14-___-LPS); (i) Intellectual Ventures II LLC v. T-Mobile USA, Inc. and T-Mobile US, Inc. (C.A. No. 14-___-LPS); (j) Intellectual Ventures II LLC v. United States Cellular Corporation (C.A. No. 14-___-LPS). The parties shall work jointly to file all necessary papers to accomplish the purposes of this Order within seven (7) days of the date of this Order and shall submit proposed coordinated scheduling orders within fourteen (14) days of the date of this Order.

15. Finally, the Court will grant Nextel's unopposed motion to redact portions of the February 12, 2014 Discovery Conference Transcript, because the proposed redactions involve confidential and sensitive business information of the type that should be protected from public disclosure and Nextel has shown good cause for its proposed redactions. Any publicly available copies of the transcript, including but not limited to the transcripts that are or will be available by remote electronic access, shall be redacted consistent with the highlighted portions of the transcript as set forth in Exhibit A to the motion, in the following cases: C.A. No. 12-193-LPS, D.I. 199; C.A. No. 13-1631-LPS, D.I. 78; C.A. No. 13-1634-LPS, D.I. 112; and C.A. No. 13-1635-LPS, D.I. 84.

_____
UNITED STATES DISTRICT JUDGE