IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, :<br>　　　　　　　　　　　　　　　　　:<br>　　　　　Plaintiff,　　　　　　:<br>　　　　　　　　　　　　　　　　　:<br>　v.　　　　　　　　　　　　　　:　　C.A. No. 12-193-LPS<br>　　　　　　　　　　　　　　　　　:<br>AT&T MOBILITY LLC; AT&T　　　　:<br>MOBILITY II LLC; NEW CINGULAR :<br>WIRELESS SERVICES, INC.; SBC　:<br>INTERNET SERVICES, INC.; and　:<br>WAYPORT, INC.,　　　　　　　　:<br>　　　　　　　　　　　　　　　　　:<br>　　　　　Defendants.　　　　　　: | |

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC, :<br>　　　　　　　　　　　　　　　　　:<br>　　　　　Plaintiff,　　　　　　:<br>　　　　　　　　　　　　　　　　　:<br>　v.　　　　　　　　　　　　　　:　　C.A. No. 13-1631-LPS<br>　　　　　　　　　　　　　　　　　:<br>AT&T MOBILITY LLC; AT&T　　　　:<br>MOBILITY II LLC; NEW CINGULAR :<br>WIRELESS SERVICES, INC.; SBC　:<br>INTERNET SERVICES, INC.; and　:<br>WAYPORT, INC.,　　　　　　　　:<br>　　　　　　　　　　　　　　　　　:<br>　　　　　Defendants.　　　　　　: | |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, :<br>　　　　　　　　　　　　　　　　　:<br>　　　　　Plaintiff,　　　　　　:<br>　　　　　　　　　　　　　　　　　:<br>　v.　　　　　　　　　　　　　　:　　C.A. No. 13-1632-LPS<br>　　　　　　　　　　　　　　　　　:<br>T-MOBILE USA, INC.; and T-MOBILE :<br>US, INC.,　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　:<br>　　　　　Defendants.　　　　　　: | |

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T-MOBILE USA, INC.; and T-MOBILE US, INC.,<br><br>　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 13-1633-LPS |
| INTELLECTUAL VENTURES I LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEXTEL OPERATIONS INC.; and SPRINT SPECTRUM LP,<br><br>　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 13-1634-LPS |
| INTELLECTUAL VENTURES II LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEXTEL OPERATIONS INC.; and SPRINT SPECTRUM LP,<br><br>　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 13-1635-LPS |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,  :  <br> : <br> Plaintiff,  : <br> : <br> v.  : <br> : <br> UNITED STATES CELLULAR  : <br> CORPORATION,  : <br> : <br> Defendant.  : | C.A. No. 13-1636-LPS |
| INTELLECTUAL VENTURES II LLC,  : <br> : <br> Plaintiff,  : <br> : <br> v.  : <br> : <br> UNITED STATES CELLULAR  : <br> CORPORATION,  : <br> : <br> Defendant.  : | C.A. No. 13-1637-LPS |

## **MEMORANDUM ORDER**

At Wilmington this **2nd** day of **June, 2016**:

Having reviewed *in camera* eight documents withheld by Plaintiffs on the basis of assertion of attorney-client privilege (*see* D.I. 759)[1], as well as the parties' letter briefs and other materials (*see* D.I. 761, 766), and having heard argument during a teleconference preceding the submission of the materials (*see* D.I. 754), **IT IS HEREBY ORDERED** that:

1. Plaintiffs have failed to meet their burden to show that the document withheld at Entry 19 of the privilege log is privileged. Even if it was prepared at the direction of counsel and

---

[1] All references are to the docket in C.A. No. 12-193, unless otherwise indicated.

reflects counsel's legal assistance,[2] it consists largely if not entirely of factual, publicly-available information about certain patents. Given Plaintiffs' showing, **Entry 19 is NOT PRIVILEGED**.

2. Plaintiffs have met their burden to show that the document withheld at Entry 282 of the privilege log is privileged. It reflects work conducted by one of Plaintiffs' engineers containing legal advice provided by one of Plaintiffs' attorneys based on assessments of patent strength and scope. Given Plaintiffs' showing, **Entry 282 is PRIVILEGED**.[3]

3. Plaintiffs have met their burden to show that the document withheld at Entry 454 of the privilege log is privileged. It is a draft presentation containing legal advice and reflecting counsel's analysis of the scope of the claims of certain patents. Given Plaintiffs' showing, **Entry 454 is PRIVILEGED**.

4. Plaintiffs have failed to meet their burden to show that the document withheld at Entry 746 of the privilege log is privileged. It is a list of patents prepared by a non-lawyer and displaying factual information such as titles, expiration dates, and to whom the patents were presented. Given Plaintiffs' showing, **Entry 746 is NOT PRIVILEGED**.

5. Plaintiffs have met their burden to show that the document withheld at Entry 840 of the privilege log is privileged. It is a presentation prepared by an employee of Plaintiffs, containing legal advice from counsel, and analyzing the scope of patent claims and possible infringement (including by mapping claim elements onto another entity's products). Given

---

[2] The Court does not agree with Defendants that it is inappropriate to consider new information Plaintiffs only first provided to support their assertion of privilege in connection with the dispute resolution procedure in which the Court is engaged.

[3] To the extent Defendants are arguing that documents reflecting a mixed business and legal analysis cannot be privileged, even in part, the Court disagrees.

Plaintiffs' showing, **Entry 840 is PRIVILEGED**.

6. Plaintiffs have met their burden to show that the document withheld at Entry 869 of the privilege log is privileged. It is a draft presentation prepared by an employee of Plaintiffs, containing legal advice from counsel and reflecting the scope of patent claims and a broad assessment of the likelihood that identified products/standards infringe. Given Plaintiffs' showing, **Entry 869 is PRIVILEGED**.

7. Plaintiffs have met their burden to show that the document withheld at Entry 1273 of the privilege log is privileged. It is a draft presentation prepared by an employee of Plaintiffs, reflecting legal advice from counsel (including with respect to the strength and breadth of patent claims), and disclosing settlement negotiation strategy relating to the instant litigation. Given Plaintiffs' showing, **Entry 1273 is PRIVILEGED**.[4]

8. Plaintiffs have met their burden to show that the document withheld at Entry 1276 of the privilege log is privileged. It is a draft presentation prepared by an employee of Plaintiffs, containing legal advice from counsel, including with respect to assessment of the scope of patent claims (and how they compare to another entity's products) and prosecution strategy. Given Plaintiffs' showing, **Entry 1276 is PRIVILEGED**.

As is evident from the decisions announced above, the Court is not in entire agreement with either sides' interpretation and application of privilege. Of the 15 sample documents initially at issue (5 of which were chosen by Plaintiffs and 10 of which were chosen by Defendants), Defendants eventually conceded that 6 were privileged while Plaintiffs determined

---

[4] The Court need not determine whether this document is also protected as attorney work product.

that one was not privileged (as it had been shown to a third party). Of the remaining 8 documents addressed by this Order, 6 have been found to be privileged (at least in part). The "final score," then, is that 12 of the sample documents are privileged, while 3 are not privileged. These outcomes illustrate the challenge of undertaking a privilege analysis of the sort the parties have put before the Court. It seems likely that whatever additional resources the parties choose to invest in fighting privilege disputes will continue to produce ambiguous results.

It is not clear whether Plaintiff objects to producing redacted versions of documents that contain privileged information only on certain pages or even just a portion of certain pages. **IT IS HEREBY ORDERED** that Plaintiffs **SHALL PRODUCE** redacted versions of such documents.

**IT IS FURTHER ORDERED** that, in light of this Order, the parties shall meet and confer and determine if they can resolve their remaining privilege-related disputes.

**IT IS FURTHER ORDERED** that, no later than **June 13, 2016**, the parties shall submit a joint status report advising the Court whether they continue to have privilege-related disputes and, if so, how they propose that such disputes be resolved.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT
